IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KNOX TRAILERS, INC. ) | |
| and ) | |
| POST TRAILER REPAIRS, INC., ) | |
| Plaintiffs, ) | |
| v. ) | No. 3:20-cv-137 |
| JEFF CLARK, individually; ) | **JURY TRIAL DEMANDED** |
| AMY CLARK, individually; ) | |
| PAUL HENEGAR, individually; ) | |
| ROY BAILEY, individually; ) | |
| BILLY MAPLES, d/b/a TITAN TRAILER ) | |
| REPAIRS & SALES, LLC; ) | |
| BILLY MAPLES, individually.; and ) | |
| AMANDA MAPLES, individually; ) | |
| and ) | |
| TITAN TRAILER REPAIRS & SALES, LLC. ) | |
| Defendants. ) | |

[~~PLAINTIFFS'~~ **DEFENDANTS'** PROPOSED] PROTECTIVE ORDER
RESPECTING CONFIDENTIAL INFORMATION

Certain information subject to discovery in this matter may contain trade secrets or other confidential, proprietary and/or commercially sensitive information. In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

**Scope and Definitions**

1. This Protective Order applies to all information, documents, testimony and/or things subject to discovery in this action which contain non-public, confidential information and/or

trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Material").

2. Protected Material may be designated by any Producing Party as:

(a) "CONFIDENTIAL" if it contains sensitive confidential and non-public business information, the disclosure of which may unfairly cause harm to the Producing Party or provide improper advantage to others~~, but which is not otherwise suitable for designation as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."~~. Examples of the types of information that may be designated "CONFIDENTIAL" may include confidential processes, confidential or proprietary business information, confidential, private or sensitive personal information pertaining to individual parties or non-parties that may be contained in employee files, or other information that would be entitled to confidential status under Rule 26(c)(1) of the *Federal Rules of Civil Procedure*..

~~(b) "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if it contains confidential information which qualifies as CONFIDENTIAL, but is particularly sensitive proprietary financial, sales, customer, vendor, licensing, trade secret or strategic business information, the disclosure of which, especially to a competitor and/or a competitor's employees and/or associates, could cause competitive harm to the Producing Party;~~

Other categories of confidential information may exist. The parties agree to designate information as "CONFIDENTIAL~~" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY~~" on a good-faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to or use of information concerning this

action. Such designations shall be narrowly tailored to include only material for which the designation is warranted by good cause.

3. As used herein, "Producing Party" shall refer to any party in civil action number 3:20-CV-137, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies, produces or makes available for inspection any Protected Material.

4. "Receiving Party" shall refer to any person who receives Protected Material from a Producing Party.

**Permitted Disclosure and Use of Protected Material**

5. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

6. Subject to Paragraph ~~15~~ 14 of this Order, Protected Material shall be used solely for the purpose of this litigation and any related appeals, and shall not be used for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function of any kind, except as required by process of law, regulation, or governmental or court order.

**Persons Who May Access Protected Material**

7. ~~"Confidential" Material.~~ Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Producing Party or further court order:

~~(a) Persons authorized to receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material as specified in Paragraphs 7 (a)-(e) below; and~~

~~(b) In the case of an individual party, the Receiving Party, or in the case of a corporate party, up to two (2) corporate representatives of the Receiving Party who have complied with Paragraph 9.~~

~~"Highly Confidential - Attorneys' Eyes Only" Material. Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party or further court order:~~

~~(c)~~(a)  Counsel of record for the parties in this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in this action; ~~and~~

(b)  The individual parties; the corporate parties' officers, directors, or employees whom their counsel deems necessary to participate in the conduct of this litigation; employees of any party who are noticed for deposition or designated as trial witnesses; and other persons whom counsel for a party in good faith believes may be fact or expert witnesses to the extent deemed necessary by counsel to prepare the witness to testify;

~~(d)~~(c)  Outside experts and consultants and indemnitors of ~~the Receiving~~any Party who ~~have been pre-approved in accordance with Paragraph 10~~ shall be provided a copy of this Protective Order and execute Exhibit A , and their support staff and clerical employees assisting in this action~~.~~;

~~(e)~~(d)  The Court, its technical advisor (if one is appointed), any mediator designated or used in this action, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in this action;

~~(f)~~(e)  Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A; and

~~(g)~~(f)  While testifying at deposition or trial in this action only: (i) any current

officer, director or employee of ~~the Producing~~any Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Protected Material pursuant to this sub-paragraph (e) shall not retain or be given copies of the Protected Material except while so testifying.

