UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

KNOX TRAILERS, INC. and POST TRAILER
REPAIRS, INC.,

    Plaintiffs,

vs.

JEFF CLARK, individually; AMY CLARK, individually; PAUL HENNAGER, individually; ROY BAILEY, individually; BILLY MAPLES, d/b/a TITAN TRAILERS REPAIRS & SALES, LLC; BILLY MAPLES, individually; AMANDA MAPLES, individually; and TITAN TRAILERS REPAIRS & SALES, LLC,

    Defendants.

No.: 3:20-cv-00137

## DEFENDANTS' MOTION TO CONTINUE TRIAL DATE, AMEND SCHEDULING ORDER AND FOR SCHEDULING/STATUS CONFERENCE

Each of the Defendants move the Court for entry of an Order continuing the trial date, which is currently set to commence on May 24, 2021 and to amend the Scheduling Order (Doc. 25) to correspond with the newly set trial date. Defendants further request that the Court set this matter for a scheduling or status conference at which case related scheduling can be addressed. As grounds for this Motion, Defendants state as follows:

    1.    This action was originally filed on March 19, 2020 in the Chancery Court for Knox County Tennessee. It was subsequently removed to this Court by Defendants on March 31, 2020, pursuant to 28 U.S.C. §1331, 1441 and 18 U.S.C. §1836, *et. seq*.

    2.    The Court and counsel for each of the parties attended a Fed. R. Civ. P. 16(b) Scheduling Conference on April 28, 2020 which resulted in entry of a Scheduling Order on that same date (Doc. 25). The Scheduling Order set the trial to commence on May 24, 2021.

3. Several weeks prior to the scheduling conference and entry of the Scheduling Order counsel for each of the Defendants directed correspondence to counsel for Plaintiffs addressing a number of claims in Plaintiffs' Verified Complaint that Defendants believe are deficient and require either dismissal or amendment. See, Doc 49-2. This correspondence was sent to Plaintiff's counsel in an effort to comply with the Court's Order Governing Motions to Dismiss (Doc 6). Plaintiffs, however, declined to amend their Complaint. See, Doc 49-1 and Doc 52. Consequently, each of the Defendants filed Fed. R. Civ. P. 12(6)(b) Motions to Dismiss on June 11, 2020 and June 16, 2020 addressing some or all of Plaintiffs' claims. See, Docs. 31, 33, 35, 37, 39 and 41.

4. While those Motions to Dismiss were pending, counsel for Plaintiffs informed defense counsel that Plaintiffs intended to file a Motion to Amend Complaint. See Doc. 49-6. On July 31, 2020 Plaintiffs filed their Motion to Amend Complaint (Doc 49).

5. On August 6, 2020 the Court entered an Order (Doc 52) stating that Defendants' Motions to Dismiss would be held in abeyance pending the Court's ruling on Plaintiffs' Motion to Amend the Verified Complaint.

6. While the Court noted in the Order that it intends to grant Plaintiffs' Motion to Amend, Defendants do not believe they have the ability or right to issue discovery to Plaintiffs on the myriad of new and previously undisclosed factual allegations contained in that proposed, but yet to be filed pleading. Defendants certainly intend to engage in discovery respecting the proposed 39-page, Amended Complaint (containing 14 counts and 282 numbered paragraphs) to include detailed interrogatories and request for production of documents seeking information and documents substantiating the new allegations.

7. Defendants are concerned, however, that the time frames and deadlines set forth in the current Scheduling Order will not provide sufficient time for them to address the new factual

allegations in the yet to be filed Amended Complaint through written interrogatories, request for production of documents and reasonably necessary party and witness depositions. Further, counsel for Defendants expect that once they have a reasonable opportunity to conduct this necessary discovery, dispositive motions addressing most, if not all, of Plaintiffs' claims will be filed.

8. The current Scheduling Order simply does not provide sufficient time for that to occur. For instance, the parties presently must file their final witness lists on or before December 14, 2020. The present discovery cut off is January 11, 2021 and dispositive motions must be filed on or before February 8, 2021.

9. Defendants therefore request that the Court enter an Order continuing the trial of this action to a later date to enable them to undertake the discovery necessary to fully elucidate the issues raised in Plaintiffs' yet to be filed Amended Complaint. Defendants further request that the Court amend the Scheduling Order to correspond with the new trial date.

10. Defendants also request that the Court conduct a telephonic or virtual scheduling/status conference at which these scheduling matters can be discussed. In addition, during this conference the Court may take up the issue of entry of an appropriate Protective Order, which is now a matter at issue between the parties. See, Motion for Protective Order by Knox Trailers, Inc., Post Trailer Repairs, Inc. (Doc. 59).

This the 17th day of November, 2020.

_____/s/ John M. Lawhorn_____
John M. Lawhorn (BPR No. 14388)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
*Attorney for Defendants Billy Maples, Amanda Maples and Titan Trailer Repair & Sales, LLC*


_____/s/ Chris W. McCarty_____
Chris W. McCarty, Esq.  (BPR No. 25551)
Lewis Thomason
620 Market Street, 5th Floor
P.O. Box 2425
Knoxville, TN 37901-2425
*Attorney for Defendants Jeff Clark, Amy Clark, Paul Henegar and Roy Bailey*


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 17th day of November, 2020, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Shelley S. Breeding, Esq.
Breeding Henry Baysan PC
900 S. Gay Street, Ste. 1950
Knoxville, TN  37902

Jimmie G. Carter, Jr., Esq.
Breeding Henry Baysan PC
900 S. Gay Street, Ste. 1950
Knoxville, TN  37902

4

Madeline S. Copes, Esq.
Breeding Henry Baysan PC
900 S. Gay Street, Ste. 1950
Knoxville, TN 37902

                                              */s/ John M. Lawhorn*
                                              John M. Lawhorn
                                              **FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\CLIENTS\8537\0000001\MOTIONS\02120995.DOCX