**KNOX TRAILERS, INC. and POST TRAILER REPAIRS, INC.,**

       Plaintiffs

vs.

**JEFF CLARK, individually; AMY CLARK, individually; PAUL HENNAGER, individually; ROY BAILEY, individually; BILLY MAPLES, d/b/a TITAN TRAILERS REPAIRS & SALES, LLC; BILLY MAPLES, individually; AMANDA MAPLES, individually; and TITAN TRAILERS REPAIRS & SALES, LLC.**

       Defendants

No.: 3:20-cv-00137

## ANSWER OF DEFENDANT HEATH BROWNLEE TO SECOND AMENDED COMPLAINT

Defendant, Heath Brownlee, submits the following Answer and defenses to Plaintiffs'

Second Amended Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim on behalf of Plaintiff, Knox Trailers, Inc. (hereinafter

"Knox Trailers") upon which relief can be granted against Defendant.

## SECOND DEFENSE

The Complaint fails to state a claim on behalf of Plaintiff, Post Trailer Repairs, Inc.

(hereinafter "Post") upon which relief can be granted against Defendant.

## THIRD DEFENSE

In response to the specific averments set forth in the Second Amended Complaint,

Defendant answers as follows:

1. Defendant admits the averments set forth in Paragraph 1 of the Second Amended Complaint.

2. Defendant admits the averments set forth in Paragraph 2 of the Second Amended Complaint.

3. Defendant admits the averments set forth in Paragraph 3 of the Second Amended Complaint.

4. Defendant admits the averments set forth in Paragraph 4 of the Second Amended Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 of the Second Amended Complaint.

6. Defendant admits the averments set forth in Paragraph 6 of the Second Amended Complaint.

7. Defendant admits the averments set forth in Paragraph 7 of the Second Amended Complaint.

8. Defendant admits the averments set forth in Paragraph 8 of the Second Amended Complaint.

9. Defendant admits the averments set forth in Paragraph 9 of the Second Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the Second Amended Complaint.

11. Defendant admits the averments set forth in Paragraph 11 of the Second Amended Complaint.

12. Defendant admits the averments set forth in Paragraph 12 of the Second Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 of the Second Amended Complaint.

14. Defendant admits the averments set forth in Paragraph 14 of the Second Amended Complaint.

15. Defendant admits the averments set forth in Paragraph 15 of the Second Amended Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 of the Second Amended Complaint.

17. Defendant admits the averments set forth in Paragraph 17 of the Second Amended Complaint.

18. Defendant admits the averments set forth in Paragraph 18 of the Second Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 of the Second Amended Complaint.

20. Defendant denies the averments set forth in Paragraph 20 the Second Amended Complaint.

21. Defendant admits the averments set forth in Paragraph 21 of the Second Amended Complaint.

22. In response to the averments set forth in paragraph 22 of the Second Amended Complaint, Defendant admits that Defendant Billy Maples was at times in the past employed by

Plaintiffs, including in the position of General Manager, but is without knowledge of information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 22.

23. In response to the averments set forth in Paragraph 23 of the Second Amended Complaint, Defendant admits that Billy Maples currently has an ownership interest in Titan as a member of the limited liability corporation.

24. Defendant admits the averments set forth in Paragraph 24 of the Second Amended Complaint.

25. In response to the averments set forth in Paragraph 25 of the Second Amended Complaint, Defendant admits that Amanda Maples was at times in the past employed by Post, but is without knowledge or information sufficient to form a belief as to the truth of remaining averments set forth in Paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 26 of the Second Amended Complaint.

27. In response to the averments set forth in Paragraph 27 of the Second Amended Complaint, Defendant admits that Mr. Powell was at times in the past employed by Knox Trailers and/or Post, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 27.

28. Defendant admits the averments set forth in Paragraph 28 of the Second Amended Complaint.

29. Defendant admits the averments set forth in Paragraph 29 of the Second Amended Complaint.

30. In response to the averments set forth in Paragraph 30 of the Second Amended Complaint, Defendant admits that he and Mr. Maples undertook preliminary steps to create a

4

business entity that eventually became Titan in early 2020 while Billy Maples was still employed by Plaintiffs.

31. In response to the averments set forth in Paragraph 31 of the Second Amended Complaint, Defendant admits that Titan engages in business activities that are competitive with certain aspects of Knox Trailers' business.

32. Defendant denies the averments set forth in Paragraph 32 of the Second Amended Complaint.

33. In response to the averments set forth in Paragraph 33 of the Second Amended Complaint, Defendant admits that Billy Maples was at times in the past employed by Plaintiffs in the position of General Manager and in that position exercised management responsibilities over Plaintiff's operations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 33.

34. Defendant admits the averments set forth in Paragraph 34 of the Second Amended Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 of the Second Amended Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 36 of the Second Amended Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 37 of the Second Amended Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 38 of the Second Amended Complaint.

5

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 of the Second Amended Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 40 of the Second Amended Complaint.

41. In response to the averments set forth in Paragraph 41 of the Second Amended Complaint, Defendant admits he was informed about such occurring, but denies that he has any personal knowledge or information sufficient to form a belief as to the truth of the averments.

