**KNOX TRAILERS, INC. and POST TRAILER REPAIRS, INC.,**

      Plaintiffs

vs.

**JEFF CLARK, individually; AMY CLARK, individually; PAUL HENNAGER, individually; ROY BAILEY, individually; BILLY MAPLES, d/b/a TITAN TRAILERS REPAIRS & SALES, LLC; BILLY MAPLES, individually; AMANDA MAPLES, individually; and TITAN TRAILERS REPAIRS & SALES, LLC.**

      Defendants

No.: 3:20-cv-00137

## ANSWER OF DEFENDANT TITAN TRAILER REPAIR & SALES, LLC TO SECOND AMENDED COMPLAINT

Defendant, Titan Trailer Repair & Sales, LLC (incorrectly identified in the caption as "Titan Trailer Repairs & Sales, LLC"), submits the following Answer and defenses to Plaintiffs' Second Amended Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim on behalf of Plaintiff, Knox Trailers, Inc. (hereinafter "Knox Trailers") upon which relief can be granted against Defendant.

### SECOND DEFENSE

The Complaint fails to state a claim on behalf of Plaintiff, Post Trailer Repairs, Inc. (hereinafter "Post") upon which relief can be granted against Defendant.

### THIRD DEFENSE

In response to the specific averments set forth in the Second Amended Complaint, Defendant answers as follows:

1.      Defendant admits the averments set forth in Paragraph 1 of the Second Amended Complaint.

2.      Defendant admits the averments set forth in Paragraph 2 of the Second Amended Complaint.

3.      Defendant admits the averments set forth in Paragraph 3 of the Second Amended Complaint.

4.      Defendant admits the averments set forth in Paragraph 4 of the Second Amended Complaint.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 of the Second Amended Complaint.

6.      Defendant admits the averments set forth in Paragraph 6 of the Second Amended Complaint.

7.      Defendant admits the averments set forth in Paragraph 7 of the Second Amended Complaint.

8.      Defendant admits the averments set forth in Paragraph 8 of the Second Amended Complaint.

9.      Defendant admits the averments set forth in Paragraph 9 of the Second Amended Complaint.

10.     In response to the averments set forth in Paragraph 10 of the Second Amended Complaint, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the date on which Mr. Clark commenced employment with Knox Trailers. Defendant admits that Mr. Clark ceased employment with Knox Trailers sometime after March 5, 2020.

11.	Defendant admits the averments set forth in Paragraph 11 of the Second Amended Complaint.

12.	Defendant admits the averments set forth in Paragraph 12 of the Second Amended Complaint.

13.	In response to the averments set forth in Paragraph 13 of the Second Amended Complaint, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the date on which Ms. Clark commenced employment with Knox Trailers. Defendant on information and belief admits that for a period of several years prior to March, 2020, Ms. Clark was employed by Knox Trailers as an administrative assistant. Defendant denies that she was employed to work exclusively for Defendant Billy Maples. Defendant further denies that she ever held the titles of "human resources administrator," or "payroll coordinator." Defendant denies that Ms. Clark was ever an employee of Post, but admits that she would on occasion be asked to perform administrative functions for Post on an as needed basis.

14.	Defendant admits the averments set forth in Paragraph 14 of the Second Amended Complaint.

15.	Defendant admits the averments set forth in Paragraph 15 of the Second Amended Complaint.

16.	In response to the averments set forth in Paragraph 16 of the Second Amended Complaint, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the date on which Mr. Henegar commenced employment with Knox Trailers. Defendant admits that Mr. Henegar ceased employment with Knox Trailers sometime after March 5, 2020.

3

17. Defendant admits the averments set forth in Paragraph 17 of the Second Amended Complaint.

18. Defendant admits the averments set forth in Paragraph 18 of the Second Amended Complaint.

19. In response to the averments set forth in Paragraph 19 of the Second Amended Complaint, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the date on which Mr. Bailey commenced employment with Knox Trailers. Defendant admits that Mr. Bailey ceased employment with Knox Trailers sometime after March 5, 2020.

20. Defendant denies the averments set forth in Paragraph 20 of the Second Amended Complaint.

21. Defendant admits the averments set forth in Paragraph 21 of the Second Amended Complaint.

22. Defendant admits the averments set forth in Paragraph 22 of the Second Amended Complaint.

23. In response to the averments set forth in Paragraph 23 of the Second Amended Complaint, Defendant admits that Mr. Maples is one of the original member/owners of Titan. Defendant admits that Mr. Maples currently has an ownership interest in Titan as a member of the limited liability corporation.

24. Defendant admits the averments set forth in Paragraph 24 of the Second Amended Complaint.

25. The averments set forth in Paragraph 25 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

4

26. Defendant admits the averments set forth in Paragraph 26 of the Second Amended Complaint.

27. Defendant admits the averments set forth in Paragraph 27 of the Second Amended Complaint.

28. Defendant admits the averments set forth in Paragraph 28 of the Second Amended Complaint.

29. Defendant admits the averments set forth in Paragraph 29 of the Second Amended Complaint.

30. In response to the averments set forth in Paragraph 30 of the Second Amended Complaint, Defendant admits that Mr. Maples and Mr. Brownlee undertook preliminary steps to create a business entity that eventually became Titan in early 2020 while Mr. Maples was still employed by Plaintiffs.

31. In response to the averments set forth in Paragraph 31 of the Second Amended Complaint, Defendant admits that it engages in business activities that are competitive with certain aspects of Knox Trailers business.

32. Defendant denies the averments set forth in Paragraph 32 of the Second Amended Complaint.

33. In response to the averments set forth in Paragraph 33 of the Second Amended Complaint, Defendant admits that Billy Maples was at times in the past employed by Plaintiffs in the position of General Manager and in that position exercised management responsibilities over Plaintiffs' operations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 33.

5

34. Defendant admits the averments set forth in Paragraph 34 of the Second Amended Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 of the Second Amended Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 36 of the Second Amended Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 37 of the Second Amended Complaint.

38. In response to the averments set forth in Paragraph 38 of the Second Amended Complaint, Defendant on information and belief admits that in or about October 2019, Plaintiffs entered into a relationship with Paradigm that involved management services to both Plaintiffs. Defendant is without knowledge or information sufficient to form a belief concerning what Mr. Fultz's concerns may have been or his reasons for engaging Paradigm.

