**KNOX TRAILERS, INC. and POST TRAILER
REPAIRS, INC.,**

         Plaintiffs

vs.

**JEFF CLARK, individually; AMY CLARK,
individually; PAUL HENNAGER, individually;
ROY BAILEY, individually; BILLY MAPLES,
d/b/a TITAN TRAILERS REPAIRS & SALES,
LLC; BILLY MAPLES, individually; AMANDA
MAPLES, individually; and TITAN TRAILERS
REPAIRS & SALES, LLC.**

         Defendants

No.: 3:20-cv-00137

## ANSWER OF DEFENDANT AMANDA MAPLES
## TO SECOND AMENDED COMPLAINT

Defendant, Amanda Maples submits the following Answer and defenses to Plaintiffs'

Second Amended Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim on behalf of Plaintiff Knox Trailers, Inc. (hereafter

"Knox Trailers") upon which relief can be granted against Defendant.

### SECOND DEFENSE

The Complaint fails to state a claim on behalf of Plaintiff Post Trailer Repairs, Inc.

(hereinafter "Post") upon which relief can be granted against Defendant.

### THIRD DEFENSE

In response to the specific averments set forth in the Second Amended Complaint,

Defendant answers as follows:

1. Defendant admits the averments set forth in Paragraph 1 of the Second Amended Complaint.

2. Defendant admits the averments set forth in Paragraph 2 of the Second Amended Complaint.

3. Defendant admits the averments set forth in Paragraph 3 of the Second Amended Complaint.

4. Defendant admits the averments set forth in Paragraph 4 of the Second Amended Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 of the Second Amended Complaint.

6. Defendant admits the averments set forth in Paragraph 6 of the Second Amended Complaint.

7. Defendant admits the averments set forth in Paragraph 7 of the Second Amended Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 8 of the Second Amended Complaint.

9. Defendant admits the averments set forth in Paragraph 9 of the Second Amended Complaint.

10. In response to the averments set forth in Paragraph 10 of the Second Amended Complaint, Defendant admits that Mr. Clark was employed by Knox Trailers until sometime in March 2020. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set with Paragraph 10.

2

11. Defendant admits the averments set forth in Paragraph 11 of the Second Amended Complaint.

12. Defendant admits the averments set forth in Paragraph 12 of the Second Amended Complaint.

13. In response to the averments set forth in Paragraph 13 of the Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief concerning the date on which Ms. Clark commenced employment with Knox Trailers. Defendant admits that for a period of several years prior to March 2020 Ms. Clark was employed by Knox Trailers as an administrative assistant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 pertaining to Ms. Clark's duties while employed at Knox Trailers. Defendant admits that Ms. Clark was for a brief period of time an employee of Post, but Defendant cannot recall the specific time frame. Defendant admits that Ms. Clark would on occasion be asked to perform administrative functions for Post on an as needed basis.

14. Defendant admits the averments set forth in Paragraph 14 of the Second Amended Complaint.

15. Defendant admits the averments set forth in Paragraph 15 of the Second Amended Complaint.

16. In response the averments set forth in Paragraph 16 of the Second Amended Complaint, Defendant admits that Mr. Henegar was employed by Knox Trailers until sometime in March 2020. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 16.

17. Defendant admits the averments set forth in Paragraph 17 of the Second Amended Complaint.

18. Defendant admits the averments set forth in Paragraph 18 of the Second Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief sufficient to form a belief as to the averments set forth in Paragraph 19 of the Second Amended Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 20 of the Second Amended Complaint.

21. Defendant admits the averments set forth in Paragraph 21 of the Second Amended Complaint.

22. Defendant admits the averments set forth in Paragraph 22 of the Second Amended Complaint.

23. In response to the averments set forth in Paragraph 23 of the Second Amended Complaint. Defendant admits that Mr. Maples was a "cofounder" and is a part owner of Titan and Trailer Repairs & Sales, LLC ("Titan").

24. Defendant admits the averments set forth in Paragraph 24 of the Second Amended Complaint.

25. Defendant admits that during the referenced time frame she performed various administrative duties typically performed by a non-managerial employee. Defendant denies that she was primarily responsible for the enumerated duties. Defendant admits she performed payroll entry for Knox Trailers on occasion. Defendant admits she had access to payroll information at Post. Defendant denies she was ever issued a personal login and password for

4

Knox Trailers' SouthWare system, but admits she had access to Knox Trailers' payroll information through use of Amy Clark and Billy Maples' login and password. Defendant denies the remaining averments set forth in Paragraph 25.

