# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| KNOX TRAILERS, INC. and POST TRAILER REPAIRS, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No.: 3:20-cv-00137 |
| JEFF CLARK, Individually; ) AMY CLARK, Individually; ) PAUL HENEGAR, Individually; ) ROY BAILEY, Individually; ) BILLY MAPLES, d/b/a TITAN TRAILERS ) REPAIRS & SALES, LLC; ) BILLY MAPLES, Individually; ) AMANDA MAPLES, Individually; ) STEPHEN POWELL, Individually; ) HEATH BROWNLEE, d/b/a TITAN ) TRAILER REPAIR & SALES, LLC; ) HEATH BROWNLEE, Individually, ) ) | |
| Defendants. ) | |

---

## ANSWER OF DEFENDANTS JEFF CLARK, AMY CLARK, PAUL HENEGAR, ROY BAILEY, TO PLAINTIFFS' SECOND AMENDED COMPLAINT

---

Come the Defendants, Amy Clark, Jeff Clark, Paul Henegar, and Roy Bailey ("Employee Defendants"), by and through counsel, and provide this Answer to the Second Amended Complaint [Doc. 94] filed by Plaintiffs Knox Trailers, Inc. ("Knox Trailers") and Post Trailer Repairs, Inc. ("Post Trailer") ("Knox Trailers" and "Post Trailer" are collectively referred to herein as "Plaintiffs").

1.     Employee Defendants admit the averments set forth in Paragraph 1 of the Second Amended Complaint.

2.     Employee Defendants admit the averments set forth in Paragraph 2 of the Second Amended Complaint.

3.     Employee Defendants admit the averments set forth in Paragraph 3 of the Second Amended Complaint.

**FACTS**

**The Parties**

4.     Employee Defendants admit the averments set forth in Paragraph 4 of the Second Amended Complaint.

5.     Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 of the Second Amended Complaint.

6.     Employee Defendants admit the averments set forth in Paragraph 6 of the Second Amended Complaint.

7.     Employee Defendants admit the averments set forth in Paragraph 7 of the Second Amended Complaint.

8.     Employee Defendants admit the averments set forth in Paragraph 8 of the Second Amended Complaint.

9.     Employee Defendants admit the averments set forth in Paragraph 9 of the Second Amended Complaint.

10. In response to the averments set forth in Paragraph 10 of Second Amended Complaint, Employee Defendants state that Jeff Clark was employed by Knox Trailers from February 2014 until March 2020 as a Road Parts Sales Associate.

11. Employee Defendants admit the averments set forth in Paragraph 11 of the Second Amended Complaint.

12. Employee Defendants admit the averments set forth in Paragraph 12 of the Second Amended Complaint.

13. In response to the averments set forth in Paragraph 13 of the Second Amended Complaint, Employee Defendants state that Amy Clark was employed by Knox Trailers from November 2012 until March 2020 as an administrative assistant. Employee Defendants deny that Amy Clark was employed to work exclusively for Billy Maples or that she ever held the titles of "Human Resources Administrator," or "Payroll Coordinator." Employee Defendants admit that Ms. Clark also performed payroll functions for Post and received separate compensation for that limited role.

14. Employee Defendants admit the averments set forth in Paragraph 14 of the Second Amended Complaint.

15. Employee Defendants admit the averments set forth in Paragraph 15 of the Second Amended Complaint.

16. In response to averments set forth in Paragraph 16 of the Second Amended Complaint, Employee Defendants state Paul Henegar was employed as the Equipment Sales Manager for Knox Trailers from April 2009 until March 2020.

17. Employee Defendants admit the averments set forth in Paragraph 17 of the Second Amended Complaint.

3

18. Employee Defendants admit the averments set forth in Paragraph 18 of the Second Amended Complaint.

19. In response to averments set forth in Paragraph 19 of the Second Amended Complaint, Employee Defendants state Roy Bailey was employed as a parts manager for Knox Trailers from April 2009 until March 2020.

20. Employee Defendants deny the averments set forth in Paragraph 20 of the Second Amended Complaint.

21. Employee Defendants admit the averments set forth in Paragraph 21 of the Second Amended Complaint.

22. In response to the averments set forth in Paragraph 22 of the Second Amended Complaint, Employee Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the date on which Billy Maples commenced employment with Knox Trailers. Employee Defendants admit that Mr. Maples ceased employment with Knox Trailers sometime in March 2020.

23. In response to the averments set forth in Paragraph 23 of the Second Amended Complaint, Employee Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the extent to which Billy Maples has ownership interest in Titan.

24. Employee Defendants admit the averments set forth in Paragraph 24 of the Second Amended Complaint.

25. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 25 of the Second Amended Complaint.

26. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 26 of the Second Amended Complaint.

27. In response to the averments set forth in Paragraph 27 of the Second Amended Complaint, Employee Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the dates which Stephen Powell was employed by Plaintiffs. Employee Defendants admit that Mr. Powell provided technical assistance to Plaintiffs which included use of Southware.

28. Employee Defendants admit the averments set forth in Paragraph 28 of the Second Amended Complaint.

29. In response to the averments set forth in Paragraph 29 of the Second Amended Complaint, Employee Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the extent to which Heath Brownlee has ownership interest in Titan.

30. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 26 of the Second Amended Complaint.

31. In response to the averments set forth in Paragraph 31 of the Second Amended Complaint, Employee Defendants admit that Titan engages in business activities that are competitive with certain aspects of Knox Trailers' business.

32. Employee Defendants deny the averments set forth in Paragraph 32 of the Second Amended Complaint.

33. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 33 of the Second Amended Complaint.

34. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 34 of the Second Amended Complaint.

35. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 of the Second Amended Complaint.

36. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 36 of the Second Amended Complaint.

37. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 37 of the Second Amended Complaint.

38. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 38 of the Second Amended Complaint.

39. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 of the Second Amended Complaint.

40.    Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 40 of the Second Amended Complaint.

41.    The averments set forth in Paragraph 41 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

42.    The averments set forth in Paragraph 42 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

43.    The averments set forth in Paragraph 43 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

44.    Employee Defendants deny the averments set forth in Paragraph 44 of the Second Amended Complaint.

45.    The averments set forth in Paragraph 45 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

46.    The averments set forth in Paragraph 46 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

47.    In response to the averments set forth in Paragraph 47 of the Second Amended Complaint, Ms. Clark admits that she issued two checks payable to Mr. Maples at his instruction. Ms. Clark is without knowledge of information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 47 of the Second Amended Complaint. The averments set forth in Paragraph 47 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

48.    In response to the averments set forth in Paragraph 48 of the Second Amended Complaint, Ms. Clark admits that she issued two checks payable to Mr. Maples at his instruction.

