UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KNOX TRAILERS, INC., and POST      )
TRAILER REPAIRS., INC.,           )
                                 )
           Plaintiffs,        )
                                 )
v.                              )      No. 3:20-CV-137-TRM-DCP
                                 )
JEFF CLARK, et al.,             )
                                 )
           Defendants.      )

**<u>MEMORANDUM AND ORDER</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Protective Order [Doc. 150], filed by Defendants Billy Maples, Amanda Maples, Heath Brownlee, and Titan Trailer. In addition, Defendant Stephen Powell filed a Motion to Stay Discovery Response Deadlines Pending Ruling on Defendants Billy Maples, Amanda Maples, Heath Brownlee, and Titan Trailer's Motion for Protective Order ("Motion to Stay") [Doc. 151]. The Motions are ripe for adjudication. Accordingly, for the reasons stated herein, the Court **DENIES** the Motion for Protective Order [**Doc. 150**] and **DENIES AS MOOT** the Motion to Stay [**Doc. 151**].

## I.      POSITIONS OF THE PARTIES

With respect to the Motion for Protective Order, Defendants Billy Maples, Amanda Maples, Heath Brownlee, and Titan Trailer ("Defendants") seek entry of a protective order, pursuant to Federal Rule of Civil Procedure 26(c), governing certain request for admissions ("RFAs") propounded by Plaintiffs to co-Defendant Stephen Powell. Defendants assert that the RFAs served on Defendant Powell are not aimed at uncovering factual truth, but instead, Plaintiffs are misusing these discovery requests to circumvent the factual proof by attempting to gain an

adverse inference against all Defendants based on Defendant Powell's invocation of his Fifth Amendment right against self-incrimination. Defendants state that the timeline of this case establishes Plaintiffs' ulterior purpose in propounding the RFAs to Defendant Powell. Defendants state that because Defendant Brownlee is a co-owner of Titan Trailer, Plaintiffs' discovery efforts should be aimed at him, but instead, Plaintiffs have aimed their discovery efforts at Defendant Powell, who played a short-term role in setting up the computer system at Titan Trailer, and who has invoked his Fifth Amendment right in the instant litigation. Defendants argue that several of the RFAs to Defendant Powell request that he admit what someone else was aware of, which is improper. Defendants state that other RFAs focus on Plaintiffs' claims against them and not Defendant Powell. Defendants assert that Plaintiffs have aimed discovery efforts at Defendant Powell given the potential effect that Defendant Powell's invocation will have on this civil case.

Plaintiffs object [Doc. 155], stating that Defendants have not shown particular harm for a protective order under Rule 26(c). Plaintiffs state that if Defendant Powell does invoke his right against self-incrimination, they may be entitled to an adverse inference against Defendant Powell as well as against the other Defendants, but the right to an adverse inference is separate from whether Plaintiffs may seek discovery in the first place. Plaintiffs argue that Defendants have not established a need for a protective order as they only make conclusory statements about potential harm and that even if Defendant Powell asserts his Fifth Amendment right against self-incrimination, Defendants have not shown that they will suffer any unreasonable or unduly prejudicial harm. Plaintiffs argue that the proper procedure to challenge an imputed adverse inference is through a motion in limine after Defendant Powell invokes his right. Plaintiffs contend that whether there is a possible adverse inference against them is an evidentiary issue that should be raised in a different motion. Plaintiffs argue that in the event the Court considers the application of an adverse inference, the factors weigh heavily in favor of imputing the inference to Defendants.

Plaintiffs also assert that Defendants failed to meet and confer with them regarding this issue as required by Rule 26(c). Finally, Plaintiffs seek their attorney's fees and costs incurred in filing their response pursuant to Rules 26(c)(3) and 37(a)(5).

Defendants filed a Reply [Doc. 162], arguing that Defendant Powell is not an employee of Defendant Titan Trailer and that his involvement in the computer system took place over the span of a month. Defendants state that they have not sought a protective order to prevent Defendant Powell from responding to interrogatories or requests for production but simply the sixty-four (64) extremely broad and conclusory RFAs. Defendants argue that the typical purpose of requests for admission is to authenticate documents and other minor procedural matters in order to streamline issues for trial. Defendants state that Plaintiffs have admitted their ulterior motive by arguing in favor of an adverse inference.

Defendants contend that the instant matter is not a hypothetical issue. For instance, Defendants state that Defendant Billy Maples explained in his supplemental response to discovery that he never intended to take Plaintiffs' business data but simply wanted to take the contacts that he had developed through his years of hard work and experience. Defendants argue that Plaintiffs are intending to rebut Defendant Billy Maples's sworn testimony, not with contradictory proof, but with a procedural maneuver, by directing their RFAs to the topics that Billy Maples testified about (*e.g.*, asking Defendant Powell to admit Defendant Billy Maples was aware on February 20 that the USB drive contained data). Defendants submit that if the Court were to grant Plaintiffs an adverse inference, then Defendant Billy Maples's testimony to the contrary would directly contradict the presumption. Defendants argue that there are numerous other examples.

With respect to the certification requirement, Defendants state that their counsel consulted at length and multiple times with counsel for Defendant Powell because he was the affected party.

