UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KNOX TRAILERS, INC., and POST TRAILER REPAIRS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-137-TRM-DCP |
| JEFF CLARK, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Leave to Take Depositions of Two Fact Witnesses and Any Experts Disclosed by Defendants [Doc. 165]. Defendants Billy Maples, Amanda Maples, Heath Brownlee, and Titan Trailer Repair & Repair Sales, LLC have responded in opposition [Doc. 171] to the Motion, and Plaintiffs have replied [Doc. 180]. Accordingly, for the reasons set forth below, the Court **DENIES** Plaintiffs' Motion [**Doc. 165**].[1]

In their Motion, Plaintiffs request leave to take over ten (10) depositions. For grounds, Plaintiffs state that they are in the process of scheduling the depositions of the nine (9) Defendants in this case and the deposition of Plaintiffs' former co-owner, Ray Jones, who Defendants claim authorized the actions alleged in the Amended Complaint. Plaintiffs state that they also need to

---

[1] The undersigned notes that on January 5, 2022, the Chief District Judge conducted a telephonic status conference in this matter. During the telephonic conference, the Chief District Judge ordered the parties to each choose five depositions that they would like to conduct in January 2022.

depose two additional fact witnesses, Steven Henrikson ("Henrikson") and Bryan Dickerson ("Dickerson"), and Defendants' expert witnesses. Plaintiffs seek Henrikson's and Dickerson's depositions to understand the operation of Defendant Titan Trailer Repair & Repair Sales, LLC ("Titan Trailer") and their individual role in the claims asserted directly against Defendant Titan Trailer. Further, Plaintiffs state that if they are required to comply with the ten-deposition limit set forth in the Federal Rules, they will not be able to depose Defendants' expert witnesses. Plaintiffs state that if they wait until the completion of depositions before seeking the instant relief, there would be no time to adjudicate a motion and complete the additional depositions by the discovery deadline. Plaintiffs state that their request is reasonable given their numerous allegations as set forth in the Amended Complaint.

Defendants Billy Maples, Amanda Maples, Health Brownlee, and Titan Trailer object [Doc. 171] to the Motion, arguing that Plaintiffs have attempted to overload and burden them through voluminous discovery. Defendants state that Plaintiffs have not taken any depositions at this time. In addition, Defendants state that during the Rule 26(f) conference, Plaintiffs agreed to ten (10) depositions. Defendants argue that Plaintiffs have not make a particularized showing justifying the need for the additional depositions. Defendants also state that Plaintiffs will waste a deposition on a duplicative 30(b)(6) deposition of Titan Trailer when relevant information can be gained through other depositions such as Billy Maples, the day-to-day manager of Titan Trailer and its officer.

Plaintiffs filed a Reply [Doc. 180], arguing that they have made a particularized showing as to the need of each of the additional depositions. Plaintiffs argue that they are not required to complete initial depositions before seeking relief to exceed ten (10) depositions and that the Rule 26(f) conference does not preclude the additional depositions. Plaintiffs state that the depositions

2

Case 3:20-cv-00137-TRM-DCP   Document 220   Filed 01/05/22   Page 2 of 5   PageID #: 4949

of the nine (9) party Defendants are necessary because each Defendant is accused of wrongdoing and will presumably testify at trial. Plaintiffs also state that they need a Rule 30(b)(6) deposition because Defendant Titan Trailer is a named party.[2] In addition, Plaintiffs explain that Henrikson's and Dickerson's depositions are necessary because they were involved in Defendant Titan Trailer's formation. Plaintiffs state that Henrikson and Dickerson have produced over 700 pages of documents showing their involvement in Defendant Titan Trailer's operations and formation. Further, Plaintiffs state that the depositions of Defendants' unnamed experts are necessary. Finally, Plaintiffs request their attorney's fees incurred in filing the Motion.

Federal Rule of Civil Procedure 30 governs depositions. Specifically, Rule 30(a)(2) provides as follows:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> **(A)** if the parties have not stipulated to the deposition and:
>
> **(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants.

Fed. R. Civ. P. 30(a)(2). "Because this limit is intended to curb abusive discovery practices, it stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Talismanic Properties, LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017) (quoting *Moore v. Abbott Labs.*, No. 2:05–CV–1065, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009)). Courts have further explained that "the moving party must make a particularized showing why extra depositions are

---

[2] The Court notes that Titan Trailer's deposition was the subject of a motion for protective order, wherein Titan Trailer argued, in part, that its deposition would be duplicative. The Court ordered the parties to proceed with Billy Maples's deposition, and afterwards, in response to the Rule 30(b)(6) notice, Titan Trailer could designate specific portions of Billy Maples's deposition as responsive to certain or all topics included in the notice. [Doc. 202].

3

necessary." *Id.* (quoting *Moore*, 2009 WL 73876, at *1). Finally, "[a] district court has the discretion (and perhaps the obligation) to deny leave to take additional depositions when no good reason to do so has been presented." *Id.* (quoting *Moore*, 2009 WL 73876, at *1).

The Court finds that Plaintiffs have not made a particularized showing at this time why the additional depositions are necessary. Plaintiffs state that they need Henrikson's and Dickerson's depositions because of their involvement in Titan Trailer's formation and operations. The Court notes, however, that Plaintiffs have not taken any depositions in this case, and such information regarding Titan Trailer's formation and operations may be learned through other depositions, including the deposition of Billy Maples, a manager and officer of Titan Trailer. Given that no depositions have been conducted, it is not clear whether Plaintiffs actually need Henrikson's and Dickerson's depositions.

In addition, Plaintiffs state that they need depositions of Defendants' experts so that Plaintiffs can discover what the expert knows before trial. The Court acknowledges that the typical practice in this District is to depose the opposing party's expert witness, but Plaintiffs' argument is not sufficient to meet their burden for taking additional depositions. The Court notes that the expert report is supposed to eliminate the need for an expert deposition, or at the least, shorten the length of a deposition. *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (explaining that the purpose of disclosing a completed expert report under Rule 26(a) is so that "opposing counsel is not forced to depose an expert in order to avoid an ambush at trial") (citing Rule 26(a)). Once Plaintiffs have reviewed the expert reports, they may re-file their Motion, if deemed necessary.

Accordingly, for the reasons explained above, the Court finds Plaintiffs' arguments are not well taken at this time, and their Motion for Leave to Take Depositions of Two Fact Witnesses and Any Experts Disclosed by Defendants [**Doc. 165**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge