UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KNOX TRAILERS, INC., and POST )
TRAILER REPAIRS, INC., )
)
      Plaintiffs, )
)
v. )      No. 3:20-CV-137-TRM-DCP
)
JEFF CLARK, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02.

This matter is before the Court on Plaintiffs' Motion to Compel the Discovery Response

of Defendant Stephen Powell ("Motion to Compel") [Doc. 219]. The motion is ripe for

adjudication. Accordingly, for the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion

[**Doc. 219**].

I.    **ANALYSIS**

Plaintiffs seek an order from the Court compelling Defendant Powell to respond to

Interrogatory No. 22. Specifically, Interrogatory No. 22 requests, and Defendant Powell responds,

as follows:

> Interrogatory No. 22: Identify who is paying your legal fees and
> expenses incurred in defending this action.
>
> Response. Objection. This interrogatory seeks information beyond
> the scope of proper discovery by seeking information that will not
> lead to discovery of information relevant to the allegations in the
> Complaint and is not permitted by Fed. R. Civ. P. 26(b)(1).

[Doc. 219-1 at 7].

Plaintiffs argue such information is relevant. Defendant Powell denies that the interrogatory seeks relevant information and asserts that such information is protected by the attorney-client privilege.

The Court will begin with Federal Rule of Civil Procedure 26(b), which governs discovery. Specifically, Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). The Court will first address whether the identity of who is paying Defendant Powell's legal fees is protected by the attorney-client privilege. If the identity is not protected by the attorney-client privilege, then the Court will address whether such information is relevant in this case.

A.    **Attorney-Client Privilege**

The attorney-client privilege applies when the following requirements are met:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Goldfarb,* 328 F.2d 280 (6th Cir. 1964), *cert. denied,* 377 U.S. 976 (1964).

The purpose of the attorney-client privilege is "to protect confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." *In re Grand Jury Investigation,* No. 83-2-35, 723 F.2d 447, 451 (6th Cir. 1983) (quoting *In re Grand Jury Proceedings (Fine)*, 641 F.2d 199, 203 (5th Cir. 1981)). "[The] application of the privilege must not exceed that which is necessary to effect the policy considerations underlying the privilege, *i.e.,* 'the privilege must be upheld only in those circumstances for which it was

2

created.'" *Id.* (quoting *In re Walsh,* 623 F.2d 489, 492 (7th Cir. 1980), *cert. denied,* 449 U.S. 994 (1980)). The party asserting the privilege has the burden of establishing it. *Id.* at 454.

"In almost every situation where one person pays the legal fees of another, the fact of that arrangement is fair game for disclosure and no privilege to withhold that fact exists*." Libertarian Party of Ohio v. Husted*, No. 2:13-cv-953, 2014 WL 3928293, at *9 (S.D. Ohio Aug. 12, 2014); *see also In re Complaint of Foss Mar. Co.*, No. 5:12-CV-21-TBR-LLK, 2015 WL 1249571, at *3 (W.D. Ky. Mar. 18, 2015) ("[A]ttorney-client privilege protects the contents of communications with counsel, not facts transmitted to counsel during the communication," and an agreement "to pay costs and fees cannot constitute a privileged, confidential communication."). The exception to this general rule is when revealing the source of the payer would also reveal confidential communications. *Husted*, 2014 WL 3928293, at *9; *see also S.E.C. v. First Jersey Sec., Inc.*, No. C-90-0157-MISC-DLJ, 1990 WL 209246, at *2 (N.D. Cal. Sept. 26, 1990) ("Fee information is only privileged in exceptional cases where disclosure [of] the fee arrangement would unavoidably work the disclosure of other privileged information.").

In light of the above guidance, the Court finds that the identity of who is paying Defendant Powell's legal fees is not protected by the attorney-client privilege unless the information is inextricably intertwined with protected communications. Given that it is Defendant Powell's burden to show that the attorney-client privilege applies, the Court has reviewed his response, wherein he argues that Plaintiffs seek such information not for proof of a mere financial transaction, which Defendant Powell acknowledges would not be protected, but an attempt to prove an alleged motive. The Court finds that Defendant Powell has not met his burden.

Defendant Powell relies on *Medtronic Sofamor Danek, Inc. v. Michelson*, to support his argument that the identity of a payer is protected. No. 01-2373 MLV, 2003 WL 27380973, at *1

(W.D. Tenn. Nov. 6, 2003). In *Michelson*, plaintiff filed a motion to compel the individual defendant to produce the identity of the parties funding the litigation and information related to the fee arrangement. *Id.* The plaintiff argued that the information was relevant to test the veracity of the individual defendant's statement that plaintiff's competitors were not funding the individual defendant's litigation. *Id.* In addition, the plaintiff argued that the information was relevant in determining the nature of the relationship between the individual defendant and a trust that was named as a defendant in a consolidated action. *Id.* at *2.