### Access to Derivative Materials

8. Documents created by representatives of any party in this action (including outside counsel, experts, consultants, staff, Professional Vendors, and the like) that contain Protected Material (including any papers filed with the Court, court orders, testimony, and/or deposition transcripts) may be made available only to persons authorized to access such materials pursuant to Paragraph 7 unless the Protected Material has been redacted from such documents.

### Required Approval for Access to Protected Material

9. *~~Party Representatives~~Outside Experts, Outside Consultants, and Professional Vendors*. Any ~~corporate representative~~outside experts, outside consultants, or Professional Vendor authorized to access "CONFIDENTIAL~~" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY~~" materials pursuant to Paragraph 7 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in this action.

~~10. *Outside Experts or Consultants*.~~

~~(a) Prior to disclosing Protected Material to any outside experts or consultants that are not Professional Vendors identified above, the party seeking to disclose such information shall provide to any party to this action that produced Protected Material written notice that~~

~~includes:~~

> ~~(i) the name and business address of the person;~~
>
> ~~(ii) the present employer and title of the person;~~
>
> ~~(iii) an up-to-date curriculum vitae (including a listing of employers for the preceding four (4) years and a listing of cases in which the proposed consultant or expert has offered deposition or trial testimony in the preceding four (4) years);~~
>
> ~~(iv) a list of current and past consulting relationships undertaken within the preceding four (4) years; and~~
>
> ~~(v) a signed copy of the person's "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.~~

~~(b) Within ten (10) business days of receiving this information, the party who produced Protected Material may object in writing to its disclosure to the proposed expert or consultant for good cause. In the absence of any objection at the end of the ten (10) day period, the expert or consultant shall be deemed approved under this Protective Order. If an objection is made, the parties shall meet and confer within five (5) business days after the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be disclosed to the expert or consultant until the objection is resolved by the Court.~~

~~(c) Experts or consultants authorized to receive Protected Material under this section shall not be a current officer, director, consultant or employee of a party or of a competitor~~

~~of a party, nor anticipated at the time of retention to become an officer, director, consultant, or employee of a party or a competitor of a party.~~

~~(d) Experts or consultants authorized to receive Protected Material under this section shall not be involved in competitive decision-making on behalf of a party or a competitor of a party.~~

### Making and Challenging Designations

~~11.~~10. Each party or third-party that designates material for protection under this Order must take care to limit such designations only to material that that the party believes in good faith meets the appropriate standards. The fact that material is designated as "CONFIDENTIAL" under this Order, or not challenged as such under this Order, shall not be determinative of any claim by the Producing Party that such material constitutes a trade secret or is legally protectable as confidential or proprietary information.

~~12.~~11. Designations of Protected Material shall be made in substantially the following manner:

(a) *For documents or written discovery*. The Producing Party may designate documents or written discovery responses by affixing the appropriate legend – "CONFIDENTIAL" ~~or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"~~ – on each page that contains Protected Material. Documents made available for inspection need not be designated in advance and shall be treated as "~~HIGHLY~~ CONFIDENTIAL ~~– ATTORNEYS' EYES ONLY~~" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(b) *For depositions or other testimony*. Parties or third-parties providing testimony may designate transcripts of depositions, hearings or other proceedings, or portions thereof, and exhibits thereto, as Protected Material by indicating the appropriate designation on

the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within twenty (20) business days after receiving the transcript, during which twenty (20) day period the deposition transcript and any exhibits thereto shall be treated as "~~HIGHLY~~ CONFIDENTIAL ~~– ATTORNEYS' EYES ONLY."~~" The party making the designation shall make arrangements with the court reporter to label the relevant pages and exhibits with the appropriate designation. Video or DVD versions of the depositions will automatically have the same designation as the transcript.

(c) *For tangible things and other information*. A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored. If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media. A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

~~13.~~12. Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Order. The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with appropriate legends or otherwise designate the materials as set forth above. The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice. Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized

individuals; and destroy copies of documents that have been replaced with the proper designation.