42. In response to the averments set forth in Paragraph 42 of the Second Amended Complaint, Defendant admits he was informed about such occurring, but denies that he has any personal knowledge or information sufficient to form a belief as to the truth of the averments.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 43 of the Second Amended Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 44 of the Second Amended Complaint.

45. The averments set forth in Paragraph 45 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

46. The averments set forth in Paragraph 46 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

47. The averments set forth in Paragraph 47 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

48. The averments set forth in Paragraph 48 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

6

49. The averments set forth in Paragraph 49 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

50. The averments set forth in Paragraph 50 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

51. The averments set forth in Paragraph 51 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

52. The averments set forth in Paragraph 52 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

53. The averments set forth in Paragraph 53 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

54. The averments set forth in Paragraph 54 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

55. The averments set forth in Paragraph 55 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

56. The averments set forth in Paragraph 56 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

57. The averments set forth in Paragraph 57 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

58. The averments set forth in Paragraph 58 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

59. The averments set forth in Paragraph 59 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

60.     The averments set forth in Paragraph 60 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

61.     The averments set forth in Paragraph 61 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

62.     The averments set forth in Paragraph 62 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

63.     The averments set forth in Paragraph 63 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

64.     The averments set forth in Paragraph 64 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

65.     The averments set forth in Paragraph 65 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

66.     The averments set forth in Paragraph 66 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

67.     The averments set forth in Paragraph 67 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

68.     The averments set forth in Paragraph 68 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

69.     The averments set forth in Paragraph 69 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

70.     The averments set forth in Paragraph 70 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

71. The averments set forth in Paragraph 71 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

72. The averments set forth in Paragraph 72 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

73. The averments set forth in Paragraph 73 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

74. The averments set forth in Paragraph 74 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

75. The averments set forth in Paragraph 75 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

76. The averments set forth in Paragraph 76 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

77. The averments set forth in Paragraph 77 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

78. The averments set forth in Paragraph 78 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

79. The averments set forth in Paragraph 79 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

80. The averments set forth in Paragraph 80 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

81. The averments set forth in Paragraph 81 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

82. The averments set forth in Paragraph 82 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

83. The averments set forth in Paragraph 83 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

84. The averments set forth in Paragraph 84 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

85. The averments set forth in Paragraph 85 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

86. The averments set forth in Paragraph 86 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

87. The averments set forth in Paragraph 87 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

88. The averments set forth in Paragraph 88 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

89. The averments set forth in Paragraph 89 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

90. The averments set forth in Paragraph 90 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

91. The averments set forth in Paragraph 91 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

92. The averments set forth in Paragraph 92 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

93. The averments set forth in Paragraph 93 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

94. The averments set forth in Paragraph 94 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

95. The averments set forth in Paragraph 95 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

96. The averments set forth in Paragraph 96 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

97. In response to the averments set forth in Paragraph 97 of the Second Amended Complaint, Defendant admits that on or about the date alleged he received an email from Billy Maples discussing anticipated startup expenses for a trailer repair business. Defendant admits that the email contained an attachment itemizing certain capital and operating expenses incurred by Knox Trailers. Defendant denies that the email or attachment was the financial business plan for their prospective new business.

98. In response to the averments set forth in Paragraph 98 of the Second Amended Complaint, Defendant admits sending an email to Mr. Maples on the date alleged discussing start-up expenses for their prospective new business.

99. In response to the averments set forth in Paragraph 99 of the Second Amended Complaint, Defendant admits that in December 2019 and January 2020 he and Mr. Maples exchanged emails and text messages discussing the prospect of opening a new trailer repair business.

100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 100 of the Second Amended Complaint, except

that Defendant denies the averments that he ever had a plan or ever intended to open a trailer repair business using Plaintiff's proprietary information or by organizing a mass resignation of Plaintiff's employees.

101. In response to the averments set forth in Paragraph 101 of the Second Amended Complaint, Defendant admits that he and Mr. Maples had lunch together on the date alleged. Defendant denies the remaining averments set forth in paragraph 101.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 102 of the Second Amended Complaint.

103. Defendant admits the averments set forth in Paragraph 103 of the Second Amended Complaint.

104. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 104 of the Second Amended Complaint.

105. In response to the averments set forth in Paragraph 105 of the Second Amended Complaint, Defendant states he is without knowledge or information sufficient to form a belief as to to the truth of the averments therein, except that Defendant denies that he at that time had undertaken any actions to open a trailer repair business beyond the stage of discussion and preliminary evaluation.

106. In response to the averments set forth in Paragraph 106 of the Second Amended Complaint, Defendant admits he was informed about such occurring, but denies that he has any personal knowledge or information sufficient to form a belief as to the truth of the averments.

107. In response to the averments set forth in Paragraph 107 of the Second Amended Complaint, Defendant admits that on or about January 8, 2020 he and Billy Maples engaged in text message communications discussing Mr. Maples ongoing negotiations with management

12

representatives of Plaintiffs. Defendant admits that in the exchange he encouraged Mr. Maples to seek legal advice in any negotiations with his employer's.

108. Defendant admits the averments set forth in Paragraph 108 of the Second Amended Complaint.

109. In response to the averments set forth in Paragraph 109 of the Second Amended Complaint, Defendant admits that during the approximate time frame alleged he was made generally aware that Post was in discussions to possibly acquire ownership or use of a business location at 3621 Pleasant Ridge Road, Knoxville, Tennessee, but otherwise lacks personal knowledge on which he can either admit or deny the averments of Paragraph 109.