39. Defendant admits the averments set forth in Paragraph 39 of the Second Amended Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to Mr. Hensley's position with Paradigm.

41. In response to the averments set forth in Paragraph 41 of the Second Amended Complaint, Defendant on information and belief admits that in January 2020 Mr. Maples and Mr. Hensley discussed the subject of Mr. Maples acquiring an ownership interest in Knox Trailers. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 41.

6

42. In response to the averments set forth in Paragraph 42 of the Second Amended Complaint, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the averments pertaining to any consultation or discussion among or between representatives of Knox Trailers. Defendant on information and belief admits that after Mr. Maples inquired about possible equity ownership opportunity, he was informed no such opportunity would be made available to him.

43. Defendant denies the averments set forth in Paragraph 43 of the Second Amended Complaint.

44. Defendant denies the averments set forth in Paragraph 44 of the Second Amended Complaint.

45. The averments set forth in Paragraph 45 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

46. The averments set forth in Paragraph 46 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

47. The averments set forth in Paragraph 47 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

48. The averments set forth in Paragraph 48 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

49. The averments set forth in Paragraph 49 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

50. The averments set forth in Paragraph 50 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

51.     The averments set forth in Paragraph 51 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

52.     The averments set forth in Paragraph 52 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

53.     The averments set forth in Paragraph 53 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

54.     The averments set forth in Paragraph 54 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

55.     The averments set forth in Paragraph 55 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

56.     The averments set forth in Paragraph 56 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

57.     The averments set forth in Paragraph 57 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

58.     The averments set forth in Paragraph 58 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

59.     The averments set forth in Paragraph 59 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

60.     The averments set forth in Paragraph 60 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

61.     The averments set forth in Paragraph 61 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

62.	The averments set forth in Paragraph 62 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

63.	The averments set forth in Paragraph 63 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

64.	The averments set forth in Paragraph 64 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

65.	The averments set forth in Paragraph 65 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

66.	The averments set forth in Paragraph 66 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

67.	The averments set forth in Paragraph 67 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

68.	The averments set forth in Paragraph 68 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

69.	The averments set forth in Paragraph 69 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

70.	The averments set forth in Paragraph 70 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

71.	The averments set forth in Paragraph 71 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

72.	The averments set forth in Paragraph 72 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

73. The averments set forth in Paragraph 73 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

74. The averments set forth in Paragraph 74 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

75. The averments set forth in Paragraph 75 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

76. The averments set forth in Paragraph 76 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

77. The averments set forth in Paragraph 77 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

78. The averments set forth in Paragraph 78 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

79. The averments set forth in Paragraph 79 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

80. The averments set forth in Paragraph 80 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

81. The averments set forth in Paragraph 81 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

82. The averments set forth in Paragraph 82 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

83. The averments set forth in Paragraph 83 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

10

84. The averments set forth in Paragraph 84 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

85. The averments set forth in Paragraph 85 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

86. The averments set forth in Paragraph 86 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

87. The averments set forth in Paragraph 87 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

88. The averments set forth in Paragraph 88 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

89. The averments set forth in Paragraph 89 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

90. The averments set forth in Paragraph 90 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

91. The averments set forth in Paragraph 91 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

92. The averments set forth in Paragraph 92 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

93. The averments set forth in Paragraph 93 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

94. The averments set forth in Paragraph 94 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

11

95. The averments set forth in Paragraph 95 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

96. The averments set forth in Paragraph 96 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

97. In response to the averments set forth in Paragraph 97 of the Second Amended complaint, Defendant admits that on or about the date alleged Mr. Maples sent Mr. Brownlee an email discussing anticipated startup expenses for a trailer repair business. Defendant admits that the email contained an attachment itemizing certain capital and operating expenses incurred by Knox trailers. Defendant denies the remaining averments of Paragraph 97.

98. In response to the averments set forth in Paragraph 98 of the Second Amended Complaint, Defendant admits Mr. Brownlee sent an email to Mr. Maples on the date alleged discussing start-up expenses for their prospective new business.

99. In response to the averments set forth in Paragraph 99 of the Second Amended Complaint, Defendant admits that in December 2019 and January 2020 Mr. Maples and Mr. Brownlee exchanged emails and text messages discussing the prospect of opening a new trailer repair business.

100. In response to the averments set forth in Paragraph 100 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the averments that Mr. Maples ever had a plan or ever intended to open a trailer repair business using Plaintiff's proprietary information or by organizing a mass resignation of plaintiff's employees.

12

101. In response to the averments set forth in Paragraph 101 of the Second Amended Complaint, Defendant admits that Mr. Maples and Mr. Brownlee had lunch together on the date alleged. Defendant denies the remaining averments set forth in Paragraph 101.

102. In response to the averments set forth in Paragraph 102 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 102.

103. Defendant admits the averments set forth in Paragraph 103 of the Second Amended Complaint.

104. In response to the averments set forth in Paragraph 104 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 104.

105. In response to the averments set forth in Paragraph 105 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 105.

106. Defendant admits the averments set for the in Paragraph 106 of the Second Amended Complaint.

107. In response to the averments set forth in Paragraph 107 of the Second Amended Complaint, Defendant admits that on or about January 8, 2020 Mr. Maples and Mr. Brownlee engaged in text message communications discussing Mr. Maples' ongoing negotiations with management representatives of Plaintiffs. Defendant admits that in the exchange Mr. Brownlee encouraged Mr. Maples to seek legal advice in any negotiations with his employers.

108. In response to the averments set forth in Paragraph 108 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

13

109.     In response to the averments set forth in Paragraph 109 of the Second Amended Complaint, Defendant upon information and belief admits that during the approximate time frame alleged Post was in discussions to possibly acquire ownership or use of a business location at 3621 Pleasant Ridge Road, Knoxville, Tennessee.  Defendant denies Mr. Maples "was heavily involved in these negotiations, plans, and internal discussions."

110.     Defendant admits the averments set forth in Paragraph 110 of the second amended complaint.

111.     Defendant admits the averments set forth in Paragraph 111 of the Second Amended Complaint, except it denies that Mr. Maples filed the Articles of Incorporation.