26. Defendant admits the averments set forth in Paragraph 26 of the Second Amended Complaint upon information and belief.

27. In response to the averments set forth in Paragraph 27 of the Second Amended Complaint, Defendant admits that Mr. Powell was employed by Knox Trailers until sometime in 2019. She is without knowledge of information sufficient to form a belief as to the remaining averments set forth in Paragraph 27.

28. Defendant admits the averments set forth in Paragraph 28 of the Second Amended Complaint.

29. Defendant admits the averments set forth in Paragraph 29 of the Second Amended Complaint.

30. In response to the averments set forth in Paragraph 30 of the Second Amended Complaint, Defendant admits that her husband and Mr. Brownlee undertook preliminary steps to create a business entity that eventually became Titan in early 2020 while her husband was still employed by Plaintiffs.

31. Defendant admits the averments set forth in Paragraph 31 of the Second Amended Complaint upon information and belief.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 32 of the Second Amended Complaint.

33. Defendant denies the averments set forth in Paragraph 33 of the Second Amended Complaint as stated. Defendant states that prior to sometime in early 2018 her husband was

5

responsible for the day-to-day management of Knox Trailers and Post. Defendant denies that her husband "bore primary responsibility" for all aspects of the business operations. Defendant denies the entirety of the averments set forth in Paragraph 33 to the extent they relate to the period of time occurring after sometime in early 2018 through the date of her husband's involuntary termination on March 5, 2020.

34. Defendant admits the averments set forth in Paragraph 34 of the Second Amended Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 of the Second Amended Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 36 of the Second Amended Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 37 of the Second Amended Complaint.

38. In response to the averments set forth in Paragraph 38 of the Second Amended Complaint, Defendant admits that at some point in 2019 one or both Plaintiffs engaged the services of Paradigm to assist in the management of Plaintiffs businesses. She is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 38.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 of the Second Amended Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 40 of the Second Amended Complaint.

6

41. The averments set forth in Paragraph 41 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

42. The averments set forth in Paragraph 42 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

43. The averments set forth in Paragraph 43 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

44. Defendant denies the averments set forth in Paragraph 44 of the Second Amended Complaint.

45. In response to the averments set forth in Paragraph 45 of the Second Amended Complaint Defendant denies that her husband took any unauthorized bonuses or expense reimbursements.

46. Defendant denies the averments set forth in Paragraph 46 of the Second Amended Complaint.

47. In response to the averments set forth in Paragraph 47 of the Second Amended Complaint, Defendant denies that the two checks were for unauthorized bonuses; but avers instead that the checks were specifically authorized and approved by Plaintiffs' owner, Steve Fultz. Defendant admits that the two referenced checks were issued payable as described by Ms. Clark, at Mr. Maples' instruction after they were approved by Mr. Fultz.

48. In response to the averments set forth in Paragraph 48 of the Second Amended Complaint, Defendant denies that the two checks were for unauthorized bonuses; but avers instead that the checks were specifically authorized and approved by Plaintiffs' owner, Steve Fultz as payments in lieu of sums due to Mr. Maples as bonus income. Defendant admits that the

7

two referenced checks were issued payable as described by Ms. Clark, at Mr. Maples' instruction after they were approved by Mr. Fultz.

49. In response to the averments set forth in Paragraph 49 of the Second Amended Complaint, Defendant admits that in late 2016 Plaintiffs' owner informed Mr. Maples he wanted to purchase a new pickup truck for Mr. Maple's use.

50. In response to the averments set forth in Paragraph 50 of the Second Amended Complaint, Defendant admits that the vehicle purchased contained a diesel package that cost an additional $5,000. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 50.

51. In response to the averments set forth in Paragraph 51 of the Second Amended Complaint, Defendant admits that Mr. Maples offered to pay the additional $5,000 toward the purchase of the vehicle with his own funds based on conversations with then owner Ray Jones that Mr. Maples would at some point in the future receive an ownership interest in Plaintiffs. While Mr. Jones did not require that payment from Mr. Maples, he allowed Mr. Maples to make it.