7

Ms. Clark is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 48 of the Second Amended Complaint. The averments set forth in Paragraph 48 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

49. The averments set forth in Paragraph 49 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

50. The averments set forth in Paragraph 50 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

51. The averments set forth in Paragraph 51 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

52. In response to the averments set forth in Paragraph 52 of the Second Amended Complaint, Ms. Clark admits that she issued a check payable to Mr. Maples at his instruction. Ms. Clark is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 52 of the Second Amended Complaint. The averments set forth in Paragraph 52 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

53. The averments set forth in Paragraph 53 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

54. The averments set forth in Paragraph 54 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

55. The averments set forth in Paragraph 55 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

56.	Paul Henegar denies the averments set forth in Paragraph 56 of the Second Amended Complaint.  The averments set forth in Paragraph 56 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is required of them.

57.	In response to the averments set forth in Paragraph 57 of the Second Amended Complaint, Paul Henegar denies that he charged unauthorized personal expenses for meals and fuel to the Knox Trailer's issued company credit card.  All charges on credit cards issued to him by Plaintiff were made with the express permission and knowledge of Plaintiff and for legitimate business activities.  The averments set forth in Paragraph 57 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

58.	In response to the averments set forth in Paragraph 58 of the Second Amended Complaint, Paul Henegar denies that he charged unauthorized personal expenses for meals and fuel to the Knox Trailer's issued company credit card.  All charges on credit cards issued to him by Plaintiff were made with the express permission and knowledge of Plaintiff and for legitimate business activities. The averments set forth in Paragraph 58 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

59.	Roy Bailey denies the averments set forth in Paragraph 59 of the Second Amended Complaint. The averments set forth in Paragraph 59 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

60. In response to the averments set forth in Paragraph 60 of the Second Amended Complaint, Roy Bailey denies that he charged unauthorized personal expenses for meals and fuel to the Knox Trailer's issued company credit card. All charges on credit cards issued to him by Plaintiff were made with the express permission and knowledge of Plaintiff and for legitimate business activities. The averments set forth in Paragraph 60 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

61. In response to the averments set forth in Paragraph 61 of the Second Amended Complaint, Employee Defendants deny that Roy Bailey charged unauthorized personal expenses for meals and fuel to the Knox Trailer's issued company credit card. All charges on credit cards issued to him by Plaintiff were made with the express permission and knowledge of Plaintiff and for legitimate business activities.

62. The averments set forth in Paragraph 62 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

63. The averments set forth in Paragraph 63 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

64. The averments set forth in Paragraph 64 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

65. Amy Clark denies the averments set forth in Paragraph 65 of the Second Amended Complaint to the extent they pertain to Post. Amy Clark admits that her job duties included collecting documentation in support of charges on Knox Trailers' credit card accounts. Amy Clark denies that she was responsible for determining which charges were authorized business expenses. The averments set forth in Paragraph 65 of the Second Amended Complaint

10

do not pertain to the remaining Employee Defendants and no response is therefore required of them.

66.     Amy Clark denies the averments set forth in Paragraph 66 of the Second Amended Complaint to the extent they pertain to Post. Amy Clark admits the averments set forth in Paragraph 66 of the Second Amended Complaint to the extent they pertain to Knox Trailers. Amy Clark further states that she was never instructed or expected to request such documents from Billy Maples or Plaintiffs' owner representatives. The averments set forth in Paragraph 66 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

67.     Amy Clark and Jeff Clark deny the averments set forth in Paragraph 67 of the Second Amended Complaint.  The averments set forth in Paragraph 67 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

68.     Employee Defendants admit the averments set forth in Paragraph 68 of the Second Amended Complaint.

69.     Employee Defendants admit the averments set forth in Paragraph 69 of the Second Amended Complaint.

70.     In response to the averments set forth in Paragraph 70 of the Second Amended Complaint, Amy Clark denies that she was ever "the health insurance representatives for Knox Trailers and Post Trailer." Amy Clarks admits that during the time she served in the position of office administrator for Knox Trailers she was aware of the manner by which health insurance premium payments were allocated between employer and employee.  The averments set forth in

Paragraph 70 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

71. Amy Clark and Jeff Clark deny the averments set forth in Paragraph 71 of the Second Amended Complaint. The averments set forth in Paragraph 71 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

72. Amy Clark and Jeff Clark deny the averments set forth in Paragraph 72 of the Second Amended Complaint. The averments set forth in Paragraph 72 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

73. Employee Defendants deny the averments set forth in Paragraph 73 of the Second Amended Complaint.

74. Employee Defendants deny the averments set forth in Paragraph 74 of the Second Amended Complaint.

75. Employee Defendants deny the averments set forth in Paragraph 75 of the Second Amended Complaint.

76. Employee Defendants deny the averments set forth in Paragraph 76 of the Second Amended Complaint.

77. The averments set forth in Paragraph 77 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

78. The averments set forth in Paragraph 78 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

79. The averments set forth in Paragraph 79 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

80. The averments set forth in Paragraph 80 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

81. Paul Henegar denies the averments set forth in Paragraph 81 of the Second Amended Complaint. The averments set forth in Paragraph 81 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

82. Paul Henegar denies the averments set forth in Paragraph 82 of the Second Amended Complaint. The averments set forth in Paragraph 82 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

83. Paul Henegar denies the averments set forth in Paragraph 83 of the Second Amended Complaint as stated. Mr. Henegar admits that on a few occasions while Billy Maples and Paul Henegar were employed at Knox Trailers they acquired and resold used trailer equipment to customers or others and retained any profit derived for themselves. This included instances where a customer might prefer having used equipment installed by Knox Trailers' service shop instead of purchasing new equipment. In those instances, Knox Trailers still received the benefit of charging the customer for labor and parts associated with the installation of the used equipment. This practice was fully disclosed to Plaintiffs' controlling owner(s) and only proceeded after receiving owner authorization. The averments set forth in Paragraph 83 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

84. In response to the averments set forth in Paragraph 84 of the Second Amended Complaint, Paul Henegar admits that Billy Maples and/or Paul Henegar occasionally stored used trailer equipment they acquired on Plaintiffs' business premises. To the extent it is alleged or implied that Paul Henegar did so without obtaining permission from Plaintiff's controlling owner(s), including that of Mr. Fultz, Mr. Henegar denies same. Paul Henegar admits these trailers or trailer components were never included in any inventory of Plaintiffs' property insofar as these items belonged to Billy Maples and/or Paul Henegar. The averments set forth in Paragraph 84 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