Defendants also argue that awarding attorney's fees to Plaintiffs is unwarranted because Defendants had a valid basis for filing the motion.

## II.        ANALYSIS

The Court has considered the parties' arguments, and for the reason stated below, the Court **DENIES** Defendants' Motion for Protective Order [**Doc. 150**] and **DENIES AS MOOT** Defendant Powell's Motion to Stay [**Doc. 151**].

Pursuant to Rule 26(c)(1), a court may "for good cause," issue a protective order to "[a] party or any person from whom discovery is sought," to prevent "annoyance, embarrassment, oppression, or undue burden or expense." The movant has the burden to show good cause for a protective order. *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Id.* (quoting *Father M. v. Various Tort Claimants* (*In re Roman Catholic Archbishop*), 661 F.3d 417, 424 (9th Cir. 2011)). Further, good cause cannot be shown by "stereotypical and conclusory statements." *Id.*

In the instant matter, Defendants seek a protective order preventing Defendant Powell from responding to Plaintiffs' RFAs because if he invokes the Fifth Amendment in response to the RFAs, Plaintiffs can try to use any adverse inference that may result therefrom against Defendants. The Court finds that Defendants have not established their burden for a protective order pursuant to Rule 26(c). At this time, Defendants have not established the specific prejudice or harm that *will* result from the absence of a protective order. Instead, Defendants' Motion is based on potential harm that could result if Defendant Powell invokes the Fifth Amendment in response to the RFAs, which the Court agrees appears likely, and the potential harm that could occur if the Court finds that an adverse inference is appropriate against Defendants based on Defendant

Case 3:20-cv-00137-TRM-DCP   Document 173   Filed 12/03/21   Page 4 of 6   PageID #: 3215

Powell's assertion of the Fifth Amendment. Accordingly, the Court finds that Defendants have not established good cause for a protective order.

In a similar vein, the Court agrees with Plaintiffs that Defendants' request is premature. While the parties appear to agree that any adverse inference against Defendant Powell may result in an adverse inference against all Defendants, the Court has not determined whether an adverse inference will be applied at all. *See Lawrence v. Madison Cty.*, 176 F. Supp. 3d 650, 663 (E.D. Ky. 2016) (explaining that there is not "a blanket rule that allows adverse inference to be drawn from invocations of the privilege against self-information under all circumstances") (other quotations omitted), *aff'd sub nom. Lawrence for Est. of Hoffman v. Madison Cty.,* 695 F. App'x 930 (6th Cir. 2017). Instead, in determining whether to apply an adverse inference, the Court must consider "whether the adverse inference is trustworthy under all the circumstances and will advance the search for the truth." *Eastman Chem. Co. v. SGS N. Am., Inc.,* No. 2:15-CV-344, 2019 WL 10960575, at *2 (E.D. Tenn. Feb. 4, 2019). Thus, simply because Defendant Powell may invoke the Fifth Amendment in response to the RFAs, does not necessarily mean that an adverse inference will be instructed. Accordingly, the Court finds Defendants' Motion premature.

With respect to Defendants' arguments that request for admissions should be directed to establishing the authenticity of documents or for other minor procedural matters, the Sixth Circuit has expressly noted, "Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (other citations omitted). Further, even if the RFAs are objectionable, Defendant Powell may object in accordance with Rule 36(a)(5) or Defendants may argue that the RFAs are improper if an adverse inference instruction is requested. Accordingly, the Court finds Defendants' Motion for Protective Order not well taken.

As summarized above, Plaintiffs have requested their attorney's fees pursuant to Rules 26(c)(3) and 37(a)(5). These Rules provide that if a motion for protective order is denied, the movant must pay the reasonable expenses incurred to the party opposing the motion, unless the motion was substantially justified or other circumstances make an award unjust. The Court finds an award of attorney's fees not appropriate at this time as Defendants' concerns raised in their motion, while premature, are substantially justified.[1]

Finally, Defendant Powell filed a Motion to Stay [Doc. 151], requesting that the Court stay his deadline for responding to the RFAs given the filing of Defendants' Motion for Protective Order. Defendant Powell states that he is able to deliver his responses to the RFAs within twenty-four (24) hours of the Court's ruling. Given that the Court has now denied the Motion for Protective Order, the Motion to Stay [Doc. 151] is **DENIED AS MOOT**. Defendant Powell **SHALL** serve his responses to Plaintiffs' RFAs on or before **December 6, 2021.**

## III.    CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** the Motion for Protective Order [**Doc. 150**] and **DENIES AS MOOT** the Motion to Stay [**Doc. 151**]. Defendant Powell **SHALL** provide his responses to Plaintiffs' RFAs on or before **December 6, 2021.**

IT IS SO ORDERED.

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[1] The parties also disagree as to whether Defendants properly conferred in good faith with the affected parties in an effort to resolve the dispute as required by Rule 26(c). Defendants state that they conferred with Defendant Powell, the affected party. The Court disagrees with Defendants' interpretation, and they should have consulted with Defendant Powell *and* Plaintiffs prior to filing their Motion.

6