The court found that the information was not relevant under the facts of the case. *Id.* First, the court found that the plaintiff's argument regarding its competitors funding the litigation speculative and could easily be obtained by deposing the competitors. *Id.* The court also found that plaintiff did not establish its burden in showing that control over the trust was an issue in the consolidated action. *Id.* The court noted that it was not clear how any fee arrangement would be indicative of the individual defendant's control over the trust and that presumably, the trustee would make the decision regarding the payment of legal fees. *Id.*

The court further found that even if the information was relevant, it was protected by the attorney-client privilege. *Id.* The court acknowledged that generally, such arrangements are not protected unless the "disclosure of the identity would be tantamount to disclosing an otherwise protected confidential communication." *Id.* at *3 (other citations omitted). The court stated that the exception, therefore, "turns on the link between a confidential communication and the fee arrangement itself." *Id.*

In finding that the privilege applied, the court relied on defense counsel's affidavit, where defense counsel explained that he had been counsel for the individual defendant and the company defendant for many years and that the individual defendant communicated confidential

communications regarding the issues in the lawsuit and that based on those communications, defense counsel provided legal advice on how to structure the payment of legal fees. *Id.* at *4. The court explained:

> It would be logical for these defendants to seek legal advice regarding joint representation and how the payment of fees should be structured. In addition, the Trust was named as a defendant in the consolidated action along with [the individual defendant]. The Trust too would be expected to seek legal advice on the propriet[y] of sharing joint counsel and on structuring the payment of its defense costs and of its legal fees for pursuing a counterclaim. Also, many factors may go into structuring or allocating legal fees among joint defendants, many of which may reflect confidential communications, such as the monetary exposure of each defendant, the chance of recovery for each party, the chance of success of each party, and the validity of claims and defenses.

*Id*. at *4. Thus, the court concluded that the identity of the payer of legal fees and the fee arrangement are inextricably intertwined with privileged communications. *Id.*[1]

As noted above, in *Michelson*, the court's analysis was focused on the joint representation. The attorney for defendants provided an affidavit explaining that the individual defendant sought legal advice and that based on those communications, counsel and the defendants agreed to a fee arrangement. The Court does not have similar evidence here. Instead, Defendant Powell has separate counsel from the other Defendants in this case. In a conclusory fashion, Defendant Powell states that Plaintiffs seek the identity of who is paying his legal fees to prove an alleged motive, which is "tantamount to seeking attorney-client communications." [Doc. 231 at 6]. Defendant Powell, however, does not explain why.[2] Accordingly, the Court finds that Defendant Powell has

---

[1] Defendant Powell also cites to *In re Ahlan Indus., Inc.,* No. BG 18-04650, 2020 WL 3620332, at *8 (Bankr. W.D. Mich. July 2, 2020), but he does not explain how this case supports his position.

[2] For instance, *In the Matter of Grand Jury Proceeding (Chern*ey), the court held that the "privilege protects an unknown client's identity where its disclosure would reveal a client's motive for seeking legal advice." 898 F.2d 565, 569 (7th Cir. 1990). In *Cherney*, the "fee payer sought

not met his burden in establishing that the identity of the payer of his attorney's fees is protected by the attorney-client privilege. Given that the Court finds that Defendant Powell has not met his burden, the Court will now turn to whether Interrogatory No. 22 seeks relevant information.

**B.** **Relevancy**

Plaintiffs argue that the identity of who is paying Defendant Powell's legal fees is directly relevant to Plaintiffs' claims. First, Plaintiffs state that the identity of who is paying Defendant Powell's legal fees directly bears on the imposition of the adverse inference against Defendant Powell's co-conspirators (and co-Defendants) for Defendant Powell's assertion of his Fifth Amendment right. Plaintiffs explain that Defendant Powell objected to a majority of the discovery requests, asserting this Fifth Amendment right. Plaintiffs argue that as such, an adverse inference is appropriate and can be extended to the other parties. Plaintiffs state that courts look at four factors in determining whether to extend the adverse inference to other parties ("*LiButti* Factors").[3] Plaintiffs state that the source of Defendant Powell's legal fees is relevant to two of these factors: (1) the nature of the relationship, and (2) the degree of control the party has over the individual invoking the privilege. In addition, Plaintiffs argue that the identity of who is paying Defendant Powell's legal fees is relevant to Defendant Powell's bias as a potential witness in this matter.