~~14.~~13.  At any time in this proceeding following the production of material designated as "CONFIDENTIAL~~" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY~~" a Receiving Party may challenge the propriety of such designation by providing the Producing Party written notice identifying the documents or material that the Receiving Party contends should be differently designated, and setting forth the reasons it believes the designation is inappropriate. Thereafter, the Receiving Party may file a motion to modify or cancel the designation with regard to any Protected Material in dispute, during which time the parties shall meet and confer in an attempt to resolve promptly and informally any such disputes. The Producing Party shall have the burden of establishing that it is entitled to confidential treatment. All Protected Material is entitled to confidential treatment pursuant to the terms of this Order in accordance with the given designation until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any Protected Material is entitled to confidential treatment.

~~15.~~14.  Information does not qualify for protection under this Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of the Receiving Party; (b) was independently obtained by the Receiving Party from a non-party having no obligation of confidentiality and the right to make such disclosure; or (c) was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality.

### Inadvertent Production of Privileged Documents

~~16.~~15.  (a) The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not

constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return or destruction of the documents. The Receiving Party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents.

(b) The Court hereby orders pursuant to Federal Rule of Evidence 502 that there is no waiver of privilege or work-product in this matter or any other matter in any other jurisdiction for any document produced under this Paragraph. Further pursuant to Rule 502 of the Federal Rules of Evidence, such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection. The producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) business days from the date that the inadvertent disclosure has been realized, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information).

## Filing Under Seal

~~17.~~16.  In the event any nonproducing party seeks to file Protected Material with the Court,

that party will advise the producing party in question sufficiently in advance of the intended filing, but in no event shall be required to give more than ten (10) business days' advance notice, to provide the producing party an opportunity to move for a Court order which requires filing those documents under seal. If no motion to seal is filed within this period, or if documents temporarily placed under seal pending a Court ruling are not later ordered to be sealed by the Court, any documents filed with the Court which are not sealed are no longer subject to the provisions of this Order. The fact that documents, deposition transcripts, or other information are designated as containing Protected Material shall not be deemed to be determinative of what the Court may subsequently determine to be confidential. With respect to motions for documents to be filed under seal, this Agreed Protective Order fully incorporates the Court's Memorandum and Order Regarding Sealing Confidential Information (Doc. 4), including the procedures required to obtain leave to file under seal as outlined therein.

## Use Of This Protective Order by Third- Parties

18.17. A third-party, not a party to this action, who produces documents, testimony or other information, including source code, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit..

19.18. A third-party's use of this Protective Order does not entitle that third party to access to any Protected Material produced by any party in this action.

## Additional Protection

20.19. This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate. Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

### No Waiver

~~21.~~ 20.  Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

### Unauthorized Access

~~22.~~ 21.  Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further loss, unauthorized access or dissemination.

### Disposition of Protected Materials

~~23.~~ 22.  Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action (whichever is earlier for a particular party), each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, and summaries or any other form of reproducing or capturing of any Protected Material.  Outside counsel for each party shall remind any experts, consultants, and others as appropriate of their obligation to destroy or return Protected Materials. The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material. Any such archival copies remain subject to the terms of this Protective Order.

### Survival of Order

~~24.~~23. The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

### Binding Effect

~~25.~~24. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

ORDERED this _____ day of _____, 2020.

_____
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], have been provided a copy of and read the Agreed Protective Order in the above-captioned case and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Agreed Protective Order. I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. At the final conclusion of the case, in accordance with the terms of the Order, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Agreed Protective Order in this ease and waive any objections to jurisdiction or venue. I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.

Dated:_____

_____

Printed Name:_____

Company Name/Address/Phone:_____

_____

_____

**EXHIBIT B**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], have been provided a copy of and read the Agreed Protective Order in the above-captioned case and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Agreed Protective Order. I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. At the final conclusion of the case, in accordance with the terms of the Order, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

I further certify that I am an attorney employed by a party in the above-titled action, and that I (a) have responsibility for managing this litigation, (b) have responsibility for making decisions dealing directly with this Action, and (c) am not involved in competitive decision- making on behalf of a Party or a competitor of a Party.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Agreed Protective Order in this case and waive any objections to jurisdiction or venue. I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.

Dated:_____

_____
Printed Name:_____

_____
Company Name/Address/Phone:_____