110. Defendant admits the averments set forth in Paragraph 110 of the Second Amended Complaint.

111. Defendant admits the averments set forth in Paragraph 111 of the Second Amended Complaint, except he denies that Mr. Maples filed the Articles of Incorporation.

112. Defendant admits the averments set forth in Paragraph 112 of the Second Amended Complaint.

113. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 113 of the Second Amended Complaint.

114. Defendant admits the averments set forth in Paragraph 114 of the Second Amended Complaint.

115. In response to the averments set forth in Paragraph 115 of the Second Amended Complaint, Defendant admits that he and Mr. Maples exchanged text messages on the date alleged discussing whether Defendant should contact Mr. Mays. Defendant is without knowledge

13

or information sufficient form a belief as to the truth of the remaining averments set forth in Paragraph 115 of the Second Amended Complaint.

116. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 116 of the Second Amended Complaint.

117. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 117 of the Second Amended Complaint.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 118 of the Second Amended Complaint.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 119 of the Second Amended Complaint.

120. Defendant admits the averments set forth in Paragraph 120 of the Second Amended Complaint.

121. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 121 of the Second Amended Complaint.

122. Defendant admits the averments set forth in Paragraph 122 of the Second Amended Complaint.

123. Defendant admits the averments set forth in Paragraph 123 of the Second Amended Complaint.

124. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 124 of the Second Amended Complaint.

125. Defendant denies the averments set forth in Paragraph 125 of the Second Amended Complaint.

14

126.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 126 of the Second Amended Complaint.

127.     Defendant admits the averments set forth in Paragraph 127 of the Second Amended Complaint.

128.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 128 of the Second Amended Complaint.

129.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 129 of the Second Amended Complaint.

130.     Defendant admits the averments set forth in Paragraph 130 of the Second Amended Complaint.

131.     Defendant admits the averments set forth in Paragraph 131 of the Second Amended Complaint.

132.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 132 of the Second Amended Complaint.

133.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 133 of the Second Amended Complaint.

134.     Defendant admits the averments set forth in Paragraph 134 of the Second Amended Complaint.

135.     Defendant admits the averments set forth in Paragraph 135 of the Second Amended Complaint.

136.     Defendant admits the averments set forth in Paragraph 136 of the Second Amended Complaint.

137.   Defendant admits the averments set forth in Paragraph 137 of the Second Amended Complaint.

138.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 138 of the Second Amended Complaint.

139.   Defendant admits the averments set forth in Paragraph 139 of the Second Amended Complaint.

140.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 140 of the Second Amended Complaint.

141.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 141 of the Second Amended Complaint.

142.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 142 of the Second Amended Complaint.

143.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 143 of the Second Amended Complaint.

144.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 144 of the Second Amended Complaint.

145.   Defendant admits the averments set forth in Paragraph 145 of the Second Amended Complaint.

146.   Defendant admits the averments set forth in Paragraph 146 of the Second Amended Complaint except he denies Mr. Clark was present.

147.   In response to the averments set forth in Paragraph 147 of the Second Amended Complaint, Defendant admits he was informed about such occurring, but denies that he has any personal knowledge or information sufficient to form a belief as to the truth of the averments.

16

148. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 148 of the Second Amended Complaint.

149. In response to the averments set forth in Paragraph 149 of the Second Amended Complaint, Defendant admits he was informed that Mr. Maples was terminated from his employment with Plaintiffs on or around that time, but denies that he has any personal knowledge or information sufficient to form a belief as to the truth of the averments.

150. In response to the averments set forth in Paragraph 150 of the Second Amended Complaint, Defendant admits he was informed that Mr. Maples was terminated from his employment with Plaintiffs on or around that time, but denies that he has any personal knowledge or information sufficient to form a belief as to the truth of the averments.

151. In response to the averments set forth in Paragraph 151 of the Second Amended Complaint, Defendant admits that Titan competes with certain aspects of Knox Trailers' business.

152. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 152 of the Second Amended Complaint.

153. Defendant admits the averments set forth in Paragraph 153 of the Second Amended Complaint.

154. Defendant admits the averments set forth in Paragraph 154 of the Second Amended Complaint.

155. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 155 of the Second Amended Complaint.

156. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 156 of the Second Amended Complaint.

157. Defendant admits the averments set forth in Paragraph 157 of the Second Amended Complaint.

158. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 158 of the Second Amended Complaint.

159. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 159 of the Second Amended Complaint.

160. In response to the averments set forth in Paragraph 160 of the Second Amended Complaint, Defendant states he is without knowledge or information concerning communications between Mr. Maples and a Great Dane employee on the date alleged. Defendant denies the remaining averments set forth in Paragraph 160.

161. In response to the averments set forth in Paragraph 161 of the Second Amended Complaint, Defendant admits that on the dates alleged he and Mr. Maples exchanged text messages in which they discussed Great Dane Knoxville's trailer sales. He denies they discussed financial aspects of their new company. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 161.

162. Defendant admits the averments set forth in Paragraph 162 of the Second Amended Complaint.

163. Defendant admits the averments set forth in Paragraph 163 of the Second Amended Complaint.

164. In response to the averments set forth in Paragraph 164 the Second Amended Complaint, Defendant is without knowledge or information sufficient from a belief as to the

18

exchange of text messages between Mr. Maples and Ms. Clark on the date alleged. Defendant denies the remaining averments set forth in Paragraph 164.

165. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 165 of the Second Amended Complaint.

166. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 166 of the Second Amended Complaint.

167. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 167 of the Second Amended Complaint.

168. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 168 of the Second Amended Complaint.

169. In response to the averments set forth in Paragraph 169 of the Second Amended Complaint, Defendant denies that he engaged in any conduct for which Plaintiffs are entitled to an award of damages against him.

170. Defendant denies the averments set forth in Paragraph 170 of the Second Amended Complaint.

171. In response to the averments set forth in Paragraph 171 of the Second Amended Complaint, Defendant denies that the listed persons took any of Plaintiffs' inventory or any physical documents or information on their personal cell phones that constituted proprietary business information to benefit Titan. Defendant admits that within two (2) to three (3) weeks before his termination, Mr. Maples attempted to download portions of Knox Trailers' SouthWare operating system, onto a thumb drive memory device that also contained several personal electronic files and records, such as photographs. Defendant denies that Mr. Maples intended to download any part of Post's SouthWare operating system but understands that may have

19

occurred. Defendant never personally accessed the data Mr. Maples downloaded and he therefore can neither admit nor deny what information was exported onto the memory device based on his personal knowledge. Defendant admits that Plaintiffs' SouthWare operating systems contain various business information, including customer and vendor information that is readily available to the public or otherwise generally known within the truck trailer repair industry. Very shortly after downloading Plaintiffs' SouthWare operating systems Mr. Maples delivered the thumb drive memory device to Defendant Steve Powell. Defendant is not aware of Mr. Maples ever installing or attempting to install or download Plaintiffs' SouthWare operating systems from the memory device, in whole or in part, onto any of Titan's computer systems or other storage devices. Defendant admits that after Titan purchased its own SouthWare license, Mr. Maples asked Mr. Powell to assist in setting up the Titan operating system to include only non-confidential customer and vendor information from the memory device such as customer and vendor names and contact information and vendor parts numbers, in order to save time over manual inputting. It was expected that the Titan SouthWare operating system would be prepared by Mr. Powell using the newly acquired Titan SouthWare license with completed customer and vendor data fields containing non-confidential customer and vendor information imported from the memory device and inventory fields containing vendor non-confidential vendor parts numbers. Mr. Powell then installed the completed Titan operating system he constructed onto Titan's computer server. None of Plaintiffs' SouthWare information on the thumb drive memory device was downloaded directly onto any computer, computer system, server or other memory device of Defendant's or Titan's.

172. In response to the averments set forth in Paragraph 172 of the Second Amended Complaint, Defendant admits that within two (2) to three (3) weeks before his termination, Mr.

Case 3:20-cv-00137-TRM-DCP   Document 118   Filed 05/17/21   Page 20 of 44
PageID #: 1963

Maples attempted to download portions of Knox Trailers' SouthWare operating system, onto a thumb drive memory device that also contained several personal electronic files and records, such as photographs. Defendant denies that Mr. Maples intended to download any part of Post's SouthWare operating system but understands that in fact occurred. Defendant never personally accessed the data Mr. Maples downloaded and he therefore can neither admit nor deny what information was exported onto the memory device based on his personal knowledge. Defendant admits that Plaintiffs' SouthWare operating systems contain various business information, including customer and vendor information that is readily available to the public or otherwise generally known within the truck trailer repair industry. Very shortly after downloading Plaintiffs' SouthWare operating systems Mr. Maples delivered the thumb drive memory device to Defendant Steve Powell. Defendant is not aware of Mr. Maples ever installing or attempting to install or download Plaintiffs' SouthWare operating systems from the memory device, in whole or in part, onto any of Titan's computer systems or other storage devices. Defendant admits that after Titan purchased its own SouthWare license, Mr. Maples asked Mr. Powell to assist in setting up the Titan operating system to include only non-confidential customer and vendor information from the memory device such as customer and vendor names and contact information and vendor parts numbers, in order to save time over manual inputting. It was expected that the Titan SouthWare operating system would be prepared by Mr. Powell using the newly acquired Titan SouthWare license with completed customer and vendor data fields containing non-confidential customer and vendor information imported from the memory device and and inventory fields containing vendor non-confidential vendor parts numbers. Mr. Powell then installed the completed Titan operating system he constructed onto Titan's computer server. None of Plaintiffs' SouthWare information on the thumb drive memory device was downloaded

21

directly onto any computer, computer system, server or other memory device of Defendant's or Titan's.

173. In response to the averments set forth in Paragraph 173 of the Second Amended Complaint, Defendant admits that Mr. Maples undertook the actions described in the above paragraph 172 for the purpose of setting up Titan. Defendant denies that the information Mr. Maples acquired was of any benefit in operating a competing business other than to save time and effort over manually inputting non-confidential customer and vendor data in his new computer system.

174. Defendant admits the averments set forth in Paragraph 174 of the Second Amended Complaint.

175. Defendant denies the averments set forth in Paragraph 175 of the Second Amended Complaint.

176. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 176 of the Second Amended Complaint.

177. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 177 of the Second Amended Complaint.

178. In response to the averments set forth in Paragraph 178 of the Second Amended Complaint, Defendant is aware of the existence of the referenced text message based upon production of same in discovery, but Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 178.

179. In response to the averments set forth in Paragraph 179 of the Second Amended Complaint, Defendant admits that within two (2) to three (3) weeks before his termination, Mr. Maples attempted to download portions of Knox Trailers' SouthWare operating system, onto a

22

thumb drive memory device that also contained several personal electronic files and records, such as photographs. Defendant denies that Mr. Maples intended to download any part of Post's SouthWare operating system but understands that in fact occurred.  Defendant never personally accessed the data Mr. Maples downloaded and he therefore can neither admit nor deny what information was exported onto the memory device based on his personal knowledge. Defendant admits that Plaintiffs' SouthWare operating systems contain various business information, including customer and vendor information that is readily available to the public or otherwise generally known within the truck trailer repair industry. Very shortly after downloading Plaintiffs' SouthWare operating systems Mr. Maples delivered the thumb drive memory device to Defendant Steve Powell. Defendant is not aware of Mr. Maples ever installing or attempting to install or download Plaintiffs' SouthWare operating systems from the memory device, in whole or in part, onto any of Titan's computer systems or other storage devices.  Defendant admits that after Titan purchased its own SouthWare license, Mr. Maples asked Mr. Powell to assist in setting up the Titan operating system to include only non-confidential customer and vendor information from the memory device such as customer and vendor names and contact information and vendor parts numbers, in order to save time over manual inputting.  It was expected that the Titan SouthWare operating system would be prepared by Mr. Powell using the newly acquired Titan SouthWare license with completed customer and vendor data fields containing non-confidential customer and vendor information imported from the memory device and and inventory fields containing vendor non-confidential vendor parts numbers. Mr. Powell then installed the completed Titan operating system he constructed onto Titan's computer server. None of Plaintiffs' SouthWare information on the thumb drive memory device was downloaded

directly onto any computer, computer system, server or other memory device of Defendant's or Titan's.

180. Defendant denies the averments set forth in Paragraph 180 of the Second Amended Complaint.

181. In response to the averments set forth in Paragraph 181 of the Second Amended Complaint, Defendant admits that both Plaintiffs use the SouthWare computer program.

182. In response to the averments set forth Paragraph 182 of the Second Amended Complaint, Defendant admits upon information and belief that each Plaintiff has separate SouthWare databases. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 182.

183. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 183 of the Second Amended Complaint.

184. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 184 of the Second Amended Complaint.

185. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 185 of the Second Amended Complaint.

186. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 186 of the Second Amended Complaint.

187. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 187 of the Second Amended Complaint.

188. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 188 of the Second Amended Complaint.

24

189. In response to the averments set forth in Paragraph 189 of the Second Amended Complaint, Defendant admits that Mr. Maples at some point prior to his termination of employment with Plaintiffs copied portions of one or both Plaintiffs SouthWare files to a USB Drive. Defendant is without knowledge of or information sufficient to form a belief concerning the purpose for same; although Defendant denies that Titan derived any benefit from the extent of information from the USB drive imported into Titan's SouthWare system other than to save time and effort over manually inputting non-confidential customer and vendor data in Titan's new computer system.

190. In response to the averments set forth in Paragraph 190 of the Second Amended Complaint, Defendant admits that Mr. Maples at some point prior to his termination of employment with Plaintiffs copied portions of one or both Plaintiffs SouthWare files to a USB drive. Defendant denies that Titan derived any benefit from the extent of information from the USB drive imported into Titan's SouthWare system other than to save time and effort over manually inputting non-confidential customer and vendor data in Titan's new computer system. Defendant denies that the extent of information from the USB drive imported into Titan's SouthWare system constitutes trade secret and proprietary information of Plaintiffs.

191. In response to the averments set forth in Paragraph 191 of the Second Amended Complaint, Defendant is without knowledge information sufficient to form a belief as to the truth of the averments respecting communications between Mr. Maples and Mr. Powell, although Defendant is generally aware of text communications between same based on production in discovery by Mr. Maples. Defendant denies that Titan derived any benefit from the extent of information from the USB drive imported into Titan's SouthWare system other than to save time and effort over manually inputting non-confidential customer and vendor data in Titan's new

25

computer system. Defendant denies that the extent of information from the USB drive imported into Titan's SouthWare system constitutes trade secret and proprietary information of Plaintiffs.

192. In response to the averments set forth in Paragraph 192 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments respecting communications between Mr. Maples and Mr. Powell, although Defendant is generally aware of text communications between same based on production and discovery by Mr. Maples.

193. In response to the averments set forth in Paragraph 193 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments respecting communications between Mr. Maples and Mr. Powell, although Defendant is generally aware of text communications between same based on production and discovery by Mr. Maples.

194. In response to the averments set forth in Paragraph 194 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments respecting communications between Mr. Maples and Mr. Powell, although Defendant is generally aware of text communications between same based on production and discovery by Mr. Maples.

195. In response to the averments set forth in Paragraph 195 of the Second Amended Complaint, Defendant admits receiving the referenced text communication. Defendant admits that the "guy" referenced in the text was Mr. Powell. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 195.

196. Defendant admits the averments set forth in Paragraph 196 of the Second Amended Complaint.

197. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 197 of the Second Amended Complaint.

198. Defendant admits the averments set forth in Paragraph 198 of the Second Amended Complaint.

199. In response to the averments set forth in Paragraph 199 of the Second Amended Complaint, Defendant states he is without knowledge or information sufficient to form a belief as to the truth of the averments therein, although he admits upon information and belief that a limited amount of non-confidential customer and vendor information from the USB drive was imported into Titan's separately purchased SouthWare program. Defendant denies that any of Plaintiff's proprietary and trade secret information was received or used by Titan.

200. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 200 of the Second Amended Complaint.

201. Defendant denies the averments set forth in Paragraph 201 of the Second Amended Complaint.

202. Defendant denies the averments set forth in Paragraph 202 of the Second Amended Complaint.

203. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 202 in response to the averments set forth in Paragraph 203 of the Second Amended Complaint.

204. The averments set forth in Paragraph 204 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

205. The averments set forth in Paragraph 205 of the Second Amended Complaint respecting Mr. Clark's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 205 are denied to the extent alleged against this Defendant.

206. The averments set forth in Paragraph 206 of the Second Amended Complaint respecting Mr. Clark's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 206 are denied.

207. The averments set forth in Paragraph 207 of the Second Amended Complaint respecting Mr. Henegar's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 207 are denied.

208. The averments set forth in Paragraph 208 of the Second Amended Complaint respecting Mr. Bailey's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 208 are denied.

209. The averments set forth in Paragraph 209 of the Second Amended Complaint respecting Mr. Maple's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 209 are denied.

210. The averments set forth in Paragraph 210 of the Second Amended Complaint are denied to the extent they are alleged against this Defendant.

211. The averments set forth in Paragraph 211 of the Second Amended Complaint are denied to the extent they are alleged against this Defendant.

212. The averments set forth in Paragraph 212 of the Second Amended Complaint are denied to the extent they are alleged against this Defendant.

213. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 212 in response to the averments set forth in Paragraph 213 of the Second Amended Complaint.

214. The averments set forth in paragraph 214 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

215. The averments set forth in paragraph 215 of the Second Amended Complaint respecting Ms. Clark's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 215 are denied to the extent alleged against this Defendant.

216. The averments set forth in Paragraph 216 of the Second Amended Complaint respecting Mr. Maple's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 216 are denied to the extent alleged against this Defendant.

217. The averments set forth in Paragraph 217 of the Second Amended Complaint respecting Ms. Maple's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 217 are denied to the extent alleged against this Defendant.

218. The averments set forth in Paragraph 218 of the Second Amended Complaint are denied to the extent they are alleged against this Defendant.

219. The averments set forth in Paragraph 219 of the Second Amended Complaint are denied to the extent they are alleged against this Defendant.

220. The averments set forth in Paragraph 220 of the Second Amended Complaint are denied to the extent they are alleged against this Defendant.

221. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 220 in response to the averments set forth in Paragraph 221 of the Second Amended Complaint.

222. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 222 of the Second Amended Complaint.

223. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 223 of the Second Amended Complaint.

224. Defendant denies the averments set forth in Paragraph 224 of the Second Amended Complaint.

225. The averments set forth in Paragraph 225 of the Second Amended Complaint are not directed to this Defendant in no response is therefore required of him.

226. There are no averments stated in Paragraph 226 of the Second Amended Complaint requiring a response of this Defendant.

227. Defendant denies the averments set forth in Paragraph 227 of the Second Amended Complaint.

228. Defendant denies the averments set forth in Paragraph 228 of Second Amended Complaint.

229. Defendant denies the averments set forth in Paragraph 229 of the Second Amended Complaint.

30

230. Defendant denies the averments set forth in Paragraph 230 of the Second Amended Complaint.

231. Defendant denies the averments set forth in Paragraph 231 of the Second Amended Complaint.

232. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 231 in response to the averments set forth in Paragraph 232 of the Second Amended Complaint.

233. Defendant denies the averments set forth in Paragraph 233 of the Second Amended Complaint.

234. Defendant denies the averments set forth in Paragraph 234 of the Second Amended Complaint.

235. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 235 of the Second Amended Complaint.

236. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 236 of the Second Amended Complaint.

237. Defendant denies the averments set forth in Paragraph 237 of the Second Amended Complaint.

238. Defendant denies the averments set forth in Paragraph 238 of the Second Amended Complaint.

239. Defendant denies the averments set forth in Paragraph 239 of the Second Amended Complaint.

240. Defendant denies the averments set forth in Paragraph 240 of the Second Amended Complaint.

31

241. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 240 in response to the averments set forth in Paragraph 241 of the Second Amended Complaint.

242. In response to the averments set forth in Paragraph 242 of the Second Amended Complaint, Defendant admits that Knox Trailers uses the SouthWare computer program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 242.

243. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 243 of the Second Amended Complaint.

244. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 244 of the Second Amended Complaint.

245. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 245 of the Second Amended Complaint, although Defendant denies that the extent of information on the USB drive obtained by Mr. Maples imported into Titan's SouthWare program would not be generally known to not readily ascertainable through proper means by another person or that another person would obtain economic value from the disclosure or use of the information.

246. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 246 of the Second Amended Complaint.

247. Defendant denies the averments set forth in Paragraph 247 of the Second Amended Complaint.

248. Defendant denies the averments set forth in Paragraph 248 of the Second Amended Complaint.

32

249. Defendant denies the averments set forth in Paragraph 249 of the Second Amended Complaint.

250. Defendant denies the averments set forth in Paragraph 250 of the Second Amended Complaint.

251. Defendant denies the averments set forth in Paragraph 251 of the Second Amended Complaint.

252. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 251 in response to the averments set forth in Paragraph 252 of the Second Amended Complaint.

253. In response to the averments set forth in Paragraph 253 of the Second Amended Complaint, Defendant admits that Post uses SouthWare computer program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 253.

254. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 254 of the Second Amended Complaint.

255. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 255 of the Second Amended Complaint.

256. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 256 of the Second Amended Complaint, although Defendant denies that the extent of information on the USB drive obtained by Mr. Maples imported into Titans' SouthWare program would not be generally known to not readily ascertainable through proper means by another person or that another person would obtain economic value from the disclosure or use of the information.

33

257. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 257 of the Second Amended Complaint.

258. Defendant denies the averments set forth in Paragraph 258 of the Second Amended Complaint.

259. Defendant denies the averments set forth in Paragraph 259 of the Second Amended Complaint.

260. Defendant denies the averments set forth in Paragraph 260 of the Second Amended Complaint.

261. Defendant denies the averments set forth in Paragraph 261 of the Second Amended Complaint.

262. Defendant denies the averments set forth in Paragraph 262 of the Second Amended Complaint.

263. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 262 in response to the averments set forth in Paragraph 263 of the Second Amended Complaint.

264. In response to the averments set forth in Paragraph 264 of the Second Amended Complaint, Defendant admits that during his employment with Knox Trailers uses the SouthWare computer program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 264.

265. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 265 of the Second Amended Complaint.

266. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 266 of the Second Amended Complaint.

267. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 267 of the Second Amended Complaint, although Defendant denies that the extent of information on the USB drive obtained by Mr. Maples imported into Titans' SouthWare program would not be generally known to not readily ascertainable through proper means by another person or that another person would obtain economic value from the disclosure or use of the information.

268. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 268 of the Second Amended Complaint.

269. Defendant denies the averments set forth in Paragraph 269 of the Second Amended Complaint.

270. Defendant denies the averments set forth in Paragraph 270 of the Second Amended Complaint.

271. Defendant denies the averments set forth in Paragraph 271 of the Second Amended Complaint.

272. Defendant denies the averments set forth in Paragraph 272 of the Second Amended Complaint.

273. Defendant denies the averments set forth in Paragraph 273 of the Second Amended Complaint.

274. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 273 in response to the averments set forth in Paragraph 274 of the Second Amended Complaint.

275. In response to the averments set forth in Paragraph 275 of the Second Amended Complaint, Defendant admits that Knox Trailers uses the SouthWare computer program.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 275.

276. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 276 of the Second Amended Complaint.

277. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 277 of the Second Amended Complaint.

278. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 278 of the Second Amended Complaint, although Defendant denies that the extent of information on the USB drive obtained by Mr. Maples imported into Titans' SouthWare program would not be generally known to not readily ascertainable through proper means by another person or that another person would obtain economic value from the disclosure or use of the information.

279. Defendant denies the averments set forth in Paragraph 279 of the Second Amended Complaint.

280. Defendant denies the averments set forth in Paragraph 280 of the Second Amended Complaint.

281. Defendant denies the averments set forth in Paragraph 281 of the Second Amended Complaint.

282. Defendant denies the averments set forth in Paragraph 282 of the Second Amended Complaint.

283. Defendant denies the averments set forth in Paragraph 283 of the Second Amended Complaint.

Case 3:20-cv-00137-TRM-DCP   Document 118   Filed 05/17/21   Page 36 of 44
PageID #: 1979

284.    Defendant denies the averments set forth in Paragraph 284 of the Second Amended Complaint.

285.    Defendant adopts and incorporates herein his responses to Paragraphs 1 through 284 in response to the averments set forth in Paragraph 285 of the Second Amended Complaint.

286.    The averments set forth in Paragraph 286 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

287.    The averments set forth in Paragraph 287 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

288.    The averments set forth in Paragraph 288 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

289.    The averments set forth in Paragraph 289 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

290.    The averments set forth in Paragraph 290 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

291.    The averments set forth in Paragraph 291 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

292.    The averments set forth in Paragraph 292 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

293.    The averments set forth in Paragraph 293 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

294.    The averments set forth in Paragraph 294 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

295. The averments set forth in Paragraph 295 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

296. The averments set forth in Paragraph 296 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

297. The averments set forth in Paragraph 297 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

298. The averments set forth in Paragraph 298 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

299. The averments set forth in Paragraph 299 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

300. The averments set forth in Paragraph 300 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

301. The averments set forth in Paragraph 301 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

302. The averments set forth in Paragraph 302 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

303. The averments set forth in Paragraph 303 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

304. The averments set forth in Paragraph 304 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

305. The averments set forth in Paragraph 305 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

306. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 305 in response to the averments set forth in Paragraph 306 of the Second Amended Complaint.

307. The averments set forth in Paragraph 307 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

308. The averments set forth in Paragraph 308 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

309. The averments set forth in Paragraph 309 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

310. The averments set forth in Paragraph 310 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

311. The averments set forth in Paragraph 311 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

312. The averments set forth in Paragraph 312 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

313. The averments set forth in Paragraph 313 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

314. The averments set forth in Paragraph 314 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

315. The averments set forth in Paragraph 315 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

316. The averments set forth in Paragraph 316 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

Case 3:20-cv-00137-TRM-DCP   Document 118   Filed 05/17/21   Page 39 of 44
PageID #: 1982

317. The averments set forth in Paragraph 317 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

318. The averments set forth in Paragraph 318 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

319. The averments set forth in Paragraph 319 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

320. The averments set forth in Paragraph 320 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

321. The averments set forth in Paragraph 321 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

322. The averments set forth in Paragraph 322 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

323. The averments set forth in Paragraph 323 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

324. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 323 in response to the averments set forth in Paragraph 324 of the Second Amended Complaint.

325. The averments set forth in Paragraph 325 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

326. The averments set forth in Paragraph 326 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

327. The averments set forth in Paragraph 327 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

328. The averments set forth in Paragraph 328 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

329. The averments set forth in Paragraph 329 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

330. The averments set forth in Paragraph 330 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

331. The averments set forth in Paragraph 331 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

332. Defendant adopts and incorporates herein his responses to paragraphs 1 through 331 in response to the averments set forth in Paragraph 332 of the Second Amended Complaint.

333. The averments set forth in Paragraph 333 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

334. The averments set forth in Paragraph 334 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

335. The averments set forth in Paragraph 335 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

336. The averments set forth in Paragraph 336 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

337. The averments set forth in Paragraph 337 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

338. The averments set forth in Paragraph 338 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

339. The averments set forth in Paragraph 339 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of him.

340. Defendant adopts and incorporates herein its responses to Paragraphs 1 through 339 in response to the averments set forth in Paragraph 340 of the Second Amended Complaint.

341. Defendant denies the averments set forth in Paragraph 341 of the Second Amended Complaint.

342. Defendant denies the averments set forth in Paragraph 342 of the Second Amended Complaint.

343. Defendant denies the averments set forth in Paragraph 343 of the Second Amended Complaint.

344. Defendant denies the averments set forth in Paragraph 344 of the Second Amended Complaint.

345. Defendant denies the averments set forth in Paragraph 345 of the Second Amended Complaint.

346. Defendant denies the averments set forth in Paragraph 346 of the Second Amended Complaint.

347. Defendant adopts and incorporates herein its response to Paragraphs 1 through 346 in response to the averments set forth in Paragraph 347 of the Second Amended Complaint.

348. Defendant denies the averments set forth in Paragraph 348 of the Second Amended Complaint.

349. Defendant denies the averments set forth in Paragraph 349 of the Second Amended Complaint.

350. Defendant denies the averments set forth in Paragraph 350 of the Second Amended Complaint.

351. Defendant denies the averments set forth in Paragraph 351 of the Second Amended Complaint.

352. Defendant denies the averments set forth in Paragraph 352 of the Second Amended Complaint.

353. Defendant denies the averments set forth in Paragraph 353 of the Second Amended Complaint.

## THIRD DEFENSE

To the extent Plaintiff's claims alleged against Defendant under the Tennessee Uniform Trade Secrets Act were made in bad faith, Defendant is entitled to an award of his reasonable attorneys' fees and litigation expenses incurred in defending that claim pursuant to Tenn. Code Ann. §47 – 25 – 1705.

## FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages, or in the alternative, Plaintiffs' damages should be limited or reduced by their failure to mitigate in the future.

## FIFTH DEFENSE

As an affirmative defense, Defendant relies upon the statutory caps upon compensatory and punitive damages as provided for in Tenn. Code Ann. §29 – 39 –102 and 104.

Wherefore, Defendant prays that Plaintiffs' action be dismissed and that he be awarded his reasonable attorney's fees and costs. Defendant further prays that the Court grant him any and all other relief to which he may be entitled.

43

This the 17th day of May, 2021.

/s/ *John M. Lawhorn*

John M. Lawhorn (BPR No. 14388)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
*Attorney for Defendants Billy Maples, Amanda Maples, Titan Trailer Repair & Sales, LLC and Heath Brownlee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 17th day of May, 2021, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Shelley S. Breeding, Esq.
Breeding Olinzock Carter Crippen PC
800 South Gay Street, Suite 1200
Knoxville, TN  37929

Jimmie G. Carter, Jr., Esq.
Breeding Olinzock Carter Crippen PC
800 South Gay Street, Suite 1200
Knoxville, TN  37929

Madeline S. Copes, Esq.
Breeding Olinzock Carter Crippen PC
800 South Gay Street, Suite 1200
Knoxville, TN  37929

Chris W. McCarty
Lewis Thomason
620 Market Street, 5th Floor
P.O. Box 2425
Knoxville, TN 37901-2425

/s/ *John M. Lawhorn*

John M. Lawhorn
**FRANTZ, McCONNELL & SEYMOUR, LLP**