112.     Defendant admits the averments set forth in Paragraph 112 of the Second Amended Complaint.

113.     In response to the averments set forth in Paragraph 113 of the Second Amended Complaint, Defendant denies Mr. Nelson was an employee of Knox Trailers. Defendant admits there was a text message exchange between Mr. Maples and Mr. Nelson on the date referenced but denies the exchange is accurately quoted. Defendant denies the remaining averments of Paragraph 113.

114.     Defendant admits the averments set forth in Paragraph 114 of the Second Amended Complaint.

115.     In response to the averments set forth in Paragraph 115 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 115.

116. In response to the averments set forth in Paragraph 116 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 116.

117. In response to the averments set forth in Paragraph 117 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

118. In response to the averments set forth in Paragraph 118 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

119. In response to the averments set forth in Paragraph 119 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 119.

120. In response to the averments set forth in Paragraph 120 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

121. In response to the averments set forth in Paragraph 121 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

122. In response to the averments set forth in Paragraph 122 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

123. Defendant admits the averments set forth in Paragraph 123 of the Second Amended Complaint.

124. In response to the averments set forth in Paragraph 124 of the Second Amended Complaint, Defendant denies Mr. Nelson was an employee of Knox Trailers. Defendant admits there was a text message exchange between Mr. Maples and Mr. Nelson on the date referenced but denies the exchange is accurately recorded.

15

125. Defendant denies the averments set forth in Paragraph 125 of the Second Amended Complaint.

126. Defendant admits the averments set forth in Paragraph 126 of the Second Amended Complaint.

127. In response to the averments set forth in Paragraph 127 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

128. In response to the averments set forth in Paragraph 128 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 128.

129. In response to the averments set forth in Paragraph 129 of the Second Amended Complaint, Defendant denies the text exchange was with Andy Davis. Defendant admits Mr. Maples had a text message exchange containing the quoted language with Knox Trailers' employee Chris Smith. Defendant denies the remaining averments set forth in Paragraph 129.

130. In response to the averments set forth in Paragraph 130 of the Second Amended Complaint, Defendant admits there was a text message exchange containing the quoted language.

131. Defendant admits the averments set forth in Paragraph 131 of the Second Amended Complaint

132. In response to the averments set forth in Paragraph 132 of the Second Amended Complaint, Defendant denies the text exchange was with Andy Davis.  Defendant admits Mr. Maples had a text message exchange containing the quoted language with Knox Trailers' employee Chris Smith. Defendant denies the remaining averments set forth in Paragraph 132.

133. Defendant admits the averments set forth in Paragraph 133 of the Second Amended Complaint

16

134. Defendant admits the averments set forth in Paragraph 134 of the Second Amended Complaint.

135. Defendant admits the averments set forth in Paragraph 135 of the Second Amended Complaint.

136. Defendant admits the averments set forth in Paragraph 136 of the Second Amended Complaint

137. Defendant admits the averments set forth in Paragraph 137 of the Second Amended Complaint

138. Defendant admits the averments set forth in Paragraph 138 of the Second Amended Complaint

139. Defendant admits the averments set forth in Paragraph 139 of the Second Amended Complaint

140. In response to the averments set forth in Paragraph 140 of the Second Amended Complaint, Defendant admits there were communications with one or more insurance brokers concerning insurance arrangements for Titan.

141. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 141 of the Second Amended Complaint.

142. Defendant admits the averments set forth in Paragraph 142 of the Second Amended Complaint.

143. Defendant admits the averments set forth in Paragraph 143 of the Second Amended Complaint.

144. Defendant admits the averments set forth in Paragraph 144 of the Second Amended Complaint.

17

145.    Defendant admits the averments set forth in Paragraph 145 of the Second Amended Complaint.

146.    Defendant admits the averments set forth in Paragraph 146 of the Second Amended Complaint except it denies Mr. Clark was present.

147.    In response to the averments set forth in Paragraph 147 of the Second Amended Complaint, Defendant upon information and belief admits that on March 4, 2020, Mr. Hensley asked Mr. Maples about his reason for inspecting the vacant building owned by Steve Mays. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 147.

148.    In response to the averments set forth in Paragraph 148 of the Second Amended Complaint, Defendant upon information and belief admits that upon being asked by Mr. Hensley whether he intended to open his own truck trailer repair business Mr. Maples informed Mr. Hensley he intended to do so in the future. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 148.

149.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 149 of the Second Amended Complaint.

150.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 150 of the Second Amended Complaint.

151.    In response to the averments set forth in Paragraph 151 of the Second Amended Complaint, Defendant admits that Titan competes with certain aspects of Knox Trailers' business.

152.    Defendant denies the averments set forth in Paragraph 152 of the Second Amended Complaint.

153. In response to the averments set forth in Paragraph 153 of the Second Amended Complaint, Defendant admits that Knox Trailers is a local distributor for Great Dane.

154. Defendant admits the averments set forth in Paragraph 154 of the Second Amended Complaint.

155. Defendant denies the averments set forth in Paragraph 155 of the Second Amended Complaint.

156. In response to the averments set forth in Paragraph 156 of the Second Amended Complaint, Defendant upon information and belief admits Mr. Maples informed a close friend that works at Great Dane that he was in the process of forming his own business. Defendant denies that Mr. Maples asked his friend to move Great Dane's business to Titan while Mr. Maples was still employed by Knox Trailers.

157. Defendant admits the averments set forth in Paragraph 157 of the Second Amended Complaint.

158. In response to the averments set forth in Paragraph 158 of the Second Amended Complaint, Defendant admits Mr. Maples and Mr. Henegar had lunch with a Great Dane employee. Defendant denies the remaining averments set forth in Paragraph 158 of the Second Amended Complaint.

159. In response to the averments set forth in Paragraph 159 of the Second Amended Complaint, Defendant upon information and belief admits Mr. Maples attended the referenced conference. Defendant admits Mr. Maples met with representatives of Great Dane while there. Defendant admits that part of the discussion included the fact that Mr. Maples was intending to open his own trailer repair business and he hoped to secure a vendor relationship with Great

Dane. To the extent alleged, Defendant denies that Mr. Maples solicited Great Dane's trailer repair business at that time.

160. In response to the averments set forth in Paragraph 160 of the Second Amended Complaint, Defendant admits Mr. Maples had a text message exchange containing the quoted language. Defendant denies the remaining averments of Paragraph 160.

161. In response to the averments set forth in Paragraph 161 of the Second Amended Complaint, Defendant admits upon information and belief that a lunch meeting occurred involving the referenced individuals in that time period. Defendant denies that one of the subjects discussed was Mr. Maples' plan to start a competing business. Defendant admits the subject of Great Dane's trailer sales figures was discussed in this meeting. Defendant admits Mr. Maples and Mr. Brownlee engaged in a text message conversation around that same time in which they discussed Great Dane Knoxville's trailer sales. Defendant denies the remaining averments set forth in Paragraph 161.

162. Defendant admits the averments set forth in Paragraph 162 of the Second Amended Complaint.

163. Defendant admits the averments set forth in Paragraph 163 of the Second Amended Complaint.

164. Defendant admits the averments set forth in Paragraph 164 of the Second Amended Complaint.

165. In response to the averments set forth in Paragraph 165 of the Second Amended Complaint, Defendant admits Mr. Maples had conversations with Great Dane's local representative Darrin Carden in the referenced time period. Defendant denies the remaining averments set forth in Paragraph 165.

20

166. Defendant denies the averments set forth in Paragraph 166 of the Second Amended Complaint.

167. Defendant admits the averments set forth in Paragraph 167 of the Second Amended Complaint.

168. Defendant admits the averments set forth in Paragraph 168 of the Second Amended Complaint.

169. In response to the averments set forth in Paragraph 169 of the Second Amended Complaint, Defendant denies that it engaged in any conduct for which Plaintiffs are entitled to an award of damages against him.

170. Defendant denies the averments set forth in Paragraph 170 of the Second Amended Complaint.

171. In response to the averments set forth in Paragraph 171 of the Second Amended Complaint, Defendant denies that the listed persons took any of Plaintiffs' inventory or any physical documents or information on their personal cell phones that constituted proprietary business information. Defendant admits that Ms. Clark and/or Mr. Henegar retained copies of some basic business forms for Titan's use such as check forms, employee policies and estimate forms. Defendant denies these were unique to Plaintiffs' business but are instead commonly used forms. Defendant admits that within two (2) to three (3) weeks before Mr. Maples' termination, he downloaded Plaintiffs' SouthWare operating systems onto a thumb drive memory device. Defendant states upon information and belief that Mr. Maples never personally accessed the data he downloaded and it therefore can neither admit nor deny what information was exported onto the memory device. Defendant admits that Plaintiffs' SouthWare operating systems contain various business information, including customer and vendor information that is

21

readily available to the public or otherwise generally known within the truck trailer repair industry. Very shortly after downloading Plaintiffs' SouthWare operating systems Mr. Maples delivered the thumb drive memory device to Defendant Steve Powell. Mr. Maples never personally attempted to install or download Plaintiffs' SouthWare operating systems from the memory device, in whole or in part, onto any of Titan's computer systems or other storage devices. Defendant admits that after it purchased its own SouthWare license, Mr. Maples asked Mr. Powell to set up the Titan operating system to include only non-confidential customer and vendor information from the memory device such as customer and vendor names and contact information and vendor parts numbers, in order to save time over manual inputting. It was expected that the Titan SouthWare operating system would be prepared by Mr. Powell using the newly acquired Titan SouthWare license with completed customer and vendor data fields containing non-confidential customer and vendor information imported from the memory device and inventory fields containing vendor non-confidential vendor parts numbers. Mr. Powell then installed the completed Titan operating system he constructed onto Titan's computer server. Defendant is without knowledge or information sufficient to form a belief concerning whether additional data was imported from the memory device beyond what was requested from Mr. Powell.

172.    In response to the averments set forth in Paragraph 172 of the Second Amended Complaint, Defendant admits that within two (2) to three (3) weeks before Mr. Maples' termination, he downloaded Plaintiffs' SouthWare operating systems onto a thumb drive memory device. Defendant states upon information and belief that Mr. Maples never personally accessed the data he downloaded and it therefore can neither admit nor deny what information was exported onto the memory device. Defendant admits that Plaintiffs' SouthWare operating

22

systems contain various business information, including customer and vendor information that is readily available to the public or otherwise generally known within the truck trailer repair industry. Very shortly after downloading Plaintiffs' SouthWare operating systems Mr. Maples delivered the thumb drive memory device to Defendant Steve Powell. Mr. Maples never personally attempted to install or download Plaintiffs' SouthWare operating systems from the memory device, in whole or in part, onto any of Titan's computer systems or other storage devices. Defendant admits that after it purchased its own SouthWare license, Mr. Maples asked Mr. Powell to set up the Titan operating system to include only non-confidential customer and vendor information from the memory device such as customer and vendor names and contact information and vendor parts numbers, in order to save time over manual inputting. It was expected that the Titan SouthWare operating system would be prepared by Mr. Powell using the newly acquired Titan SouthWare license with completed customer and vendor data fields containing non-confidential customer and vendor information imported from the memory device and and inventory fields containing vendor non-confidential vendor parts numbers. Mr. Powell then installed the completed Titan operating system he constructed onto Titan's computer server. Defendant is without knowledge or information sufficient to form a belief concerning whether additional data was imported from the memory device beyond what was requested from Mr. Powell.

173.    In response to the averments set forth in Paragraph 173 of the Second Amended Complaint, Defendant admits that Mr. Maples undertook the actions described in the above Paragraph 172 for the purpose of setting up Titan. Defendant denies that the information Mr. Maples acquired was of any benefit in operating a competing business other than to save time

23

and effort over manually inputting non-confidential customer and vendor data in his new computer system.

174. Defendant admits the averments set forth in Paragraph 174 of the Second Amended Complaint.

175. Defendant denies the averments set forth in Paragraph 175 of the Second Amended Complaint.

176. Defendant denies the averments set forth in Paragraph 176 of the Second Amended Complaint.

177. Defendant denies the averments set forth in Paragraph 177 of the Second Amended Complaint.

178. Defendant admits the averments set forth in Paragraph 178 of the Second Amended Complaint.

179. In response to the averments set forth in Paragraph 179 of the Second Amended Complaint, Defendant admits that within two (2) to three (3) weeks before Mr. Maples' termination, he downloaded Plaintiffs' SouthWare operating systems onto a thumb drive memory device. Defendant states upon information and belief that Mr. Maples never personally accessed the data he downloaded and it therefore can neither admit nor deny what information was exported onto the memory device. Defendant admits that Plaintiffs' SouthWare operating systems contain various business information, including customer and vendor information that is readily available to the public or otherwise generally known within the truck trailer repair industry. Very shortly after downloading Plaintiffs' SouthWare operating systems Mr. Maples delivered the thumb drive memory device to Defendant Steve Powell. Mr. Maples never personally attempted to install or download Plaintiffs' SouthWare operating systems from the

24

memory device, in whole or in part, onto any of Titan's computer systems or other storage devices. Defendant admits that after it purchased its own SouthWare license, Mr. Maples asked Mr. Powell to set up the Titan operating system to include only non-confidential customer and vendor information from the memory device such as customer and vendor names and contact information and vendor parts numbers, in order to save time over manual inputting. It was expected that the Titan SouthWare operating system would be prepared by Mr. Powell using the newly acquired Titan SouthWare license with completed customer and vendor data fields containing non-confidential customer and vendor information imported from the memory device and and inventory fields containing vendor non-confidential vendor parts numbers. Mr. Powell then installed the completed Titan operating system he constructed onto Titan's computer server. Defendant is without knowledge or information sufficient to form a belief concerning whether additional data was imported from the memory device beyond what was requested from Mr. Powell.

180. Defendant denies the averments set forth in Paragraph 180 of the Second Amended Complaint.

181. In response to the averments set forth in Paragraph 181 of the Second Amended Complaint, Defendant admits that both Plaintiffs use the SouthWare computer program.

182. Defendant admits the averments set forth in Paragraph 182 of the Second Amended Complaint.

183. In response to the averments set forth in Paragraph 183 of the Second Amended Complaint, Defendant admits that Plaintiffs have separate SouthWare systems that store information of the type described. Defendant denies the remaining averments of Paragraph 183.

184. In response to the averments set forth in Paragraph 184 of the Second Amended Complaint, Defendant admits Plaintiffs' SouthWare systems stores some historical information, but is without knowledge or information sufficient to admit or deny the remaining averments set forth in Paragraph 184.

185. Defendant denies the averments set forth in Paragraph 185 of the Second Amended Complaint. Defendant upon information and belief admits that Plaintiffs assigned employees with access to their SouthWare computer program individual logins and passwords, but denies those had the intent or actual effect of limiting access or maintaining secrecy.

186. Defendant denies the averments set forth in Paragraph 186 of the Second Amended Complaint.

187. Defendant denies the averments set forth in Paragraph 187 of the Second Amended Complaint.

188. Defendant denies the averments set forth in Paragraph 188 of the Second Amended Complaint.

189. In response to the averments set forth in Paragraph 189 of the Second Amended Complaint, Defendant admits Mr. Maples undertook the actions with respect to exporting Plaintiffs' SouthWare data as described in Paragraph 172.

190. In response to the averments set forth in Paragraph 190 of the Second Amended Complaint, Defendant admits Mr. Maples undertook the actions with respect to exporting Plaintiffs' SouthWare data as described in Paragraph 172.

191. In response the averments set forth in Paragraph 191 of the Second Amended Complaint, Defendant admits Mr. Maples had the referenced text message exchange. Defendant

admits Mr. Maples undertook the action with respect to exporting Plaintiff's SouthWare data as described in Paragraph 172.

192. In response the averments set forth in Paragraph 192 of the Second Amended Complaint, Defendant admits Mr. Maples had the referenced text message exchange. Defendant admits Mr. Maples undertook the action with respect to exporting Plaintiff's SouthWare data as described in Paragraph 172.

193. In response to the averments set forth in Paragraph 193 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to whether Mr. Maples and Mr. Powell spoke by phone. Defendant admits the remaining averments set forth in Paragraph 193.

194. Defendant admits the averments set forth in Paragraph 194 of the Second Amended Complaint.

195. Defendant admits the averments set forth in Paragraph 195 of the Second Amended Complaint.

196. Defendant admits the averments set forth in Paragraph 196 of the Second Amended Complaint.

197. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 197 of the Second Amended Complaint.

198. Defendant admits the averments set forth in Paragraph 198 of the Second Amended Complaint.

199. In response to the averments set forth in Paragraph 199 of the Second Amended Complaint, Defendant admits that Mr. Maples communicated with Mr. Powell to import a limited amount of non-confidential customer and vendor information from the USB drive into

27

Titan's separately purchased SouthWare program. Defendant denies that Mr. Henegar communicated with Mr. Powell concerning Plaintiffs' SouthWare files. Defendant denies that any of Plaintiffs' proprietary and trade secret information was received or used by Titan.

200. In response to the averments set forth in Paragraph 200 of the Second Amended Complaint, Defendant denies the averments to the extent they are alleged against it. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 200.

201. Defendant denies the averments set forth in Paragraph 201 of the Second Amended Complaint.

202. Defendant denies the averments set forth in Paragraph 202 of the Second Amended Complaint.

203. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 202 in response to the averments set forth in Paragraph 203 of the Second Amended Complaint.

204. The averments set forth in Paragraph 204 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

205. The averments set forth in Paragraph 205 of the Second Amended Complaint respecting Mr. Clark's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of him. The remaining averments set forth in Paragraph 205 are denied to the extent alleged against this Defendant.

206. The averments set forth in Paragraph 206 of the Second Amended Complaint respecting Ms. Clark's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 206 are denied to the extent alleged against this Defendant.

207. The averments set forth in Paragraph 207 of the Second Amended Complaint respecting Mr. Henegar's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 207 are denied to the extent alleged against this Defendant.

208. The averments set forth in Paragraph 208 of the Second Amended Complaint respecting Mr. Bailey's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 208 are denied to the extent alleged against this Defendant.

209. The averments set forth in Paragraph 209 of the Second Amended Complaint respecting Mr. Maple's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 205 are denied to the extent alleged against this Defendant.

210. Defendant denies the averments set forth in Paragraph 210 of the Second Amended Complaint to the extent they are alleged against this Defendant.

211. Defendant denies the averments set forth in Paragraph 211 of the Second Amended Complaint to the extent they are alleged against this Defendant.

212. Defendant denies the averments set forth in Paragraph 212 of the Second Amended Complaint to the extent they are alleged against this Defendant.

213. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 212 in response to the averments set forth in Paragraph 213 of the Second Amended Complaint.

214. The averments set forth in Paragraph 214 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of it.

215. The averments set forth in Paragraph 215 of the Second Amended Complaint respecting Ms. Clark's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 215 are denied to the extent alleged against this Defendant

216. The averments set forth in Paragraph 216 of the Second Amended Complaint respecting Mr. Maples' alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 216 are denied to the extent alleged against this Defendant

217. The averments set forth in Paragraph 217 of the Second Amended Complaint respecting Ms. Maple's alleged breach of fiduciary duty are not directed to this Defendant and no response is therefore required of it. The remaining averments set forth in Paragraph 217 are denied to the extent alleged against this Defendant

218. Defendant denies the averments set forth in Paragraph 218 of the Second Amended Complaint to the extent they are alleged against this Defendant.

219. Defendant denies the averments set forth in Paragraph 219 of the Second Amended Complaint to the extent they are alleged against this Defendant.

220. Defendant denies the averments set forth in Paragraph 220 of the Second Amended Complaint to the extent they are alleged against this Defendant.

221. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 220 in response to the averments set forth in Paragraph 221 of the Second Amended Complaint.

222. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 222 the Second Amended Complaint.

30

223. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 223 of the Second Amended Complaint.

224. Defendant denies the averments set forth in Paragraph 224 of the Second Amended Complaint.

225. Defendant denies the averments set forth in Paragraph 225 of the Second Amended Complaint.

226. There are no averments set forth in Paragraph 226 of the Second Amended Complaint requiring any response of Defendant.

227. Defendant denies the averments set forth in Paragraph 227 of the Second Amended Complaint.

228. Defendant denies the averments set forth in Paragraph 228 of the Second Amended Complaint.

229. Defendant denies the averments set forth in Paragraph 229 of Second Amended Complaint.

230. Defendant denies the averments set forth in Paragraph 230 of the Second Amended Complaint.

231. Defendant denies the averments set forth in Paragraph 231 of the Second Amended Complaint.

232. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 231 in response to the averments set forth in Paragraph 232 of the Second Amended Complaint.

233. Defendant denies the averments set forth in Paragraph 233 of the Second Amended Complaint.

234. Defendant denies the averments set forth in Paragraph 234 of the Second Amended Complaint.

235. Defendant denies the averments set forth in Paragraph 235 of the Second Amended Complaint.

236. Defendant denies the averments set forth in Paragraph 236 of the Second Amended Complaint.

237. Defendant denies the averments set forth in Paragraph 237 of the Second Amended Complaint.

238. Defendant denies the averments set forth in Paragraph 238 of the Second Amended Complaint.

239. Defendant denies the averments set forth in Paragraph 239 of the Second Amended Complaint.

240. Defendant denies the averments set forth in Paragraph 240 of the Second Amended Complaint.

241. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 240 in response to the averments set forth in Paragraph 241 of the Second Amended Complaint.

242. In response to the averments set forth in Paragraph 242 of the Second Amended Complaint, Defendant admits that during Mr. Maples' employment with Knox Trailers Plaintiffs maintained certain customer information, including some of the nature described in Paragraph 242. Defendant denies that any of the information maintained by Knox Trailers concerning its customers as described in Paragraph 242 constitutes a trade secret as defined under applicable law.

243. In response to the averments set forth in Paragraph 243 of the Second Amended Complaint, Defendant admits that during Mr. Maples' employment with Knox Trailers Plaintiffs maintained certain customer information, including some of the nature described in Paragraph 242. Defendant denies that any of the information maintained by Knox Trailers concerning its customers as described in Paragraph 242 constitutes a trade secret as defined under applicable law. Defendant denies all remaining averments of Paragraph 243.

244. Defendant denies the averments set forth in Paragraph 244 the Second Amended Complaint. Defendant denies that any of the customer information maintained by Knox Trailers in this program constitutes a trade secret as defined under applicable law. Defendant denies that the software used by Knox Trailers was "proprietary" to Knox Trailers. Defendant admits that the software program may have been proprietary to its manufacturer. Defendant denies all remaining averments of Paragraph 244.

245. Defendant denies the averments set forth in Paragraph 245 of the Second Amended Complaint.

246. Defendant denies the averments set forth in Paragraph 246 of the Second Amended Complaint.

247. Defendant denies the averments set forth in Paragraph 247 of the Second Amended Complaint.

248. Defendant denies the averments set forth in Paragraph 248 of the Second Amended Complaint.

249. Defendant denies the averments set forth in Paragraph 249 of the Second Amended Complaint.

250. Defendant denies the averments set forth in Paragraph 250 of the Second Amended Complaint.

251. Defendant denies the averments set forth in Paragraph 251 of the Second Amended Complaint.

252. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 251 in response to the averments set forth in Paragraph 252 of the Second Amended Complaint.

253. In response to the averments set forth in Paragraph 253 of the Second Amended Complaint, Defendant admits that during Mr. Maples' employment with Post Plaintiffs maintained certain customer information, including some of the nature described in Paragraph 253. Defendant denies that the customer information described in Paragraph 253 constitutes a trade secret as defined under applicable law.

254. Defendant denies the averments set forth in Paragraph 254 of the Second Amended Complaint.

255. Defendant denies the averments set forth in Paragraph 255 of the Second Amended Complaint. Defendant denies that any of the customer information maintained by Post in this program constitutes a trade secret as defined under applicable law. Defendant denies that the software used by Post was "proprietary" with respect to Post. Defendant admits that the software program may have been proprietary with respect to its manufacturer.

256. Defendant denies the averments set forth in Paragraph 256 of the Second Amended Complaint.

257. Defendant denies the averments set forth in Paragraph 257 of the Second Amended Complaint.

258. Defendant denies the averments set forth in Paragraph 258 of the Second Amended Complaint.

259. Defendant denies the averments set forth in Paragraph 259 of the Second Amended Complaint.

260. Defendant denies the averments set forth in Paragraph 260 of the Second Amended Complaint.

261. Defendant denies the averments set forth in Paragraph 261 of the Second Amended Complaint.

262. Defendant denies the averments set forth in Paragraph 262 of the Second Amended Complaint.

263. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 262 in response to the averments set forth in Paragraph 263 of the Second Amended Complaint.

264. In response to the averments set forth in Paragraph 264 of the Second Amended Complaint, Defendant admits that during Mr. Maples' employment with Knox Trailers Plaintiffs maintained certain customer information, including some of the nature described in Paragraph 242. Defendant denies that any of the customer information described in Paragraph 242 constitutes a trade secret as defined under applicable law.

265. In response to the averments set forth in Paragraph 265 of the Second Amended Complaint, Defendant denies that any of the information maintained by Knox Trailers pertaining to its customers constitutes a trade secret as defined under applicable law.

266. Defendant denies the averments set forth in Paragraph 266 the Second Amended Complaint. Defendant denies that any of the customer information maintained by Knox Trailers in this program constitutes a trade secret as defined under applicable law. Defendant denies that

35

the software used by Knox Trailers was "proprietary" to Knox Trailers. Defendant admits that the software program may have been proprietary to its manufacturer.

267. Defendant denies the averments set forth in Paragraph 267 of the Second Amended Complaint.

268. Defendant denies the averments set forth in Paragraph 268 of the Second Amended Complaint.

269. Defendant denies the averments set forth in Paragraph 269 of the Second Amended Complaint.

270. Defendant denies the averments set forth in Paragraph 270 of the Second Amended Complaint.

271. Defendant denies the averments set forth in Paragraph 271 of the Second Amended Complaint.

272. Defendant denies the averments set forth in Paragraph 272 of the Second Amended Complaint.

273. Defendant denies the averments set forth in Paragraph 273 of the Second Amended Complaint.

274. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 273 in response to the averments set forth in Paragraph 274 of the Second Amended Complaint.

275. In response to the averments set forth in Paragraph 275 of the Second Amended Complaint, Defendant admits that Knox Trailers uses the SouthWare computer program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 275.

276. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 276 of the Second Amended Complaint.

277. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 277 of the Second Amended Complaint.

278. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 278 of the Second Amended Complaint.

279. Defendant denies the averments set forth in Paragraph 279 of the Second Amended Complaint.

280. Defendant denies the averments set forth in Paragraph 280 of the Second Amended Complaint.

281. Defendant denies the averments set forth in Paragraph 281 of the Second Amended Complaint.

282. Defendant denies the averments set forth in Paragraph 282 of the Second Amended Complaint.

283. Defendant denies the averments set forth in Paragraph 283 of the Second Amended Complaint.

284. Defendant denies the averments set forth in Paragraph 284 of the Second Amended Complaint.

285. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 284 in response to the averments set forth in Paragraph 285 of the Second Amended Complaint.

286. In response to the averments set forth in Paragraph 286 of the Second Amended Complaint, Defendant admits that during Mr. Maples' employment Plaintiffs maintained various

types of paper and electronic documents, some of which contained customer inventory information.

287. In response to the averments set forth in Paragraph 287 of the Second Amended Complaint Defendant denies that Mr. Maples or Mr. Henegar misappropriated any inventory for any use by Titan. Defendant admits that Ms. Clark and/or Mr. Henegar retained copies of some basic business forms for Titan's use such as check forms, employee policies and estimate forms. Defendant denies these were unique to Plaintiffs' business but are instead commonly used forms. Defendant admits Mr. Maples downloaded Plaintiffs' SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

288. In response to the averments set forth in Paragraph 288 of the Second Amended Complaint Defendant denies that Mr. Maples or Mr. Henegar misappropriated any inventory for any use by Titan. Defendant admits that Ms. Clark and/or Mr. Henegar retained copies of some basic business forms for Titan's use such as check forms, employee policies and estimate forms. Defendant denies these were unique to Plaintiffs' business but are instead commonly used forms. Defendant admits Mr. Maples downloaded Plaintiffs' SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

289. In response to the averments set forth in Paragraph 289 of the Second Amended Complaint Defendant denies that Mr. Maples or Mr. Henegar misappropriated any inventory for any use by Titan. Defendant admits that Ms. Clark and/or Mr. Henegar retained copies of some basic business forms for Titan's use such as check forms, employee policies and estimate forms. Defendant denies these were unique to Plaintiffs' business but are instead commonly used forms.

Defendant admits Mr. Maples downloaded Plaintiffs' SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

290. In response to the averments set forth in Paragraph 290 of the Second Amended Complaint Defendant denies that Mr. Maples or Mr. Henegar misappropriated any inventory for any use by Titan. Defendant admits that Ms. Clark and/or Mr. Henegar retained copies of some basic business forms for Titan's use such as check forms, employee policies and estimate forms. Defendant denies these were unique to Plaintiffs' business but are instead commonly used forms. Defendant admits Mr. Maples downloaded Plaintiffs' SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

291. Defendant denies the averments set forth in Paragraph 291 of the Second Amended Complaint.

292. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 292 of the Second Amended Complaint.

293. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 293 of the Second Amended Complaint.

294. Defendant denies the averments set forth in Paragraph 294 of the Second Amended Complaint.

295. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 295 of the Second Amended Complaint.

296. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 296 of the Second Amended Complaint.

297. Defendant denies the averments set forth in Paragraph 297 of the Second Amended Complaint.

298. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 298 of the Second Amended Complaint.

299. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 299 of the Second Amended Complaint.

300. Defendant denies the averments set forth in Paragraph 300 of the Second Amended Complaint.

301. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 301 of the Second Amended Complaint.

302. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 302 of the Second Amended Complaint.

303. Defendant denies the averments set forth in Paragraph 303 of the Second Amended Complaint.

304. Defendant denies the averments set forth in Paragraph 304 of the Second Amended Complaint.

305. Defendant denies the averments set forth in Paragraph 305 of the Second Amended Complaint.

306. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 305 in response to the averments set forth in Paragraph 306 of the Second Amended Complaint.

307. In response to the averments set forth in Paragraph 307 of the Second Amended Complaint, Defendant admits that during Mr. Maples' employment Plaintiffs maintained various

types of paper and electronic documents, some of which contained customer inventory information.

308. In response to the averments set forth in Paragraph 308 of the Second Amended Complaint, Defendant denies that Mr. Maples or Mr. Henegar misappropriated any inventory for any use by Titan. Defendant admits that Ms. Clark and/or Mr. Henegar retained copies of some basic business forms for Titan's use such as check forms, employee policies and estimate forms. Defendant denies these were unique to Plaintiffs' business but are instead commonly used forms. Defendant admits Mr. Maples downloaded Plaintiffs' SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

309. Defendant denies the averments set forth in Paragraph 309 of the Second Amended Complaint, except it admits Mr. Maples downloaded Plaintiff's SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

310. Defendant denies the averments set forth in Paragraph 310 of the Second Amended Complaint, except it admits Mr. Maples downloaded Plaintiff's SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

311. Defendant denies the averments set forth in Paragraph 311 of the Second Amended Complaint, except it admits Mr. Maples downloaded Plaintiff's SouthWare operating system as described in Paragraph 272 of this answer. Defendant denies it used or retained the information downloaded except as admitted in Paragraph 272 of this answer.

312. Defendant denies the averments set forth in Paragraph 312 of the Second Amended Complaint.

313. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 313 of the Second Amended Complaint.

314. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 314 of the Second Amended Complaint.

315. Defendant denies the averments set forth in Paragraph 315 of the Second Amended Complaint.

316. Defendant denies the averments set forth in Paragraph 316 of the Second Amended Complaint.

317. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 317 of the Second Amended Complaint.

318. Defendant denies the averments set forth in Paragraph 318 of the Second Amended Complaint.

319. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 319 of the Second Amended Complaint.

320. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 320 of the Second Amended Complaint.

321. Defendant denies the averments set forth in Paragraph 321 of the Second Amended Complaint.

322. Defendant denies the averments set forth in Paragraph 322 of the Second Amended Complaint.

323. Defendant denies the averments set forth in Paragraph 323 of the Second Amended Complaint.

324. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 323 in response to the averments set forth in Paragraph 324 of the Second Amended Complaint.

325. Defendant denies the averments set forth in Paragraph 325 of the Second Amended Complaint.

326. Defendant denies the averments set forth in Paragraph 326 of the Second Amended Complaint.

327. Defendant denies the averments set forth in Paragraph 327 of the Second Amended Complaint.

328. Defendant denies the averments set forth in Paragraph 328 of the Second Amended Complaint.

329. Defendant denies the averments set forth in Paragraph 329 of the Second Amended Complaint.

330. Defendant denies the averments set forth in Paragraph 330 of the Second Amended Complaint.

331. Defendant denies the averments set forth in Paragraph 331 of the Second Amended Complaint.

332. Defendant adopts and incorporates herein his responses to Paragraphs 1 through 331 in response to the averments set forth in Paragraph 332 of the Second Amended Complaint.

333. Defendant denies the averments set forth in Paragraph 333 of the Second Amended Complaint.

334. Defendant denies the averments set forth in Paragraph 334 of the Second Amended Complaint.

335. Defendant denies the averments set forth in Paragraph 335 of the Second Amended Complaint.

336. Defendant denies the averments set forth in Paragraph 336 of the Second Amended Complaint.

337. Defendant denies the averments set forth in Paragraph 337 of the Second Amended Complaint.

338. Defendant denies the averments set forth in Paragraph 338 of the Second Amended Complaint.

339. Defendant denies the averments set forth in Paragraph 339 of the Second Amended Complaint.

340. Defendant adopts and incorporates herein its responses to Paragraphs 1 through 339 in response to the averments set forth in Paragraph 340 of the Second Amended Complaint.

341. Defendant denies the averments set forth in Paragraph 341 of the Second Amended Complaint.

342. Defendant denies the averments set forth in Paragraph 342 of the Second Amended Complaint.

343. Defendant denies the averments set forth in Paragraph 343 of the Second Amended Complaint.

344. Defendant denies the averments set forth in Paragraph 344 of the Second Amended Complaint.

345.    Defendant denies the averments set forth in Paragraph 345 of the Second Amended Complaint.

346.    Defendant denies the averments set forth in Paragraph 346 of the Second Amended Complaint.

347.    Defendant adopts and incorporates herein its response to Paragraphs 1 through 346 in response to the averments set forth in Paragraph 347 of the Second Amended Complaint.

348.    Defendant denies the averments set forth in Paragraph 348 of the Second Amended Complaint.

349.    Defendant denies the averments set forth in Paragraph 349 of the Second Amended Complaint.

350.    Defendant denies the averments set forth in Paragraph 350 of the Second Amended Complaint.

351.    Defendant denies the averments set forth in Paragraph 351 of the Second Amended Complaint.

352.    Defendant denies the averments set forth in Paragraph 352 of the Second Amended Complaint.

353.    Defendant denies the averments set forth in Paragraph 353 of the Second Amended Complaint.

## **THIRD DEFENSE**

To the extent Plaintiff's claims alleged against Defendant under the Tennessee Uniform Trade Secrets Act were made in bad faith, Defendant is entitled to an award of his reasonable attorneys fees and litigation expenses incurred in defending that claim pursuant to Tenn. Code Ann. §47 – 25 – 1705.

45

## FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages, or in the alternative, Plaintiffs' damages should be limited or reduced by their failure to mitigate in the future.

## FIFTH DEFENSE

As an affirmative defense, Defendant relies upon the statutory caps upon compensatory and punitive damages as provided for in Tenn. Code Ann. §29 – 39 –102 and 104.

Wherefore, Defendant prays that plaintiffs' action be dismissed and that he be awarded his reasonable attorney's fees and costs. Defendant further prays that the Court grant him any and all other relief to which he may be entitled.

This the 17th day of May, 2021.

/s/ *John M. Lawhorn*
John M. Lawhorn (BPR No. 14388)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
*Attorney for Defendants Billy Maples, Amanda Maples and Titan Trailer Repair & Sales, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 17th day of May, 2021, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Shelley S. Breeding, Esq.
Breeding Olinzock Carter Crippen PC
800 South Gay Street, Suite 1200
Knoxville, TN  37929

Jimmie G. Carter, Jr., Esq.
Breeding Olinzock Carter Crippen PC
800 South Gay Street, Suite 1200
Knoxville, TN  37929

Madeline S. Copes, Esq.
Breeding Olinzock Carter Crippen PC
800 South Gay Street, Suite 1200
Knoxville, TN  37929

Chris W. McCarty
Lewis Thomason
620 Market Street, 5th Floor
P.O. Box 2425
Knoxville, TN 37901-2425

/s/  *John M. Lawhorn*
John M. Lawhorn
**FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\CLIENTS\8537\0000001\PLEADING\02212585.DOCX

47