52. In response to the averments set forth in Paragraph 52 of the Second Amended Complaint, Defendant admits that in December 2018 when Mr. Maples learned that Ray Jones sold his interest in Plaintiffs to Steve Fultz, Mr. Maples spoke with both Mr. Jones and Mr. Fultz about the $5,000 contribution he previously made toward the purchase of the truck and how that payment should be reimbursed to him if he was not going to receive any ownership interest. Both Mr. Jones and Mr. Fultz agreed that was fair. Defendant admits that Mr. Maples thereafter instructed Ms. Clark to issue him a reimbursement check for $5,000, per the understanding reached with Mr. Jones and Mr. Fultz.

53.     Defendant denies the averments set forth in Paragraph 53 of the Second Amended Complaint.

54.     In response to the averments set forth in Paragraph 54 of the Second Amended Complaint, Defendant admits that at various times prior to October 2019 her husband charged personal expenses on credit cards issued to him by Knox Trailers, but did so only with the express permission and knowledge of the controlling shareholder(s) at that time.   Defendant admits that her husband occasionally charged some food and fuel expenses on Plaintiffs' credit cards while on family vacations to Florida. Defendant denies all other averments of Paragraph 54.

55.     In response to the averments set forth in Paragraph 55 of the Second Amended Complaint, Defendant states she is without knowledge or information sufficient to form a belief as to the exact amount of owner authorized expenditures paid to her husband for certain of his personal expenditures on a monthly basis for the unspecified "several years" referenced in Paragraph 55. Defendant denies, however, that her husband received the benefit of "over $2000 per month for personal expenditures."

56.     The averments set forth in Paragraph 56 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

57.     The averments set forth in Paragraph 57 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

58.     The averments set forth in Paragraph 58 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

59.     The averments set forth in Paragraph 59 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

60. The averments set forth in Paragraph 60 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

61. The averments set forth in Paragraph 61 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

62. Defendant denies the averments set forth in Paragraph 62 of the Second Amended Complaint.

63. In response to the averments set forth in Paragraph 63 the Second Amended Complaint, Defendant admits that she from time to time used a credit card issued to her by Post to purchase fuel for her vehicle. Defendant denies that such fuel purchasers were unrelated to legitimate business activity or not authorized by Post.

64. Defendant denies the averments set forth in Paragraph 64 of the Second Amended Complaint.

65. The averments set forth in Paragraph 65 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

66. The averments set forth in Paragraph 66 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

67. Defendant denies the averments set forth in Paragraph 67 of the Second Amended Complaint.

68. Defendant admits the averments set forth in Paragraph 68 of the Second Amended Complaint.

69. Defendant admits the averments set forth in Paragraph 69 of the Second Amended Complaint.

10

70. The averments set forth in Paragraph 70 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

71. The averments set forth in Paragraph 71 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

72. Defendant denies the averments set forth in Paragraph 72 of the Second Amended Complaint.

73. Defendant denies the averments set forth in Paragraph 73 of the Second Amended Complaint.

74. Defendant denies the averments set forth in Paragraph 74 the Second Amended Complaint.

75. The averments set forth in Paragraph 75 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

76. The averments set forth in Paragraph 76 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

77. In response to the averments set forth in Paragraph 77 of the Second Amended Complaint, Defendant admits that Mr. Maples offered Mr. Smith a greater employer contribution toward Mr. Smith's health insurance benefit as an inducement to accept a new position within the organization that needed to be filled. Defendant denies Mr. Maples made this offer without authorization insofar as Mr. Maples, as General Manager, was responsible for and had authority to address employee compensation and benefits.

78. In response to the averments set forth in Paragraph 78 of the Second Amended Complaint, Defendant admits that Mr. Maples offered Mr. Smith a greater employer contribution toward Mr. Smith's health insurance benefit as an inducement to accept a new position within

11

the organization that needed to be filled. Defendant denies Mr. Maples made this offer without authorization insofar as Mr. Maples, as General Manager, was responsible for and had authority to address employee compensation and benefits.

79. Defendant denies the averments set forth in Paragraph 79 of the Second Amended Complaint.

80. Defendant denies the averments set forth in Paragraph 80 of the Second Amended Complaint.

81. The averments set forth in Paragraph 81 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

82. The averments set forth in Paragraph 82 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

83. The averments set forth in Paragraph 83 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

84. The averments set forth in Paragraph 84 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

85. The averments set forth in Paragraph 85 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

86. The averments set forth in Paragraph 86 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

87. The averments set forth in Paragraph 87 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

88. The averments set forth in Paragraph 88 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

89. The averments set forth in Paragraph 89 the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

90. The averments set forth in Paragraph 90 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

91. The averments set forth in Paragraph 91 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

92. The averments set forth in Paragraph 92 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

93. The averments set forth in Paragraph 93 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

94. The averments set forth in Paragraph 94 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

95. The averments set forth in Paragraph 95 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

96. The averments set forth in Paragraph 96 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

97. The averments set forth in Paragraph 97 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

98. The averments set forth in Paragraph 98 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

99. The averments set forth in Paragraph 99 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

100. The averments set forth in Paragraph 100 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

101. The averments set forth in Paragraph 101 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

102. The averments set forth in Paragraph 102 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

103. The averments set forth in Paragraph 103 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

104. The averments set forth in Paragraph 104 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

105. The averments set forth in Paragraph 105 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

106. The averments set forth in Paragraph 106 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

107. The averments set forth in Paragraph 107 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

108. The averments set forth in Paragraph 108 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

109. The averments set forth in Paragraph 109 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

110. The averments set forth in Paragraph 110 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

111. The averments set forth in Paragraph 111 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

112. The averments set forth in Paragraph 112 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

113. The averments set forth in Paragraph 113 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

114. The averments set forth in Paragraph 114 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

115. The averments set forth in Paragraph 115 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

116. The averments set forth in Paragraph 116 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

117. The averments set forth in Paragraph 117 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

118. The averments set forth in Paragraph 118 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

119. The averments set forth in Paragraph 119 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

120. The averments set forth in Paragraph 120 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

121. The averments set forth in Paragraph 121 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

122. The averments set forth in Paragraph 122 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

123. The averments set forth in Paragraph 123 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

124. The averments set forth in Paragraph 124 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

125. The averments set forth in Paragraph 125 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

126. The averments set forth in Paragraph 126 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

127. The averments set forth in Paragraph 127 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

128. The averments set forth in Paragraph 128 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

129. The averments set forth in Paragraph 129 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

130. The averments set forth in Paragraph 130 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

131. The averments set forth in Paragraph 131 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

132. The averments set forth in Paragraph 132 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

133. The averments set forth in Paragraph 133 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

134. The averments set forth in Paragraph 134 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

135. The averments set forth in Paragraph 135 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

136. The averments set forth in Paragraph 136 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

137. The averments set forth in Paragraph 137 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

138. The averments set forth in Paragraph 138 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

139. The averments set forth in Paragraph 139 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

140. The averments set forth in Paragraph 140 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

141. The averments set forth in Paragraph 141 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

142. The averments set forth in Paragraph 142 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

143. The averments set forth in Paragraph 143 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

17

144. The averments set forth in Paragraph 144 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

145. The averments set forth in Paragraph 145 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

146. The averments set forth in Paragraph 146 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

147. The averments set forth in Paragraph 147 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

148. The averments set forth in Paragraph 148 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

149. Defendant denies the averments set forth in Paragraph 149 of the Second Amended Complaint.

150. Defendant denies the averments set forth in Paragraph 150 of the Second Amended Complaint.

151. The averments set forth in Paragraph 151 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

152. Defendant denies the averments set forth in Paragraph 152 of the Second Amended Complaint.

153. In response to the averments set forth in Paragraph 153 of the Second Amended Complaint, Defendant admits that during her employment with Post she understood Knox Trailers was a local distributor for Great Dane.

154. Defendant admits the averments set forth in Paragraph 154 of the Second Amended Complaint.

18

155. Defendant denies the averments set forth in Paragraph 155 of the Second Amended Complaint.

156. The averments set forth in Paragraph 156 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

157. The averments set forth in Paragraph 157 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

158. The averments set forth in Paragraph 158 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

159. The averments set forth in Paragraph 159 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

160. The averments set forth in Paragraph 160 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

161. The averments set forth in Paragraph 161 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

162. The averments set forth in Paragraph 162 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

163. The averments set forth in Paragraph 163 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

164. The averments set forth in Paragraph 164 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

165. The averments set forth in Paragraph 165 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

166. The averments set forth in Paragraph 166 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

167. The averments set forth in Paragraph 167 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

168. The averments set forth in Paragraph 168 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

169. In response to the averments set forth in Paragraph 169 of the Second Amended Complaint, Defendant denies that she engaged in any conduct for which Plaintiffs are entitled to an award of damages against her.

170. The averments set forth in Paragraph 170 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

171. Defendant denies the averments set forth in Paragraph 171 of the Second Amended Complaint as they pertain to her. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 171.

172. The averments set forth in Paragraph 172 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

173. The averments set forth in Paragraph 173 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

174. The averments set forth in Paragraph 174 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

175. Defendant denies the averments set forth in Paragraph 175 of the Second Amended Complaint.

176. Defendant denies the averments set forth in Paragraph 176 of the Second Amended Complaint.

177. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 177 of the Second Amended Complaint.

178. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 178 of the Second Amended Complaint.

179. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 179 of the Second Amended Complaint.

180. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 180 of the Second Amended Complaint.

181. In response to the averments set forth in Paragraph 181 of the Second Amended Complaint, Defendant admits that both Plaintiffs use the SouthWare computer program. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 181.

182. Defendant admits the averments set forth in Paragraph 182 of the Second Amended Complaint.

183. In response to the averments set forth in Paragraph 183 of the Second Amended Complaint, Defendant admits both Plaintiffs use SouthWare. She is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 183.

184. In response to the averments set forth in Paragraph 184 of the Second Amended Complaint, Defendant admits both Plaintiffs use SouthWare. She is without knowledge or

21

information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 184.

185. Defendant denies the averments set forth in Paragraph 185 of the Second Amended Complaint.

186. Defendant denies the averments set forth in Paragraph 186 of the Second Amended Complaint.

187. Defendant denies the averments set forth in Paragraph 187 of the Second Amended Complaint.

188. The averments set forth in Paragraph 188 of the Second Amended Complaint are not directed to this defendant and no response is therefore required of her.

189. The averments set forth in Paragraph 189 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

190. The averments set forth in Paragraph 190 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

191. The averments set forth in Paragraph 191 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

192. The averments set forth in Paragraph 192 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

193. The averments set forth in Paragraph 193 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

194. The averments set forth in Paragraph 194 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

195. The averments set forth in Paragraph 195 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

196. The averments set forth in Paragraph 196 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

197. The averments set forth in Paragraph 197 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

198. The averments set forth in Paragraph 198 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

199. The averments set forth in Paragraph 199 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

200. The averments set forth in Paragraph 200 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

201. The averments set forth in Paragraph 201 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

202. Defendant denies the averments set forth in Paragraph 202 of the Second Amended Complaint.

203. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 202 in response to the averments set forth in Paragraph 203 the Second Amended Complaint.

204. The averments set forth in Paragraph 204 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

205. The averments set forth in Paragraph 205 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

23

206. The averments set forth in Paragraph 206 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

207. The averments set forth in Paragraph 207 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

208. The averments set forth in Paragraph 208 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

209. The averments set forth in Paragraph 209 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her. Defendant nonetheless denies that her husband engaged in any of the conduct alleged in Paragraph 209.

210. The averments set forth in Paragraph 210 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

211. The averments set forth in Paragraph 211 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

212. The averments set forth in Paragraph 212 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

213. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 212 in response to the averments set forth in Paragraph 213 of the Second Amended Complaint.

214. In response to the averments set forth in Paragraph 214 of the Second Amended Complaint, Defendant admits that while employed by Post she owed the extent of fiduciary duties imposed by law upon a non-management employee.

215. The averments set forth in Paragraph 215 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

216. The averments set forth in Paragraph 216 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

217. Defendant denies the averments set forth in Paragraph 217 of the Second Amended Complaint.

218. Defendant denies the averments set forth in Paragraph 218 of the Second Amended Complaint.

219. Defendant denies the averments set forth in Paragraph 219 of the Second Amended Complaint.

220. Defendant denies the averments set forth in Paragraph 220 of the Second Amended Complaint.

221. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 220 in response to the averments set forth in Paragraph 221 of the Second Amended Complaint.

222. The averments set forth in Paragraph 222 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

223. The averments set forth in Paragraph 223 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

224. The averments set forth in Paragraph 224 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

225. The averments set forth in Paragraph 225 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

226. There are no averments stated in Paragraph 226 of the Second Amended Complaint requiring a response of this Defendant.

227. The averments set forth in Paragraph 227 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

228. The averments set forth in Paragraph 228 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

229. The averments set forth in Paragraph 229 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

230. The averments set forth in Paragraph 230 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

231. The averments set forth in Paragraph 231 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

232. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 231 in response to the averments set forth in Paragraph 232 of the Second Amended Complaint.

233. The averments set forth in Paragraph 233 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

234. The averments set forth in Paragraph 234 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

235. The averments set forth in Paragraph 235 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

236. The averments set forth in Paragraph 236 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

237. The averments set forth in Paragraph 237 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

238.     The averments set forth in Paragraph 238 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

239.     The averments set forth in Paragraph 239 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

240.     The averments set forth in Paragraph 240 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

241.     Defendant adopts and incorporates herein her responses to Paragraphs 1 through 240 in response to the averments set forth in Paragraph 241 of the Second Amended Complaint.

242.     The averments set forth in Paragraph 242 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

243.     The averments set forth in Paragraph 243 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

244.     The averments set forth in Paragraph 244 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

245.     The averments set forth in Paragraph 245 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

246.     The averments set forth in Paragraph 246 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

247.     The averments set forth in Paragraph 247 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

248.     The averments set forth in Paragraph 248 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

27

249. The averments set forth in Paragraph 249 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

250. The averments set forth in Paragraph 250 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

251. The averments set forth in Paragraph 251 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

252. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 251 in response to the averments set forth in Paragraph 252 of the Second Amended Complaint.

253. In response to the averments set forth in Paragraph 253 of the Second Amended Complaint, Defendant admits that during her employment with Post her employer maintained certain customer information including some of the nature described in Paragraph 253. Defendant denies that the customer information described in Paragraph 253 constitutes a trade secret as defined under applicable law.

254. Defendant denies the averments set forth in Paragraph 254 of the Second Amended Complaint.

255. Defendant denies the averments set forth in Paragraph 255 of the Second Amended Complaint. Defendant denies that any of the customer information maintained by Post in this program constitutes a trade secret is defined under applicable law. Defendant denies that the software used by Post was "proprietary" with respect to Post. Defendant admits that the software program may have been proprietary with respect to its manufacturer.

256. Defendant denies the averments set forth in Paragraph 256 of the Second Amended Complaint.

28

257. Defendant denies the averments set forth in Paragraph 257 of the Second Amended Complaint.

258. The averments set forth in Paragraph 258 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

259. Defendant denies the averments set forth in Paragraph 259 of the Second Amended Complaint.

260. Defendant denies the averments set forth in Paragraph 260 of the Second Amended Complaint.

261. Defendant denies the averments set forth in Paragraph 261 of the Second Amended Complaint.

262. Defendant denies the averments set forth in Paragraph 262 of the Second Amended Complaint.

263. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 262 in response to the averments set forth in Paragraph 263 of the Second Amended Complaint.

264. The averments set forth in Paragraph 264 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

265. The averments set forth in Paragraph 265 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

266. The averments set forth in Paragraph 266 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

267. The averments set forth in Paragraph 267 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

29

268. The averments set forth in Paragraph 268 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

269. The averments set forth in Paragraph 269 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

270. The averments set forth in Paragraph 270 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

271. The averments set forth in Paragraph 271 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

272. The averments set forth in Paragraph 272 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

273. The averments set forth in Paragraph 273 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

274. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 273 in response to the averments set forth in Paragraph 274 of the Second Amended Complaint.

275. In response to the averments set forth in Paragraph 275 of the Second Amended Complaint, Defendant admits that during her employment with Post her employer maintained certain customer information, including some of the nature described in Paragraph 242. Defendant denies that any of the customer information described in Paragraph 242 constitutes a trade secret as defined under applicable law.

276. In response to the averments set forth in Paragraph 276 of the Second Amended Complaint, Defendant denies that any of the information maintained by Post pertaining to its customers constitutes a trade secret is defined under applicable law.

30

277. Defendant denies the averments set forth in Paragraph 277 of the Second Amended Complaint. Defendant denies that any of the customer information maintained by Post in this program constitutes a trade secret is defined under applicable law. Defendant denies that the software used by Post was "proprietary" with respect to Post. Defendant admits that the software program may have been proprietary with respect to its manufacturer.

278. Defendant denies the averments set forth in Paragraph 278 of the Second Amended Complaint.

279. Defendant denies the averments set forth in Paragraph 279 of the Second Amended Complaint.

280. The averments set forth in Paragraph 280 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

281. Defendant denies the averments set forth in Paragraph 281 of the Second Amended Complaint.

282. Defendant denies the averments set forth in Paragraph 282 of the Second Amended Complaint.

283. Defendant denies the averments set forth in Paragraph 283 of the Second Amended Complaint.

284. Defendant denies the averments set forth in Paragraph 284 of the Second Amended Complaint.

285. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 284 in response to the averments set forth in Paragraph 285 of the Second Amended Complaint.

286. The averments set forth in Paragraph 286 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

31

287. The averments set forth in Paragraph 287 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

288. The averments set forth in Paragraph 288 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

289. The averments set forth in Paragraph 289 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

290. The averments set forth in Paragraph 290 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

291. The averments set forth in Paragraph 291 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

292. The averments set forth in Paragraph 292 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

293. The averments set forth in Paragraph 293 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

294. The averments set forth in Paragraph 294 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

295. The averments set forth in Paragraph 295 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

296. The averments set forth in Paragraph 296 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

297. The averments set forth in Paragraph 297 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

298.     The averments set forth in Paragraph 298 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

299.     The averments set forth in Paragraph 299 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

300.     The averments set forth in Paragraph 300 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

301.     The averments set forth in Paragraph 301 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

302.     The averments set forth in Paragraph 302 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

303.     The averments set forth in Paragraph 303 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

304.     The averments set forth in Paragraph 304 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

305.     The averments set forth in Paragraph 305 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

306.     Defendant adopts and incorporates herein her responses to Paragraphs 1 through 305 in response to the averments set forth in Paragraph 306 of the Second Amended Complaint.

307.     In response to the averments set forth in Paragraph 307 of the Second Amended Complaint, Defendant admits that during her employment Post maintained various types of paper and electronic documents, some of which contained customer and inventory information. Defendant denies Post kept records that would be characterized as "customer financial records."

308. Defendant denies the averments set forth in Paragraph 308 of the Second Amended Complaint.

309. Defendant denies the averments set forth in Paragraph 309 of the Second Amended Complaint.

310. Defendant denies the averments set forth in Paragraph 310 of the Second Amended Complaint.

311. Defendant denies the averments set forth in Paragraph 311 of the Second Amended Complaint.

312. Defendant denies the averments set forth in Paragraph 312 of the Second Amended Complaint.

313. Defendant denies the averments set forth in Paragraph 313 of the Second Amended Complaint.

314. Defendant denies the averments set forth in Paragraph 314 of the Second Amended Complaint.

315. Defendant denies the averments set forth in Paragraph 315 of the Second Amended Complaint.

316. The averments set forth in Paragraph 316 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

317. The averments set forth in Paragraph 317 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

318. Defendant denies the averments set forth in Paragraph 318 of the Second Amended Complaint.

319.    Defendant denies the averments set forth in Paragraph 319 of the Second Amended Complaint.

320.    Defendant denies the averments set forth in Paragraph 320 of the Second Amended Complaint.

321.    Defendant denies the averments set forth in Paragraph 321 of the Second Amended Complaint.

322.    Defendant denies the averments set forth in Paragraph 322 of the Second Amended Complaint.

323.    Defendant denies the averments set forth in Paragraph 323 of the Second Amended Complaint.

324.    Defendant adopts and incorporates herein her responses to Paragraphs 1 through 323 in response to the averments set forth in Paragraph 324 of the Second Amended Complaint.

325.    The averments set forth in Paragraph 325 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

326.    The averments set forth in Paragraph 326 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

327.    The averments set forth in Paragraph 327 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

328.    The averments set forth in Paragraph 328 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

329.    The averments set forth in Paragraph 329 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

330. The averments set forth in Paragraph 330 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

331. The averments set forth in Paragraph 331 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

332. Defendant adopts and incorporates herein her responses to Paragraphs 1 through 331 in response to the averments set forth in Paragraph 332 of the Second Amended Complaint.

333. Defendant denies the averments set forth in Paragraph 333 of the Second Amended Complaint.

334. Defendant denies the averments set forth in Paragraph 334 of the Second Amended Complaint.

335. Defendant denies the averments set forth in Paragraph 335 of the Second Amended Complaint.

336. Defendant denies the averments set forth in Paragraph 336 of the Second Amended Complaint.

337. Defendant denies the averments set forth in Paragraph 337 of the Second Amended Complaint.

338. Defendant denies the averments set forth in Paragraph 338 of the Second Amended Complaint.

339. Defendant denies the averments set forth in Paragraph 339 of the Second Amended Complaint.

340. Defendant adopts and incorporates herein its responses to Paragraphs 1 through 339 in response to the averments set forth in Paragraph 340 of the Second Amended Complaint.

Case 3:20-cv-00137-TRM-DCP Document 120 Filed 05/17/21 Page 36 of 39 PageID #: 2070

341. The averments set forth in Paragraph 341 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

342. The averments set forth in Paragraph 342 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

343. The averments set forth in Paragraph 343 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

344. The averments set forth in Paragraph 344 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

345. The averments set forth in Paragraph 345 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

346. The averments set forth in Paragraph 346 of the Second Amended Complaint are not directed to this Defendant and no response is therefore required of her.

347. Defendant adopts and incorporates herein its response to Paragraphs 1 through 346 in response to the averments set forth in Paragraph 347 of the Second Amended Complaint.

348. Defendant denies the averments set forth in Paragraph 348 of the Second Amended Complaint.

349. Defendant denies the averments set forth in Paragraph 349 of the Second Amended Complaint.

350. Defendant denies the averments set forth in Paragraph 350 of the Second Amended Complaint.

351. Defendant denies the averments set forth in Paragraph 351 of the Second Amended Complaint.

352.    Defendant denies the averments set forth in Paragraph 352 of the Second Amended Complaint.

353.    Defendant denies the averments set forth in Paragraph 353 of the Second Amended Complaint.

## THIRD DEFENSE

To the extent Plaintiff's claims alleged against Defendant under the Tennessee Uniform Trade Secrets Act were made in bad faith, Defendant is entitled to an award of his reasonable attorneys fees and litigation expenses incurred in defending that claim pursuant to Tenn. Code Ann. §47 – 25 – 1705.

## FOURTH DEFENSE

Plaintiffs have failed to mitigate their damages, or in the alternative, Plaintiffs' damages should be limited or reduced by their failure to mitigate in the future.

## FIFTH DEFENSE

As an affirmative defense, Defendant relies upon the statutory caps upon compensatory and punitive damages as provided for in Tenn. Code Ann. §29 – 39 –102 and 104.

Wherefore, Defendant prays that plaintiffs' action be dismissed and that he be awarded his reasonable attorney's fees and costs. Defendant further prays that the Court grant him any and all other relief to which he may be entitled.

This the 17th day of May, 2021.

38

/s/ *John M. Lawhorn*

John M. Lawhorn (BPR No. 14388)

**FRANTZ, MCCONNELL & SEYMOUR, LLP**

P.O. Box 39

Knoxville, TN 37901

(865) 546-9321

*Attorney for Defendants Billy Maples, Amanda Maples and Titan Trailer Repair & Sales, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 17th day of May, 2021, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

Shelley S. Breeding, Esq.
Breeding Henry Baysan PC
900 S. Gay Street, Ste. 1950
Knoxville, TN  37902

Jimmie G. Carter, Jr., Esq.
Breeding Henry Baysan PC
900 S. Gay Street, Ste. 1950
Knoxville, TN  37902

Madeline S. Copes, Esq.
Breeding Henry Baysan PC
900 S. Gay Street, Ste. 1950
Knoxville, TN  37902

Chris W. McCarty
Lewis Thomason
620 Market Street, 5th Floor
P.O. Box 2425
Knoxville, TN 37901-2425

/s/  *John M. Lawhorn*

John M. Lawhorn

**FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\CLIENTS\8537\0000001\PLEADING\02212502.DOCX

39