85. In response to the averments set forth in Paragraph 85 of the Second Amended Complaint, Paul Henegar admits that when one of Plaintiffs' other employees assisted in locating a buyer for one of the salvaged trailers or trailer components owned by Billy Maples and/or Paul Henegar, Billy Maples or Paul Henegar often would provide an appreciation payment or referral gift to that person. The averments set forth in Paragraph 85 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

86. Paul Henegar denies the averments set forth in Paragraph 86 of the Second Amended Complaint. The averments set forth in Paragraph 86 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

87. In response to the averments set forth in Paragraph 87 of the Second Amended Complaint, Employee Defendants states they are without knowledge or information sufficient to form a belief as to the truth of the averments concerning any specific transaction insofar as the

stated "example" fails to identify a specific customer or date. Mr. Henegar admits that there indeed were instances in which Billy Maples and/or Paul Henegar offered to acquire used trailer equipment from customers, as they had full permission to do from Plaintiffs' owner(s).

88.     Paul Henegar denies the averments set forth in Paragraph 88 of the Second Amended Complaint to the extent it is alleged that Billy Maples and/or Paul Henegar ever directed a service customer to pay either of them for labor and parts associated with the installation of used trailer equipment owned by Mr. Maples or Mr. Henegar. Paul Henegar admits that there indeed were instances in which he and/or Mr. Maples offered to sell and have installed used trailer equipment where a customer might prefer having used equipment installed by Knox Trailers' service shop instead of purchasing new equipment. In these instances, Knox Trailers still received the benefit of charging the customer for labor and parts associated with the installation of the used equipment. To the extent any payment was made to Mr. Maples or Mr. Henegar it was for the purchase cost of the used equipment.  Mr. Henegar further admits that in instances where customers sought a quote to replace equipment such as trailer boxes or lift gates the quote sometimes included a disposal fee directing that payment of the fee be made to either Mr. Maples or Mr. Henegar. This was quoted since Mr. Maples and Mr. Henegar, not Plaintiffs, were accepting responsibility for disposal in the event the equipment could not be resold. This language was included on quote sheets with the full knowledge and permission of Knox Trailers' owners. While a disposal fee was sometimes quoted, to Mr. Henegar's knowledge it was rarely collected. The averments set forth in Paragraph 88 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

89.     Paul Henegar denies the averments set forth in Paragraph 89 of the Second Amended Complaint to the extent it is alleged that he and/or Mr. Maples ever directed a service

customer to pay either of them for labor and parts associated with the installation of used trailer equipment owned by Mr. Maples or Mr. Henegar. Mr. Henegar admits that there indeed were instances in which he and/or Mr. Maples offered to sell and have installed used trailer equipment where a customer might prefer having used equipment installed by Knox Trailers' service shop instead of purchasing new equipment. In these instances, Knox Trailers still received the benefit of charging the customer for labor and parts associated with the installation of the used equipment. To the extent any payment was made to Mr. Maples or Mr. Henegar it was for the purchase cost of the used equipment. Mr. Henegar further admits that in instances where customers sought a quote to replace equipment such as trailer boxes or lift gates the quote sometimes included a disposal fee directing that payment of the fee be made to either Mr. Maples or Mr. Henegar. This was quoted since Mr. Maples and Mr. Henegar, not Plaintiffs, were accepting responsibility for disposal in the event the equipment could not be resold. This language was included on quote sheets with the full knowledge and permission of Knox Trailers' owners. While a disposal fee was sometimes quoted, to Mr. Henegar's knowledge it was rarely collected. The averments set forth in Paragraph 89 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

90. In response to the averments set forth in Paragraph 90 of the Second Amended Complaint, Paul Henegar admits that in those instances where a customer was replacing a piece of trailer equipment, such as a trailer box or lift gate, and stated a preference to replace it with a used piece of equipment owned by Mr. Maples or Mr. Henegar, Mr. Maples and/or Mr. Henegar would take payment for the used equipment, but not for any labor and parts associated with the installation of the used equipment. Mr. Henegar admits the used equipment being sold was never "enter[ed] … into inventory". The averments set forth in Paragraph 90 of the Second Amended

Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

91. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 91 of the Second Amended Complaint.

92. In response to the averments set forth in Paragraph 92 of the Second Amended Complaint, Employee Defendants are without knowledge or information sufficient to form a belief as the truth of the averments concerning a call received by Knox Trailers on or around March 12, 2020. Employee Defendants deny that Mr. Dyke ever paid Paul Henegar for repair services performed at Knox Trailers.

93. Employee Defendants deny the averments set forth in Paragraph 93 of the Second Amended Complaint.

94. In response to the averments set forth in Paragraph 94 of the Second Amended Complaint, Paul Henegar admits that he brokered a sale of a van body owned by Harmon Ice to Knox Trailers employee Kenneth Madon around the time referenced. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 94 of the Second Amended Complaint.

95. Paul Henegar denies the averments set forth in Paragraph 95 of the Second Amended Complaint. For further response, Paul Henegar admits that no payment was made to Knox Trailers since Knox Trailers did not own the van body. The averments set forth in Paragraph 95 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

96.     Employee Defendants deny the averments set forth in Paragraph 96 of the Second Amended Complaint.

97.     The averments set forth in Paragraph 97 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

98.     The averments set forth in Paragraph 98 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

99.     The averments set forth in Paragraph 99 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

100.    The averments set forth in Paragraph 100 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

101.    The averments set forth in Paragraph 101 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

102.    The averments set forth in Paragraph 102 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

103.    The averments set forth in Paragraph 103 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

104.    The averments set forth in Paragraph 104 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

105.    The averments set forth in Paragraph 105 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

106.    The averments set forth in Paragraph 106 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

107. The averments set forth in Paragraph 107 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

108. The averments set forth in Paragraph 108 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

109. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 109 of the Second Amended Complaint.

110. The averments set forth in Paragraph 110 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

111. The averments set forth in Paragraph 111 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

112. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 112 of the Second Amended Complaint.

113. The averments set forth in Paragraph 113 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

114. The averments set forth in Paragraph 114 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

115. The averments set forth in Paragraph 115 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

116. The averments set forth in Paragraph 116 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

Case 3:20-cv-00137-TRM-DCP    Document 122    Filed 05/18/21    Page 19 of 53
PageID #: 2145

117. The averments set forth in Paragraph 117 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

118. The averments set forth in Paragraph 118 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

119. The averments set forth in Paragraph 119 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

120. The averments set forth in Paragraph 120 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

121. The averments set forth in Paragraph 121 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

122. The averments set forth in Paragraph 122 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

123. The averments set forth in Paragraph 123 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

124. The averments set forth in Paragraph 124 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

125. The averments set forth in Paragraph 125 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

126. In response to the averments set forth in Paragraph 126, Amy Clark admits that on February 19, 2020, Billy Maples texted Ms. Clark a link to the address for the Steve Mays building. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 126 of the Second Amended Complaint.

127. The averments set forth in Paragraph 127 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

128. The averments set forth in Paragraph 128 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

129. The averments set forth in Paragraph 129 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

130. The averments set forth in Paragraph 130 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

131. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 131 of the Second Amended Complaint.

132. The averments set forth in Paragraph 132 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

133. In response to the averments set forth in Paragraph 133, Amy Clark and Jeff Clark admit that the referenced emails were exchanged. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 133 of the Second Amended Complaint.

134. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 134 of the Second Amended Complaint.

135. The averments set forth in Paragraph 135 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

21

136. The averments set forth in Paragraph 136 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

137. The averments set forth in Paragraph 137 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

138. In response to the averments set forth in Paragraph 138, Amy Clark admits that she was included on at least one of the referenced emails. Ms. Clark admits that she and Mr. Maples met with Ms. Clevenger at Ms. Clevenger's office sometime in February 2020. Ms. Clark admits that Mr. Maples directed her to write down Plaintiffs' insurance prices; however, she did not do so. The averments set forth in Paragraph 138 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

139. In response to the averments set forth in Paragraph 139 of the Second Amended Complaint, Amy Clark admits that she assisted Billy Maples with setting up the Titan Trailer's bank account. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 139 of the Second Amended Complaint.

140. The averments set forth in Paragraph 140 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

141. In response to the averments set forth in Paragraph 141 of the Second Amended Complaint, Amy Clark admits that she sent certain documents to herself. Employee Defendants deny that any of the information sent by Amy Clark constitutes a trade secret as defined under applicable law. Employee Defendants deny that the information sent by Amy Clark was "proprietary" to Knox Trailers.

142. The averments set forth in Paragraph 142 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

143. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 143 of the Second Amended Complaint.

144. In response to the averments set forth in Paragraph 144 of the Second Amended Complaint, Amy Clark admits that she sent certain documents to Billy Maples. Ms. Clark is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 144 of the Second Amended Complaint. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 144 of the Second Amended Complaint. Employee Defendants deny that any of the information sent by Amy Clark constitutes a trade secret as defined under applicable law. Employee Defendants deny that the information sent by Amy Clark was "proprietary" to Knox Trailers

145. The averments set forth in Paragraph 145 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

146. In response to the averments set forth in Paragraph 146 of the Second Amended Complaint, Paul Henegar admits that he visited the Steve Mays building with Billy Maples. In response to the averments set forth in Paragraph 146 of the Second Amended Complaint, Jeff Clark denies that he visited the Steve Mays building before leaving his employment with Knox Trailers. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 146 of the Second Amended Complaint.

23

147.    Paul Henegar and Jeff Clark deny the averments set forth in Paragraph 147 of the Second Amended Complaint. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 147 of the Second Amended Complaint.

148.    Paul Henegar and Jeff Clark deny the averments set forth in Paragraph 148 of the Second Amended Complaint. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 148 of the Second Amended Complaint.

149.    In response to the averments set forth in Paragraph 149 of the Second Amended Complaint, Employee Defendants admit that Mr. Maples ceased employment with Knox Trailers sometime in March 2020.

150.    In response to the averments set forth in Paragraph 150 of the Second Amended Complaint, Employee Defendants admit that Mr. Maples ceased employment with Knox Trailers sometime in March 2020.

151.    In response to the averments set forth in Paragraph 151 of the Second Amended Complaint, Employee Defendants admit that Titan engages in business activities that are competitive with certain aspects of Knox Trailers' business.

152.    Employee Defendants deny the averments set forth in Paragraph 152 of the Second Amended Complaint.

153.    In response to the averments set forth in Paragraph 153 of the Second Amended Complaint, Employee Defendants admit that during their employment with Knox Trailers, Knox Trailers was a local distributor for Great Dane.

154. Employee Defendants admit the averments set forth in Paragraph 154 of the Second Amended Complaint.

155. Employee Defendants deny the averments set forth in Paragraph 155 of the Second Amended Complaint.

156. The averments set forth in Paragraph 156 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

157. The averments set forth in Paragraph 157 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

158. In response to the averments set forth in Paragraph 158 of the Second Amended Complaint, Paul Henegar admits that he had lunch with a Great Dane employee. Paul Henegar denies that he ever spoke about any "plan to start a competing business" with any Great Dane employees prior to his departure from Knox Trailers. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 158 of the Second Amended Complaint.

159. In response to the averments set forth in Paragraph 159 of the Second Amended Complaint, Employee Defendants admit that Billy Maples attended the Great Dane conference in Florida in February 2020. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 159 of the Second Amended Complaint.

160. The averments set forth in Paragraph 160 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

161. In response to the averments set forth in Paragraph 161 of the Second Amended Complaint, Paul Henegar admits that he had lunch with a Great Dane employee. Paul Henegar

denies that he ever spoke about any "plan to start a competing business" with any Great Dane employees prior to his departure from Knox Trailers. The remaining Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 161 of the Second Amended Complaint

162. The averments set forth in Paragraph 162 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

163. The averments set forth in Paragraph 163 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

164. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 164 of the Second Amended Complaint.

165. The averments set forth in Paragraph 165 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

166. The averments set forth in Paragraph 166 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

167. The averments set forth in Paragraph 167 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

168. The averments set forth in Paragraph 168 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

169. Employee Defendants deny the averments set forth in Paragraph 169 of the Second Amended Complaint.

170. Employee Defendants deny the averments set forth in Paragraph 170 of the Second Amended Complaint.

26

171. Employee Defendants deny the averments set forth in Paragraph 171 of the Second Amended Complaint.

172. The averments set forth in Paragraph 172 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

173. Employee Defendants deny the averments set forth in Paragraph 173 of the Second Amended Complaint.

174. Employee Defendants admit the averments set forth in Paragraph 174 of the Second Amended Complaint.

175. Employee Defendants deny the averments set forth in Paragraph 175 of the Second Amended Complaint.

176. The averments set forth in Paragraph 176 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

177. The averments set forth in Paragraph 177 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

178. The averments set forth in Paragraph 178 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

179. The averments set forth in Paragraph 179 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

180. Employee Defendants deny the averments set forth in Paragraph 180 of the Second Amended Complaint.

181. In response to the averments set forth in Paragraph 181 of the Second Amended Complaint, Employee Defendants admit that both Plaintiffs use the Southware computer

program. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 181.

182. Employee Defendants admit the averments set forth in Paragraph 182 of the Second Amended Complaint.

183. In response to the averments set forth in Paragraph 183 of the Second Amended Complaint, Employee Defendants admit that the Knox Trailers and Post Trailer Sothware databases contain customer information, vendor information, parts pricing information, service pricing information, order history information, vendor history information, customer communications, and can generate reports. Employee Defendants deny that all information contained in the Southware databases constitute a trade secret as defined under applicable law.

184. Employee Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 184 of the Second Amended Complaint.

185. Employee Defendants deny the averments set forth in Paragraph 185 of the Second Amended Complaint.

186. Employee Defendants deny the averments set forth in Paragraph 186 of the Second Amended Complaint.

187. Amy Clark denies the averments set forth in Paragraph 187 of the Second Amended Complaint. The averments set forth in Paragraph 187 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

188. The averments set forth in Paragraph 188 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

189. The averments set forth in Paragraph 189 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

190. The averments set forth in Paragraph 190 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

191. The averments set forth in Paragraph 191 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

192. The averments set forth in Paragraph 192 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

193. The averments set forth in Paragraph 193 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

194. The averments set forth in Paragraph 194 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

195. The averments set forth in Paragraph 195 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

196. The averments set forth in Paragraph 196 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

197. The averments set forth in Paragraph 197 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

198. The averments set forth in Paragraph 198 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

199. In response to the averments set forth in Paragraph 199 of the Second Amended Complaint, Paul Henegar denies that he directed Stephen Powell to do anything related to any Southware files. The averments set forth in Paragraph 199 of the Second Amended Complaint

29

do not pertain to the remaining Employee Defendants and no response is therefore required of them.

200. The averments set forth in Paragraph 200 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

201. Amy Clark and Paul Henegar deny the averments set forth in Paragraph 201 of the Second Amended Complaint. The averments set forth in Paragraph 201 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them. Employee Defendants deny that they have used Plaintiffs' proprietary and trade secret information and that any information in Titan Trailer's Southware database constitute a trade secret of Plaintiffs as defined under applicable law.

202. Employee Defendants deny the averments set forth in Paragraph 202 of the Second Amended Complaint.

## COUNT I
## BREACH OF FIDUCIARY DUTY – KNOX TRAILERS

203. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 202 in response to the averments set forth in Paragraph 203 of the Second Amended Complaint.

204. In response to the averments set forth in Paragraph 204 of the Second Amended Complaint, Employee Defendants admit that while employed with Knox Trailers Employee Defendants owed certain fiduciary duties to their employer, including a duty of loyalty.

205. Jeff Clark denies the averments set forth in Paragraph 205 of the Second Amended Complaint. The averments set forth in Paragraph 205 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

30

206. Amy Clark denies the averments set forth in Paragraph 206 of the Second Amended Complaint. The averments set forth in Paragraph 206 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

207. Paul Henegar denies the averments set forth in Paragraph 207 of the Second Amended Complaint. The averments set forth in Paragraph 207 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

208. Roy Bailey denies the averments set forth in Paragraph 208 of the Second Amended Complaint. The averments set forth in Paragraph 208 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

209. The averments set forth in Paragraph 209 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

210. Employee Defendants deny the averments set forth in Paragraph 210 of the Second Amended Complaint.

211. Employee Defendants deny the averments set forth in Paragraph 211 of the Second Amended Complaint.

212. Employee Defendants deny the averments set forth in Paragraph 212 of the Second Amended Complaint.

**COUNT II**
**BREACH OF FIDUCIARY DUTY – POST TRAILER**

31

213.   Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 212 in response to the averments set forth in Paragraph 213 of the Second Amended Complaint.

214.   In response to the averments set forth in Paragraph 214 of the Second Amended Complaint, Amy Clark admits that while employed with Post Trailer she owed certain fiduciary duties to his employer, including a duty of loyalty. The averments set forth in Paragraph 214 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

215.   Amy Clark denies the averments set forth in Paragraph 215 of the Second Amended Complaint. The averments set forth in Paragraph 215 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

216.   The averments set forth in Paragraph 216 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

217.   The averments set forth in Paragraph 217 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

218.   Employee Defendants deny the averments set forth in Paragraph 218 of the Second Amended Complaint.

219.   Amy Clark denies the averments set forth in Paragraph 219 of the Second Amended Complaint. The averments set forth in Paragraph 219 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

Case 3:20-cv-00137-TRM-DCP   Document 122   Filed 05/18/21   Page 32 of 53
PageID #: 2158

220. Employee Defendants deny the averments set forth in Paragraph 220 of the Second Amended Complaint.

## COUNT III
## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS – KNOX TRAILERS

221. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 220 in response to the averments set forth in Paragraph 221 of the Second Amended Complaint.

222. In response to the averments set forth in Paragraph 222 the Second Amended Complaint, Employee Defendants state they are without knowledge or information sufficient to recall each and every business relationship Knox Trailers had with various customers. Employee Defendants admit that at times during their employment with Knox Trailers several of the entities listed in Paragraph 222 were customers of Knox Trailers.

223. In response to the averments set forth in Paragraph 223 the Second Amended Complaint, Employee Defendants state they are without knowledge or information sufficient recall each and every business relationship Knox Trailers had with various customers. Employee Defendants admit that at times during their employment with Knox Trailers several of the entities listed in Paragraph 223 were customers of Knox Trailers.

224. The averments set forth in Paragraph 224 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

225. Employee Defendants deny the averments set forth in Paragraph 225 of the Second Amended Complaint.

226. Paragraph 226 of the Second Amended Complaint contains no averments and therefore no response is required.

33

227.    Employee Defendants deny the averments set forth in Paragraph 227 of the Second Amended Complaint.

228.    Employee Defendants deny the averments set forth in Paragraph 228 of the Second Amended Complaint.

229.    Employee Defendants deny the averments set forth in Paragraph 229 of the Second Amended Complaint.

230.    Employee Defendants deny the averments set forth in Paragraph 230 of the Second Amended Complaint.

231.    Employee Defendants deny the averments set forth in Paragraph 231 of the Second Amended Complaint.

## COUNT IV
## UNFAIR COMPETITION – KNOX TRAILERS

232.    Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 231 in response to the averments set forth in Paragraph 232 of the Second Amended Complaint.

233.    Employee Defendants deny the averments set forth in Paragraph 233 of the Second Amended Complaint.

234.    Employee Defendants deny the averments set forth in Paragraph 234 of the Second Amended Complaint.

235.    Employee Defendants deny the averments set forth in Paragraph 235 of the Second Amended Complaint.

236.    Employee Defendants deny the averments set forth in Paragraph 236 of the Second Amended Complaint.

237. Employee Defendants deny the averments set forth in Paragraph 237 of the Second Amended Complaint.

238. Employee Defendants deny the averments set forth in Paragraph 238 of the Second Amended Complaint.

239. Employee Defendants deny the averments set forth in Paragraph 239 of the Second Amended Complaint.

240. Employee Defendants deny the averments set forth in Paragraph 240 of the Second Amended Complaint.

## COUNT V
## MISAPPROPRIATION OF TRADE SECRETS – KNOX TRAILERS

241. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 240 in response to the averments set forth in Paragraph 241 of the Second Amended Complaint.

242. In response to the averments set forth in Paragraph 242 of the Second Amended Complaint, Employee Defendants admit that during their employment with Knox Trailers their employer maintained certain customer information, including some of the nature described in Paragraph 242. Employee Defendants deny that any of the information maintained by Knox Trailers concerning its customers as described in Paragraph 242 constitutes a trade secret as defined under applicable law.

243. In response to the averments set forth in Paragraph 243 of the Second Amended Complaint, Employee Defendants admit that during their employment with Knox Trailers their employer maintained certain customer information, including some of the nature described in Paragraph 242. Employee Defendants deny that any of the information maintained by Knox

35

Trailers concerning its customers as described in Paragraph 242 constitutes a trade secret as defined under applicable law.

244. Employee Defendants deny the averments set forth in Paragraph 244 the Second Amended Complaint. Employee Defendants deny that any of the customer information maintained by Knox Trailers in this program constitutes a trade secret as defined under applicable law. Employee Defendants deny that the software used by Knox Trailers was "proprietary" to Knox Trailers. Employee Defendants admit that the software program may have been proprietary to its manufacturer.

245. Employee Defendants deny the averments set forth in Paragraph 245 of the Second Amended Complaint.

246. The averments set forth in Paragraph 246 of the First Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

247. Amy Clark and Paul Henegar deny the averments set forth in Paragraph 247 of the Second Amended Complaint. The averments set forth in Paragraph 247 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

248. Employee Defendants deny the averments set forth in Paragraph 248 of the Second Amended Complaint.

249. Employee Defendants deny the averments set forth in Paragraph 249 of the Second Amended Complaint.

250. Employee Defendants deny the averments set forth in Paragraph 250 of the Second Amended Complaint.

251.     Employee Defendants deny the averments set forth in Paragraph 251 of the Second Amended Complaint.

## COUNT VI
## MISAPPROPRIATION OF TRADE SECRETS – POST TRAILER

252.     Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 251 in response to the averments set forth in Paragraph 252 of the Second Amended Complaint.

253.     In response to the averments set forth in Paragraph 253 of the Second Amended Complaint, Employee Defendants admit that Ms. Clark performed payroll functions for Post and received separate compensation for that limited role; however Employee Defendants state that at no time were any of the remaining Employee Defendants employed by Post.  However, upon information and belief, Post maintained certain customer information, including some of the nature described in Paragraph 253. Employee Defendants deny that the customer information described in Paragraph 253 constitutes a trade secret as defined under applicable law.

254.     Employee Defendants deny the averments set forth in Paragraph 254 of the Second Amended Complaint.

255.     Employee Defendants deny the averments set forth in Paragraph 255 of the Second Amended Complaint. Employee Defendants deny that any of the customer information maintained by Post in this program constitutes a trade secret as defined under applicable law. Employee Defendants deny that the software used by Post was "proprietary" with respect to Post. Employee Defendants admit that the software program may have been proprietary with respect to its manufacturer.

256.     Employee Defendants deny the averments set forth in Paragraph 256 of the Second Amended Complaint.

37

257.     The averments set forth in Paragraph 257 of the First Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

258.     Amy Clark and Paul Henegar deny the averments set forth in Paragraph 258 of the Second Amended Complaint. The averments set forth in Paragraph 258 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

259.     Employee Defendants deny the averments set forth in Paragraph 259 of the Second Amended Complaint.

260.     Employee Defendants deny the averments set forth in Paragraph 260 of the Second Amended Complaint.

261.     Employee Defendants deny the averments set forth in Paragraph 261 of the Second Amended Complaint.

262.     Employee Defendants deny the averments set forth in Paragraph 262 of the Second Amended Complaint.

**COUNT VII**
**VIOLATION OF THE TENNESSEE UNIFORM TRADE SECRETS ACT – KNOX TRAILERS**

263.     Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 262 in response to the averments set forth in Paragraph 263 of the Second Amended Complaint.

264.     In response to the averments set forth in Paragraph 264 of the Second Amended Complaint, Employee Defendants admit that during their employment with Knox Trailers their employer maintained certain customer information, including some of the nature described in

38

Paragraph 242. Employee Defendants deny that any of the customer information described in Paragraph 242 constitutes a trade secret as defined under applicable law.

265. In response to the averments set forth in Paragraph 265 of the Second Amended Complaint, Employee Defendants deny that any of the information maintained by Knox Trailers pertaining to its customers constitutes a trade secret as defined under applicable law.

266. Employee Defendants deny the averments set forth in Paragraph 266 the Second Amended Complaint. Employee Defendants deny that any of the customer information maintained by Knox Trailers in this program constitutes a trade secret as defined under applicable law. Employee Defendants deny that the software used by Knox Trailers was "proprietary" to Knox Trailers. Employee Defendants admit that the software program may have been proprietary to its manufacturer.

267. Employee Defendants deny the averments set forth in Paragraph 267 the Second Amended Complaint.

268. The averments set forth in Paragraph 268 of the First Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

269. Amy Clark and Paul Henegar deny the averments set forth in Paragraph 269 of the Second Amended Complaint. The averments set forth in Paragraph 269 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

270. Employee Defendants deny the averments set forth in Paragraph 270 the Second Amended Complaint

271. Employee Defendants deny the averments set forth in Paragraph 271 the Second Amended Complaint.

39

272.    Employee Defendants deny the averments set forth in Paragraph 272 the Second Amended Complaint.

273.    Employee Defendants deny the averments set forth in Paragraph 273 the Second Amended Complaint.

**COUNT VIII**
**VIOLATION OF THE TENNESSEE UNIFORM TRADE SECRETS ACT – POST TRAILER**

274.    Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 273 in response to the averments set forth in Paragraph 274 of the Second Amended Complaint.

275.    In response to the averments set forth in Paragraph 275 of the Second Amended Complaint, Employee Defendants admit that Ms. Clark performed payroll functions for Post and received separate compensation for that limited role; however Employee Defendants state that at no time were any of the remaining Employee Defendants employed by Post.  However, upon information and belief, Post maintained certain customer information, including some of the nature described in Paragraph 253. Employee Defendants deny that the customer information described in Paragraph 253 constitutes a trade secret as defined under applicable law.

276.    In response to the averments set forth in Paragraph 276 of the Second Amended Complaint, Employee Defendants deny that any of the information maintained by Post pertaining to its customers constitutes a trade secret as defined under applicable law.

277.    Employee Defendants deny the averments set forth in Paragraph 277 of the Second Amended Complaint. Employee Defendants deny that any of the customer information maintained by Post in this program constitutes a trade secret as defined under applicable law. Employee Defendants deny that the software used by Post was "proprietary" with respect to

40

Post. Employee Defendants admit that the software program may have been proprietary with respect to its manufacturer.

278. Employee Defendants deny the averments set forth in Paragraph 278 the Second Amended Complaint.

279. The averments set forth in Paragraph 279 of the First Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

280. Amy Clark and Paul Henegar deny the averments set forth in Paragraph 280 of the Second Amended Complaint. The averments set forth in Paragraph 280 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

281. Employee Defendants deny the averments set forth in Paragraph 281 the Second Amended Complaint.

282. Employee Defendants deny the averments set forth in Paragraph 282 the Second Amended Complaint.

283. Employee Defendants deny the averments set forth in Paragraph 283 the Second Amended Complaint.

284. Employee Defendants deny the averments set forth in Paragraph 284 the Second Amended Complaint.

**COUNT IX**
**CONVERSION – KNOX TRAILERS**

285. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 284 in response to the averments set forth in Paragraph 285 of the Second Amended Complaint.

286. In response to the averments set forth in paragraph 286 of the Second Amended Complaint, Employee Defendants admit that during their employment Knox Trailers maintained various types of paper and electronic documents, some of which contained customer and inventory information. Employee Defendants deny Knox Trailers kept records that would be characterized as "customer financial records."

287. Employee Defendants deny the averments set forth in Paragraph 287 the Second Amended Complaint.

288. Employee Defendants deny the averments set forth in Paragraph 288 the Second Amended Complaint.

289. Employee Defendants deny the averments set forth in Paragraph 289 the Second Amended Complaint.

290. Employee Defendants deny the averments set forth in Paragraph 290 the Second Amended Complaint.

291. Employee Defendants deny the averments set forth in Paragraph 291 the Second Amended Complaint.

292. The averments set forth in Paragraph 292 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

293. The averments set forth in Paragraph 293 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

294. Employee Defendants deny the averments set forth in Paragraph 294 the Second Amended Complaint.

295. Paul Henegar and Roy Bailey deny the averments set forth in Paragraph 295 of the Second Amended Complaint. The averments set forth in Paragraph 295 of the Second

42

Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

296. Paul Henegar and Roy Bailey deny the averments set forth in Paragraph 296 of the Second Amended Complaint. The averments set forth in Paragraph 296 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

297. Employee Defendants deny the averments set forth in Paragraph 297 the Second Amended Complaint.

298. Paul Henegar denies the averments set forth in Paragraph 298 of the Second Amended Complaint. The averments set forth in Paragraph 298 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

299. Paul Henegar denies the averments set forth in Paragraph 299 of the Second Amended Complaint. The averments set forth in Paragraph 299 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

300. Employee Defendants deny the averments set forth in Paragraph 300 the Second Amended Complaint.

301. Amy Clark and Jeff Clark deny the averments set forth in Paragraph 301 of the Second Amended Complaint. The averments set forth in Paragraph 301 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

302. Amy Clark and Jeff Clark deny the averments set forth in Paragraph 302 of the Second Amended Complaint. The averments set forth in Paragraph 302 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

303. Employee Defendants deny the averments set forth in Paragraph 303 the Second Amended Complaint.

304. Employee Defendants deny the averments set forth in Paragraph 304 the Second Amended Complaint.

305. Employee Defendants deny the averments set forth in Paragraph 305 the Second Amended Complaint.

**COUNT IX**
**CONVERSION – POST TRAILER**

306. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 305 in response to the averments set forth in Paragraph 306 of the Second Amended Complaint.

307. In response to the averments set forth in Paragraph 307 of the Second Amended Complaint, Employee Defendants admit that Ms. Clark performed payroll functions for Post and received separate compensation for that limited role; however Employee Defendants state that at no time were any of the remaining Employee Defendants employed by Post. However, upon information and belief, Post maintained various types of paper and electronic documents, some of which contained customer and inventory information. Employee Defendants deny Post kept records that would be characterized as "customer financial records."

308. Amy Clark denies the averments set forth in Paragraph 308 of the Second Amended Complaint. The averments set forth in Paragraph 308 the Second Amended Complaint

44

do not pertain to the remaining Employee Defendants and no response is therefore required of them.

309. Employee Defendants deny the averments set forth in Paragraph 309 the Second Amended Complaint.

310. Amy Clark denies the averments set forth in Paragraph 310 of the Second Amended Complaint. The averments set forth in Paragraph 310 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

311. Amy Clark denies the averments set forth in Paragraph 311 of the Second Amended Complaint. The averments set forth in Paragraph 311 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

312. Employee Defendants deny the averments set forth in Paragraph 312 the Second Amended Complaint.

313. The averments set forth in Paragraph 313 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

314. The averments set forth in Paragraph 314 of the Second Amended Complaint do not pertain to these Employee Defendants and no response is therefore required of them.

315. Employee Defendants deny the averments set forth in Paragraph 315 the Second Amended Complaint.

316. Paul Henegar denies the averments set forth in Paragraph 316 of the Second Amended Complaint. The averments set forth in Paragraph 316 of the Second Amended

45

Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

317. Paul Henegar denies the averments set forth in Paragraph 317 of the Second Amended Complaint. The averments set forth in Paragraph 317 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

318. Employee Defendants deny the averments set forth in Paragraph 318 the Second Amended Complaint.

319. Amy Clark denies the averments set forth in Paragraph 319 of the Second Amended Complaint. The averments set forth in Paragraph 319 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

320. Amy Clark denies the averments set forth in Paragraph 320 of the Second Amended Complaint. The averments set forth in Paragraph 320 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

321. Employee Defendants deny the averments set forth in Paragraph 321 the Second Amended Complaint.

322. Employee Defendants deny the averments set forth in Paragraph 322 the Second Amended Complaint.

323. Employee Defendants deny the averments set forth in Paragraph 323 the Second Amended Complaint.

**COUNT XI**
**CONSTRUCTIVE TRUST – KNOX TRAILERS**

324. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 323 in response to the averments set forth in Paragraph 324 of the Second Amended Complaint.

325. Employee Defendants deny the averments set forth in Paragraph 325 the Second Amended Complaint.

326. Employee Defendants deny the averments set forth in Paragraph 326 the Second Amended Complaint.

327. Employee Defendants deny the averments set forth in Paragraph 327 the Second Amended Complaint.

328. Employee Defendants deny the averments set forth in Paragraph 328 the Second Amended Complaint.

329. Employee Defendants deny the averments set forth in Paragraph 329 the Second Amended Complaint.

330. Employee Defendants deny the averments set forth in Paragraph 330 the Second Amended Complaint.

331. Employee Defendants deny the averments set forth in Paragraph 331 the Second Amended Complaint.

## COUNT XII
## CONSTRUCTIVE TRUST – POST TRAILER

332. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 331 in response to the averments set forth in Paragraph 332 of the Second Amended Complaint.

47

333. Amy Clark denies the averments set forth in Paragraph 333 of the Second Amended Complaint. The averments set forth in Paragraph 333 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

334. Amy Clark denies the averments set forth in Paragraph 334 of the Second Amended Complaint. The averments set forth in Paragraph 334 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

335. Amy Clark denies the averments set forth in Paragraph 335 of the Second Amended Complaint. The averments set forth in Paragraph 335 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

336. Amy Clark denies the averments set forth in Paragraph 336 of the Second Amended Complaint. The averments set forth in Paragraph 336 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

337. Employee Defendants deny the averments set forth in Paragraph 337 the Second Amended Complaint.

338. Employee Defendants deny the averments set forth in Paragraph 338 the Second Amended Complaint.

339. Employee Defendants deny the averments set forth in Paragraph 339 the Second Amended Complaint.

## COUNT XIII
## CIVIL CONSPIRACY – KNOX TRAILERS

340. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 339 in response to the averments set forth in Paragraph 340 of the Second Amended Complaint.

341. Employee Defendants deny the averments set forth in Paragraph 341 the Second Amended Complaint.

342. Employee Defendants deny the averments set forth in Paragraph 342 the Second Amended Complaint.

343. Employee Defendants deny the averments set forth in Paragraph 343 the Second Amended Complaint.

344. Employee Defendants deny the averments set forth in Paragraph 344 the Second Amended Complaint.

345. Employee Defendants deny the averments set forth in Paragraph 345 the Second Amended Complaint.

346. Employee Defendants deny the averments set forth in Paragraph 346 the Second Amended Complaint.

## COUNT XIV
## CIVIL CONSPIRACY – POST TRAILER

347. Employee Defendants adopt and incorporate herein their responses to Paragraphs 1 through 346 in response to the averments set forth in Paragraph 347 of the Second Amended Complaint.

348. Amy Clark denies the averments set forth in Paragraph 348 of the Second Amended Complaint. The averments set forth in Paragraph 348 of the Second Amended

Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

349.	Amy Clark denies the averments set forth in Paragraph 349 of the Second Amended Complaint. The averments set forth in Paragraph 349 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

350.	Amy Clark denies the averments set forth in Paragraph 350 of the Second Amended Complaint. The averments set forth in Paragraph 350 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

351.	Amy Clark denies the averments set forth in Paragraph 351 of the Second Amended Complaint. The averments set forth in Paragraph 351 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

352.	Employee Defendants deny the averments set forth in Paragraph 352 the Second Amended Complaint.

353.	Amy Clark denies the averments set forth in Paragraph 353 of the Second Amended Complaint. The averments set forth in Paragraph 353 of the Second Amended Complaint do not pertain to the remaining Employee Defendants and no response is therefore required of them.

354.	In response to the Plaintiffs' prayer for relief, Employee Defendants deny that either Plaintiff is entitled to any of the relief requested therein.

355. As a first affirmative defense, Plaintiffs' Second Amended Complaint fails to state a claim on behalf of Plaintiff Knox Trailers upon which relief can be granted against Employee Defendants.

356. As a second affirmative defense, Plaintiffs' Second Amended Complaint fails to state a claim on behalf of Plaintiff Post Trailer upon which relief can be granted against Employee Defendants.

357. As a third affirmative defense, to the extent Plaintiffs' claims alleged against Employee Defendants under the Tennessee Uniform Trade Secrets Act were made in bad faith, Employee Defendants are entitled to an award of his reasonable attorney's fees and litigation expenses incurred in defending that claim pursuant to Tenn. Code Ann. §47-25-1705.

358. As a fourth affirmative defense, Plaintiffs have failed to mitigate their damages, or in the alternative, Plaintiffs' damages should be limited or reduced by their failure to mitigate in the future.

359. As a fifth affirmative defense, Employee Defendants rely upon the statutory caps upon compensatory and punitive damages as provided for in Tenn. Code Ann. §§ 29-39-102 and 29-39-104.

360. Employee Defendants reserve the right to amend their Answer, with permission of this Honorable Court, following continuing discovery in this cause, to assert any other affirmative defense or response that may come to their attention.

361. Employee Defendants heretofore deny any and all allegations and/or inferences contained within the First Amended Complaint that were not previously denied above.

362. Employee Defendants deny that they should remain liable to Plaintiffs for any amount of damages, interest, attorneys' fees, or other remedies available before this Honorable Court.

WHEREFORE, Employee Defendants respectfully request that they be dismissed, with prejudice, from this lawsuit, and respectfully request an Order of Dismissal be granted, including taxation of costs and attorney's fees, against the Plaintiffs, and for all other relief for which the Employee Defendants are entitled.

Respectfully submitted this 18th day of May, 2021.

/s/ Caitlyn L. Elam
Chris W. McCarty, Esq. (BPR #025551)
Caitlyn L. Elam, Esq. (BPR #031108)

LEWIS THOMASON, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN  37901
(865) 546-4646

*Attorneys for Defendants Jeff Clark, Amy Clark, Paul Henegar, and Roy Bailey*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2021, a copy of the foregoing Answer to Second Amended Complaint was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

/s/ Caitlyn L. Elam
Caitlyn L. Elam, Esq. (BPR #031108)

53