Defendant Powell denies that Interrogatory No. 22 seeks relevant information. Defendant Powell states that the source of his legal fees is not relevant in assessing the *LiButti* Factors, including the nature of the relationships at issue or the degree of control the party has over him.

---

legal advice concerning his involvement in a drug conspiracy," and therefore "[d]isclosure of the fee payer's identity would necessarily reveal the client's involvement in that crime and thus reveal his motive for seeking legal advice in the first place." *Id.* Defendant Powell does not assert that Interrogatory No. 22 seeks information that would result in disclosing communications relating to his motive for seeking legal advice.

[3] These factors were articulated in *LiButti v. United States*, 107 F.3d 110, 122 (2nd Cir. 1997).

6

Defendant Powell states that according to Plaintiffs, if the co-defendants paid his legal fees, it would prove that the payer played a role in an alleged conspiracy. Defendant Powell asserts that this is inaccurate and wholly improper as there are a number of reasons why a third party may choose to pay another person's legal fees. With respect to his co-Defendants' degree of control over him, Defendant Powell states that he has separate counsel who is bound by Rule 1.8(f)(2) of the Tennessee Rules of Professional Conduct. Defendant Powell states that the implication that defense counsel would violate this rule is repugnant. Defendant Powell asserts that such information is also not relevant to his potential for bias.

Plaintiffs maintain that the adverse inference attached to Defendant Powell's invocation of his Fifth Amendment privilege may be imputed to the other co-Defendants. Plaintiffs state that the identity of who is paying Defendant Powell's legal fees shows some relationship of loyalty between him and, likely, Titan Trailer & Repairs, LLC ("Titan Trailer"). In addition, Plaintiffs state that if a co-Defendant is paying Defendant Powell's legal fees, such would suggest some degree of control and a mutuality of interest in the outcome of this litigation. Plaintiffs state that the *LiButti* Factors do not require a conspiracy. Finally, Plaintiffs state that such information is relevant to whether Defendant Powell is potentially biased and who is paying his fees goes to the heart of that bias analysis.

The Court finds that Interrogatory No. 22 seeks relevant information. "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). As one court explained:

> Paying the costs of the individuals' litigation does not present as clear an example of potential bias. A party may or may not stand to gain from the outcome of litigation when it pays for another party's costs and attorneys' fees. Nonetheless, the existence of such a

relationship may indicate bias, including by revealing further facts demonstrating that the financing party may benefit from the financed party's triumph, either through the recovery of costs or, when applicable, attorneys' fees. Moreover, a relationship between any parties that leads to one financing the other's litigation, regardless of any potential return on the investment, may indicate bias. Therefore discovery to determine that relationship is reasonably calculated to lead to the discovery of admissible evidence.

*In re Complaint of Foss Mar. Co.,* 2015 WL 1249571, at *2. Accordingly, the Court finds that Interrogatory No. 22 seeks relevant information.

## II. CONCLUSION

As a final matter, Defendant Powell requests his legal fees incurred in responding to the motion, arguing that Plaintiffs did not meet and confer in good faith on the issues raised in their motion without court action as required by Rule 37(a)(1). Defendant Powell states that Plaintiffs sent a letter on December 23, 2021 ("December 23 Letter") [Doc. 219-1], the day before Christmas Eve, and demanded a response on January 3, 2022, the first business day after the holidays. Defendant Powell states that his counsel responded via letter ("January 3 Letter") [Doc. 231-1] by the arbitrary deadline, but Plaintiffs proceeded with filing their motion on January 5, 2022.

Plaintiffs filed the Declaration of Attorney Jimmy Carter [Doc. 237-1 at 1], stating that he discussed this issue with defense counsel via telephone and then following the telephonic conference, Attorney Carter sent the December 23 Letter. Attorney Carter states that when he filed the motion, he had not received Defendant Powell's January 3 Letter because it had been mailed. Attorney Carter states that after he filed the motion, defense counsel emailed him the January 3 Letter.

While the Court discourages counsel from sending letters that provide short response deadlines, especially in light of the holidays, it appears to the Court that the parties were at an

impasse on this genuine issue given the telephone call between counsel, the contents of the December 23 Letter [Doc. 219-1], and the contents of the January 3 Letter [Doc. 231-1]. Therefore, the Court declines to award attorney's fees to any party.

Accordingly, for the reasons explained above, the Court **GRANTS** Plaintiffs' Motion to Compel the Discovery Response of Defendant Stephen Powell [**Doc. 219**]. Defendant Powell **SHALL** respond to Interrogatory No. 22 within **five (5) days** of entry of the instant Order.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge