UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KNOX TRAILERS, INC., and POST TRAILER REPAIRS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:20-CV-137-TRM-DCP |
| JEFF CLARK, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Compel the Discovery Responses of Defendants Titan Trailer Repair and Sales, LLC, Billy Maples, and Amanda Maples ("Motion to Compel") [Doc. 170]. The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion [**Doc. 170**].

Plaintiffs' Motion alleges many deficiencies with respect to the discovery responses of Defendant Titan Trailer Repair and Sales, LLC ("Titan Trailer"), Billy Maples, and Amanda Maples (collectively, "Defendants"). Plaintiffs primarily assert that Defendants have not sufficiently responded to their interrogatories and requests for production. Federal Rule of Civil Procedure 26 governs discovery. Specifically, Rule 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues,

and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97-ART-EBA, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016). "[T]he [C]ourt retains the final discretion to determine whether a discovery request is broad or oppressive." *Id.* (citing *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). Further, Rule 26(b)(2)(C)(i) provides as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

With respect to requests for production, Rule 34(b)(2)(E) states that a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Further, "a[n] objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

The parties' briefs have addressed each issue by topic. The Court will address the topics in the order in which they appear in the parties' briefs, unless otherwise noted.[1]

---

[1] For ease of reference, the Court will refer to Plaintiffs' Request for Production of Documents as "RFP." The Court also notes that Plaintiffs have served multiple rounds of discovery requests in this case. Thus, the Court will refer to Plaintiffs' first round of discovery requests to Defendants as "First," second round of discovery requests as "Second," and so forth (*e.g.*, First Interrogatory, First RFP, Second Interrogatory).

2

**1.     Titan Trailer's and Billy Maples's Supplementation of Discovery Responses**

Plaintiffs argue that the Chief District Judge admonished Titan Trailer and Billy Maples regarding their evasive discovery responses in his Memorandum and Order [Doc. 123] granting Plaintiffs' request for a preliminary injunction. Plaintiffs state that Titan Trailer and Billy Maples supplemented their responses, but the supplementation fails to conform to the truth and are evasive. Titan Trailer and Billy Maples respond that their answers to the discovery requests are complete, and they deny that the responses are evasive.

Specifically, at dispute are Titan Trailer's responses to First Interrogatory No. 22, First RFP No. 9, and Second Interrogatory No. 1, and Billy Maples's responses to First Interrogatory Nos. 11 and 22 and Third RFP Nos. 4, 8, and 10. The Court has reviewed the discovery responses and will not require Defendants to provide further supplementation. Plaintiffs only provide two examples of an alleged evasive discovery response, which are Billy Maples's responses to Interrogatory Nos. 11 and 22. Interrogatory No. 11 seeks information regarding what property Billy Maples took from Plaintiffs. The Court finds that Plaintiffs' objections to Billy Maples's responses to Interrogatory Nos. 11 and 22 are essentially rendered moot given that the Court sanctioned Billy Maples and Titan Trailer in the form of establishing the following fact: To the extent that Plaintiffs can show that their Southware databases are trade secrets, Titan Trailer and Billy Maples misappropriated such trade secrets by improperly acquiring and using them. *See* [Doc. 252].

In any event, Plaintiffs' complaint relates to Billy Maples's denial that customer or vendor history was transferred off the USB drive or accessed for use by him or Titan Trailer. Plaintiffs argue that Billy Maples's denial is contradicted by the Chief District Judge's Memorandum and Order. The Court disagrees. The Chief District Judge found that Billy Maples "*likely* also used"

3

this information. [Doc. 123 at 15] (emphasis added). This finding was based on Billy Maples not being able to testify whether Plaintiffs' customer information was loaded into Titan Trailer's database; Billy Maples's testimony that he imported Plaintiffs' customer information, vendor information, and inventory into Titan Trailer's system; and his testimony that he was unsure of the extent of Plaintiffs' customizations that Titan Trailer is using today. [*Id.* at 15]. The Chief District Judge's finding that Billy Maples "likely also used" the information does not equate to a definitive finding that he did use the information.

Plaintiffs also argue that Billy Maples objects to the word "belonging" in the interrogatory, arguing that the Chief District Judge found that it was highly likely that this information did belong to Plaintiffs. For similar reasons as above, the Court finds Plaintiffs' argument not well taken. While Plaintiffs state that Billy Maples cannot now assert objections in response to the interrogatories, the Court notes that Billy Maples provides detailed (some of which the Court acknowledges is irrelevant and unnecessary) responses to Interrogatory Nos. 11 and 22. In summary, Billy Maples acknowledges he downloaded Plaintiffs' Southware operating system and claims he only transferred customer and vendor information but not history details. Should Plaintiffs have documents or other evidence to rebut Billy Maples's responses, the jury should weigh and determine.

The Court declines to go through the remaining discovery responses and determine how such responses are evasive and contrary to the testimony at the preliminary injunction hearing given that Plaintiffs did not. Accordingly, the Court finds Plaintiffs' request on this point not well taken.

4

## 2. Production After March 5, 2020

Plaintiffs argue that they have served a number of discovery requests relating to Defendants' conduct that occurred after they resigned their employment with Plaintiffs on March 5, 2020. Plaintiffs state that Defendants have arbitrarily cut out production of information and documents after March 5, 2020. Plaintiffs argue that Defendants' tortious conduct did not stop on March 5, 2020, making information after this date relevant.

Defendants state that they did produce documents that were dated after March 5, 2020, and they include a list of examples of such documents. Defendants state that after Plaintiffs filed their motion, Plaintiffs submitted an expert report using Titan Trailer's financial data from March 1, 2020, to March 31, 2021. Defendants contend any additional requests for documents dated after March 5, 2020, seeks information not relevant to the issues in this lawsuit.

Plaintiffs reply that they are concerned with the complete absence of several categories of documents that occurred after March 5, 2020, including communications between certain individuals.

Contrary to Defendants' contention, the Court finds that generally the fact that an event occurred after March 5, 2020, when many Defendants left Plaintiffs' employ, does not necessarily make it irrelevant. The Court, however, will address the discovery requests individually. Specifically, at dispute are Titan Trailer's responses to First Interrogatory Nos. 4 and 7, First RFP Nos. 3 and 7, and Second RFP No. 8, and Billy Maples's responses to First Interrogatory No. 9, First RFP Nos. 1, 4, 8, and Second RFP Nos. 5, 7, and 8. With respect to the discovery responses served on Titan Trailer, the Court finds as follows:

> **First Interrogatory No. 4**: Please list all current and past members of Titan Trailer[] Repairs & Sales, LLC, and for any changes in membership, please list the date(s) the member became a member or left the membership of Defendant.

5

**Ruling:** The Court **ORDERS** Titan Trailer to supplement its response with information after March 5, 2020, to the present, **within fourteen (14) days** of the instant Memorandum and Order.

**First Interrogatory No. 7**: Please state which of your employees were solicited from Plaintiffs' companies to work for you.

**Ruling:** The Court **ORDERS** Titan Trailer to supplement its response with information after March 5, 2020, to the present, **within fourteen (14) days** of the instant Memorandum and Order.

**First RFP No. 3**: Please produce any and all contracts signed by employees, managers, owners, or independent contractors of Titan Trailer[] Repair and Sales, LLC.

**Ruling:** The Court finds RFP No. 3 overbroad and will not require Titan Trailer to supplement. Specifically, this RFP is too broad as it is not limited in temporal scope or subject matter.

**First FRP No. 7**: Please produce the complete records for any phone referenced in Interrogatory No. 20.

**Ruling:** The Court has addressed this RFP in section 4 below.

**Second RFP No. 8**: Produce all emails, text messages, or other form of communications between Mr. Maples, or any other representative or agent of Titan Trailer, and any customer or vendor of Plaintiffs, or any of their affiliates, agents or employees, at any time regarding the formation of Titan Trailer, any entity by which Titan Trailer was formerly known and/or any business or completed enterprise which is in the same line of business as either of Plaintiffs.

**Ruling:** The Court **ORDERS** Titan Trailer to supplement with information occurring after March 5, 2020, to the present **within fourteen (14) days** of this Memorandum and Order.

With respect to the discovery requests served on Billy Maples, the Court finds as follows:

**First Interrogatory No. 9**: Please state if you have ever solicited Plaintiffs' employees to work for or at Titan Trailer[], and if you have solicited Plaintiffs' employees, provide names of which employees solicited and the date you solicited each such employee(s).

6

**Ruling:** The Court **ORDERS** Billy Maples to supplement with information occurring after March 5, 2020, to the present **within fourteen (14) days** of this Memorandum and Order.

**First RFP No. 1:** Please produce any correspondence exchanged by and between you and the other listed Defendants relating to Titan Trailer[].

**Ruling:** The Court has addressed this request in section 8 below.

**First RFP No. 4**: The parties did not include this discovery request in their filings.

**Ruling:** The Court declines to make any findings as to this discovery request given that it does not have a copy of First RFP No. 4.

**First RFP No. 8:** Please produce any and all communication between you and others you solicited to work at Titan Trailer[].

**Ruling:** The Court will address this request in section 8 below.

**Second RFP No. 5:** Produce all emails, text messages, or other form of communications between Mr. Maples and any other investor or prospective investor in Titan Trailer regarding the formation or creation of Titan Trailer, any entity by which Titan Trailer was formerly known, or any business or contemplated enterprise which is in the same line of business as either of Plaintiffs.

**Ruling:** The Court **ORDERS** Billy Maples to supplement with information occurring up to the time when Titan Trailer began its operations **within fourteen (14) days** of this Memorandum and Order.

**Second RFP No. 7**: Produce all emails, text messages, or other form of communications between Mr. Maples, or any other representative or agent of Titan Trailer, and Great Dane, or any of Great Dane's affiliates, agents, or employees, at any time.

**Ruling**: The Court **ORDERS** Billy Maples to produce all emails, text messages, or other forms of communications between him or agents of Titan Trailer and Great Dane or its agents relating to Titan Trailer's attempts to solicit Great Dane's business from Plaintiffs.

**Second RFP No. 8:** Produce all emails, text messages, or other form of communications between Mr. Maples, or any other

7

representative or agent of Titan Trailer, and any customer or vendor of Plaintiffs, or any of their affiliates, agents, or employees, at any time regarding the formation of Titan Trailer, any entity by which Titan Trailer was formerly known and/or any business or contemplated enterprise which is in the same line of business as either of Plaintiffs.

**Ruling:** The Court **ORDERS** Billy Maples to supplement with information occurring after March 5, 2020, to the present **within fourteen (14) days** of this Memorandum and Order.

### 3. Documents Relating to the Planning of Titan Trailer

Plaintiffs state that in response to discovery requests relating to the formation of Titan Trailer and when the planning began, Titan Trailer and Billy Maples provided evasive responses. Plaintiffs state that Titan Trailer and Billy Maples refused to provide earlier documents about the planning or when that planning of Titan Trailer began.

Defendants argue that Plaintiffs have misunderstood and misused Tennessee law on preparing to compete and fiduciary duties. In any event, Defendants state that Billy Maples and Titan Trailer have described their preparations to compete and turned over documents ad nauseum.

In reply, Plaintiffs state that on December 4, 2019, Billy Maples emailed Heath Brownlee a comprehensible breakdown of potential costs for their new business endeavor, and Billy Maples explained what they would need. Plaintiffs state despite this communication, Billy Maples asks this Court to believe that he took no planning actions before this December 4 email. Plaintiffs maintain that Titan Trailer and Billy Maples should supplement their discovery responses and produce all corresponding documents.

Specifically, Plaintiffs seek an order compelling Titan Trailer to provide complete responses to Plaintiffs' First Interrogatory Nos. 13-15 and Billy Maples to provide complete responses to First Interrogatory Nos. 6, 13, and 19. In addition, Plaintiffs seek an order compelling

Titan Trailer and Billy Maples to produce any related documents or to affirmatively state that all responsive documents have been produced. These discovery requests are provided below:

> **Interrogatory No. 13 (Titan Trailer):** Please state when Defendant first began planning to open to the public, steps Defendant took to open such business, and list all individuals involved in planning such opening.

> **Interrogatory No. 14 (Titan Trailer):** Please state all plans to open Defendant's business which occurred while any of the Defendants in this matter were still employed by Plaintiffs.

> **Interrogatory No. 15 (Titan Trailer):** Please state whether any part of your business was planned by any of the co-Defendants in this matter while the co-Defendants were still being paid by Plaintiffs.

> **Interrogatory No. 6 (Billy Maples):** Please describe, in detail, how you learned about Titan Trailers Repairs & Sales, LLC ("Titan Trailers"), and the approximate date that you first heard about Titan Trailers.

> **Interrogatory No. 13 (Billy Maples):** Please state how long you had been planning to begin the business Titan Trailers.

> **Interrogatory No. 19 (Billy Maples):** Please state your role in starting and building the business of Titan Trailers.

The Court has reviewed the responses to these discovery request and will not require further supplementation. Titan Trailer responds that Billy Maples and Heath Brownlee began having conversations in "late 2019 or possibly early January 2020." Defendants have produced the email from Billy Maples dated December 4, 2019, outlining the projected costs along with the filing acknowledgments in early 2020. Such evidence comports with Defendants' responses that the planning began in late 2019. It appears that Billy Maples is taking the position that while he took some steps in late 2019, he was not fully committed to the idea until 2020. Any discrepancies with his testimony and the documentary evidence can be addressed during depositions or at trial. The Court declines to order supplementation of the above discovery responses. The Court,

9

however, will **ORDER** Titan Trailer and Billy Maples, if they have not already done so, to produce any corresponding documents, even if they originated prior to December 2019, **within fourteen (14) days** of this Memorandum and Order. If no other responsive documents exist, Titan Trailer and Billy Maples **SHALL** so state.

### 4. Telephone Records

Plaintiffs have requested that Titan Trailer "produce the complete records for any phone" on which Titan Trailer's business is conducted. Plaintiffs state that this discovery request includes Heath Brownlee, Billy Maples, Amanda Maples, Paul Henegar, Jeff Clark, Amy Clark, and Roy Bailey. Plaintiffs state that they need logs and communications to identify when Titan Trailer was functional and such discovery would reveal those individuals involved in the conspiracy to steal Plaintiffs' information and trade secrets and unfairly complete. Plaintiffs state that this information would also show which employees, customers, and vendors Billy Maples and others improperly contacted.

Defendants state that Plaintiffs' objection is moot because AT&T responded to a subpoena issued by Titan Trailer on November 23, 2021, for detailed phone records. Defendants state that such production will resolve this point with respect to the phone records. Defendants state that they have complied with regard to text messages.

Plaintiffs reply that its request is not completely moot. Plaintiffs state that Titan Trailer has not produced any of the requested phone records related to communications. Plaintiffs maintain that they have requested the complete records for any phone on which Titan Trailer's business is conducted. Plaintiffs argue that if Titan Trailer can subpoena their phone record logs, it can also subpoena their correspondence on the requested phones. Plaintiffs state that Titan

Trailer should be required to provide all of the requested phone records, including text messages and any other communications.

Specifically, in the instant matter, Plaintiffs seek an order compelling Titan Trailer to respond to First RFP No. 7, which states:

> **First RFP No. 7:** Please produce the complete records for any phone referenced in Interrogatory No. 20.

Interrogatory No. 20 states: "Please list the complete information, including, but not limited to the phone number and carrier information, for any phone, personal or otherwise, used for any business activity for Defendant or any of Defendant's employees, managers, owners, or independent contractors." The Court finds RFP No. 7 is entirely too broad as there is no limit on the subject matter or temporal scope of this request. Accordingly, the Court declines to order Titan Trailer to supplement its response to this discovery request.

### 5. Financial Account Information

Plaintiffs argue that Titan Trailer's and Amanda Maples's financial account information show when their tortious behavior began and the identities of all tortfeasors. In addition, Plaintiffs argue that such information is necessary in addressing a punitive damages award. Plaintiffs state that Defendants have refused to produce information relating to when their planning of Titan Trailer began, and this information will show when it began paying employees. Plaintiffs argue that such is relevant because Billy Maples, for example, will have breached his fiduciary duty when he was being paid by two companies to compete against the other. Plaintiffs state that Amanda Maples's bank statements are also needed. Plaintiffs argue that Amanda Maples has attempted to distance herself from the conspiracy, but Plaintiffs are aware that she received payments from third parties shortly before the formation and opening of Titan Trailer. Plaintiffs believe that she has received additional payments that were intended to help Titan Trailer and Billy

11

Maples improperly compete with Plaintiffs. Plaintiffs finally submit that Amanda Maples's bank statements would also show if she has been paid by Titan Trailer, when those payments began, and when she began breaching her fiduciary duty to Plaintiffs.

Defendants argue that they have provided Plaintiffs' expert with full administrative user access to their system on April 15, 2021. Defendants state that the expert gathered the detailed financial information. Defendants state that this access showed Plaintiffs all financial transactions made by Titan Trailer from its inception and all transactions with Amanda Maples. Defendants state that they produced a copy of a check to Amanda Maples, reflecting the only payment Titan Trailer ever made to her. Defendants state that they have no idea what Plaintiffs are referencing when they allege that Amanda Maples received payments from third parties shortly before the formation and opening of Titan Trailer. Defendants claim Plaintiffs' argument regarding punitive damages is pretext because Plaintiffs have not taken any discovery for punitive damages purposes. Defendants state that Plaintiffs have treated Amanda Maples as an afterthought in this case, suing her merely because she is married to Billy Maples. Defendants state that pursing punitive damages is not Plaintiffs' true basis for seeking Amanda Maples's bank accounts.

Plaintiffs reply that they are entitled to see Titan Trailer's and Amanda Maples's full financial accounts. Plaintiffs argue that Southware contains a limited overview of the financial information and nothing about Amanda Maples's financial information. Plaintiffs state that Southware will not show (1) any individuals that contributed to Titan Trailer before March 5, 2020, which Plaintiffs need to identify potential tortfeasors, (2) Titan Trailer's profits, which are relevant to damages, or (3) anything about Amanda Maples. Plaintiffs state that they are not required to rest on Amanda Maples's assurances that she has only received one paycheck from Titan Trailer and that such financial information will also show whether any other payments she received was

12

from someone who is associated with Titan Trailer. Plaintiffs argue that Defendants have essentially conceded that Titan Trailer's financial information is relevant for punitive damages by failing to address this issue.

In the instant matter, the disputed discovery requests served on Titan Trailer and Amanda Maples provide, respectively, as follows:

> **First FRP No. 8 (Titan Trailer):** Please produce the records for any and all financial accounts for Titan Trailer[] Repairs and Sales, LLC, from its inception to date. This is to include any former names associated with Titan Trailer[].

> **First FRP No. 8 (Amanda Maples):** Please produce any and all of your personal bank statements from the last four (4) years.

The Court will start with First FRP No. 8 to Titan Trailer. Plaintiffs state that they need this information because Titan Trailer has refused to produce information relating to when the planning of Titan Trailer began and when it began paying employees. In light of Plaintiffs' stated purpose, First FRP No. 8 requesting "any and all financial accounts" from the date of Titan Trailer's inception to the present is entirely overbroad and seeks irrelevant information. Stated in a different way, Titan Trailer's financial information in 2022 would not reveal when certain parties began to take steps to form Titan Trailer or when Titan Trailer began paying its employees.

With respect to punitive damages, however, net worth and general financial circumstances are relevant. As the undersigned explained in *Allen v. Wyndham*, "a defendant's financial affair, financial condition, and net worth," are relevant in determining the amount of punitive damages. *Allen v. Wyndham Vacation Resorts, Inc.*, No. 3:18-CV-259-TAV-DCP, 2021 WL 2434355, at *4 (E.D. Tenn. Mar. 18, 2021) (citing *Hodges v. S.C. Toof & Co.* 833 S.W.2d 896, 901 (Tenn. 1992)).

The Court notes, however, First RFP No. 8, which seeks "records for any and all financial accounts" seems rather broad, but the parties have not provided specifics on what such a request

would encompass. *In re Heparin Prod. Liab. Litig.*, 273 F.R.D. 399, 409 (N.D. Ohio 2011) ("Requests seeking 'all financial reports' or 'all documents concerning financial condition or market performance' are overly broad.") (other citations omitted). Accordingly, the Court orders the parties to engage in a meaningful meet and confer, by video conferencing or in person, to determine the proper scope of this request as it pertains to punitive damages. The parties **SHALL** conduct their meet and confer **within fourteen (14) days** of this Memorandum and Order. If the parties cannot agree following their meet and confer, they may bring this matter to the attention of the Court.

The Court will now turn to Plaintiffs' request for the past (4) years of bank statements from Amanda Maples. Plaintiffs claim that Amanda Maples received payments from third parties shortly before the formation and opening of Titan Trailer, while Defendants contend that they do not have any idea of what Plaintiffs are referencing.[2] Plaintiffs also claim that the bank statements would show if Amanda Maples has been paid by Titan Trailer and when those payments began. Plaintiffs state that the bank statements are also relevant for punitive damages.

Again, Plaintiffs have requested a broad set of records to prove that something occurred within a few months' time. It is unclear to the Court why Plaintiffs would need Amanda Maples's bank statements from 2016 to 2020.[3] Accordingly, the Court finds that Amanda Maples **SHALL** produce her bank statements from September 2019 (*i.e.*, six months before Titan Trailer began operating) to April 2020 (*i.e.*, the month after she left Plaintiffs' employment). The Court finds the remaining bank statements not relevant or proportional to the needs of this case.

---

[2] The Court notes that Plaintiffs have not explained this allegation or provided the Court with any support thereof.

[3] Plaintiffs served the discovery requests in 2020.

With respect to punitive damages, the Court finds the bank statements from 2016 to 2020 irrelevant. Many courts have explained that the scope of such discovery is limited to a defendant's current financial condition. *Westbrook v. Charlie Sciara & Son Produce Co.*, No. 07-2657 MA/P, 2008 WL 839745, at *3 (W.D. Tenn. Mar. 27, 2008) ("[T]he scope of discovery should be limited to the defendant's current financial condition and net worth.") *aff'd,* No. 07-2657, 2008 WL 11417501 (W.D. Tenn. Dec. 9, 2008). The discovery request does not seek records relevant to her current or even recent financial condition. Accordingly, the Court does not find such records are relevant to Plaintiffs' request for punitive damages.

### 6. Interrogatory Limit

Plaintiffs state that Titan Trailer refuses to respond to Knox Trailers's Second Interrogatory Nos. 2-6 and has posed an objection that the number of interrogatories has exceeded the limit in Rule 33. Plaintiffs state that Titan Trailer's objection fails to take into account that there are two Plaintiffs, and therefore, each Plaintiff has twenty-five (25) interrogatories. Plaintiffs acknowledge that the first twenty-four (24) interrogatories were from both Plaintiffs but submits counting these twenty-four (24) interrogatories would elevate form over substance. Plaintiffs state that to the extent the Court disagrees, they request leave to serve an additional five (5) interrogatories.

Defendants assert that Plaintiffs have exceeded their limit on interrogatories. Defendants state that Plaintiffs served twenty-four (24) interrogatories on Titan Trailer and used some of the interrogatories to require Titan Trailer to respond to each Plaintiff, citing Interrogatory No. 7 as an example. Defendants argue that Plaintiffs' verbiage shows that they intended to gain responses to those interrogatories for both Plaintiffs.

Plaintiffs reply that they have served a combined total of thirty (30) interrogatories to Titan Trailer, which is proportional to the needs of the case.

As both parties acknowledge, Rule 33 limits the number of interrogatories a party may serve to no more than twenty-five (25). Fed. R. Civ. P. 33(a)(1). Some courts find that the rule expressly limits each party to 25 interrogatories, meaning that two plaintiffs can serve a total of fifty interrogatories. *St. Paul Fire and Marine Insurance Company v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288 (D. Mass. 2003) (finding that Rule 33(a) limits each *party* to 25 interrogatories, meaning that the three defendants could serve up to 75 interrogatories without leave of court); *Bradfield v. Donahue*, No. 13-1310-JDT-EGB, 2016 WL 5661855, at *2 (W.D. Tenn. Sept. 29, 2016) ("There are six individual Plaintiffs in this case, and each of them was entitled to serve up to 25 interrogatories.").

Other courts have interpreted Rule 33(a)(1)'s limit in terms of sides and not parties. *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) ("The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation."); *see also Gray v. Price*, No. CV 19-10383, 2020 WL 12721645, at *5 (E.D. Mich. Feb. 12, 2020) (explaining the split of authority and exercising the court's authority under Rule 26(b)(2), finding that even if defendants could serve more than 25 interrogatories, such would be expensive and time consuming); *L. v. Stevens Transp., Inc.,* No. 2:12-CV-544, 2013 WL 941435, at *2 (S.D. Ohio Mar. 8, 2013) (applying Rule 33(a)(2) as written because the parties asserted sufficiently distinct claims but noting "in some instances nominally separate parties are considered one party for purpose of the 25—interrogatory limitation"); *Allen v. Sch. Bd. for Santa Rosa Cty., Fla.*, No. 3:10CV142/MCR/CJK, 2011 WL 1831764, at *3 (N.D. Fla. May 12, 2011) (finding *Zito's* reasoning persuasive).

The Court will not require Titan Trailer to respond to the additional interrogatories. During discovery, Plaintiffs have acted as a single, unified entity in serving their requests. Plaintiffs acknowledged that the first twenty-four (24) interrogatories were from both Plaintiffs, but they now submit that counting these interrogatories against Plaintiffs would elevate form over substance. Form, however, is important given the split of authority above. In addition, Plaintiffs used verbiage, at least in one interrogatory, suggesting that they intended Titan Trailer to respond as to both Plaintiffs (*e.g.,* First Interrogatory No. 7).

In their reply brief, Plaintiffs state that even if they are over the limit of interrogatories, thirty (30) interrogatories are proportional to the needs of this case. While the amount of interrogatories may seem proportional, a party requesting leave to serve additional discovery requests must make a "particularized showing" to establish a need for those additional requests. *St. Ann v. McLean*, No. 5:15-CV-11770, 2017 WL 5732991, at *2 (E.D. Mich. Nov. 28, 2017) (collecting cases). Plaintiffs have not met their burden, and the Court will not require Titan Trailer to respond to the additional interrogatories.

### 7. Access to Southware Information

Plaintiffs state that they served requests to discover the exact scope of the theft and to ensure compliance with the Court's injunction. Plaintiffs state that the current customer information as contained in Southware, DSi's software, or Exerve's software will shed light on the exact scope of Titan Trailer's trade secret misappropriation. Plaintiffs argue that such information can be compared to Plaintiffs' version of Southware from the time Billy Maples downloaded it to the USB device. Further, Plaintiffs state that the current breadth of the requested customer information will show the ways in which Defendants have harmed Plaintiffs and will shed light on the nature of the misappropriation and the amount of damages. Plaintiffs assert that communications involving Southware, DSi, and Exerve will reveal at least three relevant facts: (1)

when the Defendants first stole Plaintiffs information and when that theft occurred, (2) the cost associated with setting up Titan Trailer's system, which is partially indicative of the amount of damages that Plaintiffs are entitled to stemming from the theft of trade secrets, and (3) whether Titan Trailer and Billy Maples complied with this Court's injunction.

Defendants state that they have fully responded to these discovery requests and that there are no additional responsive documents. Defendants further state that with respect to Third FRP No. 8, Titan Trailer provided Plaintiffs with a login and password to remotely sign in with the full administrative user access to the system on April 15, 2021.

Plaintiffs disagree that Defendants have fully responded. Plaintiffs state that they need the customer, vendor, and inventory information as contained in Southware, DSi's software, or Exerve's software to understand whether, and to what extent, Titan Trailer is continuing to use Plaintiffs' trade secrets and to ensure that Titan Trailer is complying with the injunction.

Specifically, Plaintiffs seek an order compelling Titan Trailer to fully respond to Knox Trailer's Third RFP Nos. 4, 8, and 10 and Fourth RFP Nos. 1-4, which request the following:

> **Third FRP No. 4:** Produce all documents created, used, or maintained by Titan Trailer derived in whole or in part from documents used by or created by either Plaintiff. **RESPONSE:** Documents responsive to this request are attached bearing Bates Nos. Titan 164-168.
>
> **Third FRP No. 8:** Produce current version and any backup copies of Titan Trailer's Southware operating system files, including all Titan Trailer user files. To avoid doubt, this request seeks all of Titan Trailer's files saved in the Southware operating system directory on Titan Trailer's server. For the further avoidance of doubt, this request seeks all files in the corresponding directory on Titan Trailer's servers to the directory on Knox Trailer[s]'s server that Mr. Maples saved to a USB drive on February 20, 2020. **RESPONSE:** Titan agrees to produce the requested files subject to agreement upon reimbursement of Titan's expenses associated with such production.

18

**Third RFP No. 10:** Produce all documents and communications related to Titan Trailer's implementation, organization, setup, and use of the Southware operating system. **RESPONSE:** Titan objects to this request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and not calculated to lead to the discovery of admissible evidence in this action.

**Fourth RFP No. 1:** Please produce any and all documents or correspondence related to the research, acquisition, purchase, and/or implementation of your new software program(s) which replaced any of the functionality of SouthWare. **RESPONSE:** Objection. Any "research, acquisition, purchase, and/or implementation" of software Titan purchased over a full year after the Plaintiffs commenced this litigation has nothing to do with any claim or defense in this case. Subject to and without waiving any objection, see documents Titan produces at TITAN 0178-387.

**Fourth RFP No. 2:** Please produce any and all documents and communications related to DSi's provision of software, products, and/or services to Titan Trailer. **RESPONSE:** See response to Request 1, above.

**Fourth RFP No. 3:** Please produce any and all documents and communications related to Exerve's provision of software, products and/or services to Titan Trailer. **RESPONSE:** Objection. This request seeks documents that are not relevant to any claim or defense in this case. Subject to and without waiving any objection, see documents Titan produces at TITAN 0388-466.

**Fourth RFP No. 4:** Please produce any and all documents and communications related to Titan Trailer[']s use of SouthWare. **RESPONSE:** See response to Request 3, above.

As outlined above, Plaintiffs claim that Defendants did not produce all responsive documents, while Defendants claim that they produced everything. Such arguments are difficult to address given that the undersigned is not familiar with the universe of documents. With respect to the Third RFP No. 4, however, Titan Trailer produced a policy regarding substance abuse and a policy regarding employees who drive. Plaintiffs seek information relating to current customers, vendors, and inventory to understand the extent Titan Trailer is continuing to use Plaintiffs' information. Accordingly, Titan Trailer **SHALL** supplement its response to Third RFP No. 4

19

**within fourteen (14) days** of this Memorandum and Order and produce the documents that it created, used, or maintained that were derived from documents created by Plaintiffs, including customer, vendor, and inventory information that Billy Maples has acknowledged he downloaded. If Titan Trailer does not have additional responsive documents, it **SHALL** so state.

With respect to Third RFP No. 8, it is unclear to the Court what additional information is needed given that Titan Trailer provided Plaintiffs with a login and password to remotely sign into its system and provided Plaintiffs with full administrative access thereto. Accordingly, the Court will not order Titan Trailer to supplement its response to this RFP.

Finally, with respect to the remaining RFPs, the responses do not comply with the Rules. As mentioned above, if a party objects to a request for production, the party must state whether it withheld documents on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C). Accordingly, **within fourteen (14) days** of this Memorandum and Order, Titan Trailer **SHALL** supplement its responses to the remaining RFPs above in accordance with Rule 34. After this supplementation, if the parties have further issues, they may contact Chambers to set an in-person hearing.

### 8. Communications between co-Defendants

Plaintiffs assert that Titan Trailer and Billy Maples refuse to identify Plaintiffs' employees whom they solicited to work for Titan Trailer and their communications with other co-Defendants. Plaintiffs seek the identity of those employees solicited both before and after Billy Maples's resignation. Plaintiffs state that they also requested communications, but Defendants have produced few communications.

Defendants incorporate their argument in response to Topic 2 (*i.e.,* documents after March 5, 2020, are not relevant) and further argue that Plaintiffs' discovery requests seeking

communications between the co-Defendants at any time is overbroad. Defendants state that Plaintiffs have not justified their request for communications after March 5, 2020.

In reply, Plaintiffs state that Titan Trailer and Billy Maples failed to identify the employees whom they solicited and they failed to produce communications between co-conspirators. Plaintiffs state that in fact, Defendants have not produced any text messages involving Paul Henegar, one of the primary conspirators.

Plaintiffs filed a supplemental brief, stating that no Defendant has produced a single communication between Billy Maples and Jeff Clark; Billy Maples and Paul Henegar; or Billy Maples and Roy Bailey. Plaintiffs state that Billy Maples produced text messages between himself and other co-Defendants during the relevant timeframe. When Plaintiffs asked Billy Maples why he had not produced any text messages between himself and these co-Defendants, Billy Maples testified that he switched phones; however, Plaintiffs argue that this switch happened in December 2019. Plaintiffs state that Billy Maples did not produce any messages for the months following. Plaintiffs state that a co-Defendant testified that he deleted messages before leaving Plaintiffs' employment. Plaintiffs state for the first time, some Defendants during their depositions claimed that the communications were subject to a joint defense doctrine. Finally, Plaintiffs assert that several text messages have been digitally modified.

In response to Plaintiffs' Supplemental Brief, Defendants claim that Plaintiffs have submitted false statements to the Court. For instance, Defendants assert that while Plaintiffs claim that they do not possess any communications between Billy Maples and the co-Defendants on or after March 5, 2020, Defendants have produced fifty-seven (57) pages of text messages with Defendant Powell, the latest of them dated March 29, 2020. Defendants also maintain that Plaintiffs filed 10 of these pages, containing over 60 messages between Billy Maples and

Defendant Powell dated after March 5, 2020, earlier in this case. Second, Defendants state that Titan Trailer raised the joint defense doctrine on April 9, 2021. Third, Defendants state that Plaintiffs have no evidence that text messages have been digitally modified. Defendants assert that Billy Maples as well as co-Defendants Henegar and Clark objected to the relevance of communications after March 5, 2020, thus placing a limit on the scope of communications to be produced. In short, Defendants assert that the text exchange cited by Plaintiffs as proof of their modification claim ends with a text dated March 4, 2020, which aligns with the explained parameter on production.

Defendants go on to state that Plaintiffs themselves had previously produced modified text messages, claiming that they culled irrelevant messages. Defendants argue that when Plaintiffs produced the messages again in response to the Court's order, they made additional redactions. Defendants maintain that while they selected an end-date for relevant documents and informed Plaintiffs of that parameter, Plaintiffs' redactions are not the standard. Finally, Defendants argue that Plaintiffs deposed Billy Maples and never asked him about text messages and that the question of whether the communications among co-Defendants are privileged is not properly before the Court because Plaintiffs raised it in their supplemental brief.

As an initial matter, the Court has already ordered Titan Trailer and Billy Maples to identify Plaintiffs' employees who were solicited by Titan Trailer and Billy Maples, even if the solicitation occurred after March 5, 2020. *See supra* section 4. Specifically, the remaining discovery requests at issue relate to communications and provide as follows:

> **First RFP No. 1 (Billy Maples):** Please produce any correspondence exchanged by and between you and the other listed Defendants relating to Titan Trailers.

> **First RFP No. 8 (Billy Maples)** Please produce any and all communication between you and others you solicited to work at Titan Trailers.

> **Third RFP No. 17 (Titan Trailer):** Produce all communications with any codefendant about this lawsuit.

As mentioned above, the Court agrees with Plaintiffs that Defendants' March 5, 2020 cut-off date is arbitrary. The glaring problem with First RFP Nos. 1 and 8, however, is that they are entirely too broad. For instance, First RFP No. 8 is not limited by subject matter or in temporal scope. *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 609 (E.D. Ky. 2011) ("Because it seeks production of *all* documents, including *any* communication between Plaintiff's employees (without even specifying which types of employees' communication is subject to this request), the burden associated with this request outweighs any potential benefit upon production to Defendants."). The Court notes that RFP No. 1 contains somewhat of a limitation (*i.e.*, relating to Titan Trailer), but the Court finds this limitation is not enough. Correspondence that simply relates to Titan Trailer does not make such correspondence relevant to the issues in this case. The Court has reviewed the letters exchanged by counsel, and it does not appear that Plaintiffs agreed to narrow the discovery requests. Accordingly, the Court will not require Billy Maples to supplement his responses to these discovery requests.

The Court notes that the Third RFP No. 17 is somewhat limited in subject matter (*i.e.*, the lawsuit) and temporal scope as the lawsuit was filed in March 2020. In response to Third RFP No. 17, Titan Trailer states that the request seeks communications between signatories to a Joint Defense Agreement and that all Defendants have signed this agreement other than Defendant Powell. [Doc. 170-8 at 5-6]. Plaintiffs do not mention Titan Trailer's objection other than to claim in their supplemental brief, "Defendants have never asserted this doctrine in any of their discovery

responses, communications with the undersigned, or court pleadings in response to the Motions, nor have they served a privilege log." [Doc. 250 at 2].

In light of above issues, the Court cannot render a ruling at this juncture.[4] The Court finds the most appropriate course of action is for Titan Trailer, if it has not done so already, to provide a privilege log as required by Rule 26(b)(5) within **fourteen (14) days** of this Memorandum and Order. Once Titan Trailer has provided a privilege log, if there is a specific communication Plaintiffs seek, the parties **SHALL** conduct a **meaningful** meet and confer. If the parties are not able to resolve the issue, they may contact Chambers to set an in-person hearing. Any requests for an in-person hearing shall also include an explanation of the parties' meet and confer efforts.

In Plaintiffs' Supplemental Brief, they assert that several text messages have been digitally modified. Plaintiffs state that during Billy Maples's deposition, he testified to giving his counsel unmodified text messages. Plaintiffs state that the copies defense counsel produced were cut off without explanation. Plaintiffs argue that when relevant messages have been modified without explanation, the producing party shall (1) produce a log explaining each modification, or (2) produce the unmodified communications. Plaintiffs rely on the Court's previous Memorandum

---

[4] Titan Trailer's discovery response asserts the joint defense agreement, but its brief states that it "raised the joint defense or common interest privilege in responding." [Doc. 254 at 2]. Some courts have noted that these doctrines are different. For example, the "common-interest rule applies where the parties are represented by separate attorneys but share a common legal interest." *Polylok, Inc. v. Bear Onsite, LLC,* No. 312CV00535DJHCHL, 2017 WL 1102698, at *7 (W.D. Ky. Mar. 23, 2017) (quotations omitted). The joint-defense doctrine "allows communications between one client (*e.g.*, a defendant) and his attorney to be shared with a co-defendant without waiving the privilege where both are represented by the same attorney." *Id.* (quotations are omitted). Other courts have explained that the common interest privilege may apply in three situations: (1) when a single attorney represents multiple clients in the same matter, (2) when parties share a common defense, or (3) when two or more clients shares a common legal or common interest and share legal advice with respect to the common interest. *Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 219-220 (W.D. Ky. 2006).

and Order directing Plaintiffs to provide the log when Defendants accused Plaintiffs of deleting text messages.

The Court is troubled by both counsels' careless accusations regarding unethical conduct against one another. In January 2022, the Court ruled on a similar issue when Defendants accused Plaintiffs of digitally modifying text messages. At that time, Plaintiffs put forward what the Court found to be an innocent explanation, similar to the reasons Defendants have put forward here (*i.e.*, Defendants did not produce what they believe are irrelevant text messages). Arguing whether evidence is relevant is fair but accusing another attorney, apparently without discussing what happened with opposing counsel, is not. Should counsel continue to engage in accusations against one another, the Court will consider sanctions against the attorney who made such accusations without a basis to do so or sanction the attorney who modified evidence without a basis to do so.

Turning to the instant matter, Plaintiffs point to [Doc. 250-1] stating that the text messages have been digitally modified. Defendants claim that they did not produce the additional text messages because communications beyond March 5, 2020, are irrelevant. As the Court previously noted, a general cut-off date of March 5, 2020, for discovery is arbitrary; however, because the Court cannot review the deleted text messages, the undersigned will order Billy Maples to produce a log **within fourteen (14) days** of this Memorandum and Order to Plaintiffs containing information about the deleted text messages, including the author, recipient, time, date, and general subject matter. Once Plaintiffs have reviewed the log, if there is a certain text message that Plaintiffs believe warrant production, the partis **SHALL** meet and confer, and if their meet and confer efforts fails, they may seek relief with the Court. In the alternative, Defendants may simply produce the deleted text message. *See* [Doc. 224] (ordering Plaintiffs to do the same).

9.      **Information and Documents related to Credit Card Purchases**

Plaintiffs state that they have uncovered hundreds of instances in which Billy Maples plainly used his company-issued credit card for his own benefit. Plaintiffs state that they need to discover the information and documents Billy Maples possesses regarding his credit card usage.

Billy Maples responds that he does not have responsive documents. Billy Maples state that to the extent Plaintiffs seek credit card statements, Plaintiffs possess such documents. Plaintiffs do not believe Billy Maples.

The discovery at issue and Billy Maples's responses thereto provide as follows:

> **First Interrogatory No. 15:** Please state whether you used your company card for personal use while at Knox Trailers. If your company card was used for personal use, please describe the personal use including dates, other individuals aware of such use, amounts of the personal use and whether you reimbursed the Plaintiffs for such personal use. **RESPONSE:** For several years during his tenure as General Manager Mr. Maples was authorized by Knox Trailers, Inc.'s ownership to use a company credit card issued to him for certain personal expenditures. This practice was discussed with and well known by Knox Trailers, Inc.'s owners Ray Jones and Steve Fultz.

> **First RFP No.** 7: Please produce any and all documents related to your purchases on your company credit card while employed for Plaintiff. **RESPONSE:** Mr. Maples objects to this request on the grounds that it seeks documents belonging to Plaintiffs and which are therefore more readily available to Plaintiffs than Mr. Maples. Without waiving the foregoing objection and subject thereto, Mr. Maples has no documents responsive to this request in his possession.

As an initial matter, Plaintiffs presumably are aware of any alleged unauthorized personal expenditures purchases given that they have access to their own credit card statements. *See* [Doc. 67 at ¶¶ 44-45] (Amended Complaint) (stating that Billy Maples charged personal expenses for meals, fuel, family vacations to Florida, hunting trips, and house maintenance, spending over $2,000 per month). The Court observes that the practical problem with First Interrogatory No. 15

26

is that if Billy Maples really spent $2,000 per month, it may be difficult, if not impossible, to respond to this interrogatory fully. By way of illustration, if Billy Maples purchased gas three years ago and paid with Plaintiffs' credit card, he may not recall that detail or the date he purchased the gas.

Despite this issue with the interrogatory, the Court finds that Billy Maples did not sufficiently respond. Interrogatory No. 15 specifically asks: 1) whether Billy Maples used the credit card for personal expenditures, 2) description of the personal use, 3) the dates of such use, 4) whether other individuals were aware, 5) the amounts of the personal use, and 6) whether Billy Maples reimbursed Plaintiffs. Accordingly, the Court **ORDERS** Billy Maples to supplement his response to First Interrogatory No. 15 to (1) generally describe his personal use of Plaintiffs' credit cards, (2) any dates, if he can recall, that he made purchases, (3) any other person who had knowledge that he used Plaintiffs' credit cards for personal expenditures, and (4) whether he ever reimbursed Plaintiffs.

With respect to the requested documents, the Court is not surprised that Billy Maples does not have any documents in response to this request (*e.g.,* receipts for meals or gas purchases); however, his response is qualified with an objection. Accordingly, Billy Maples **SHALL** supplement his response to First RFP No. 7 to provide whether he is withholding any documents based on his objection as required by Rule 34. If Billy Maples does not have responsive documents, he **SHALL** so state. The Court **ORDERS** Billy Maples to supplement his responses **within fourteen (14) days** of this Memorandum and Order.

27

## II.     CONCLUSION

Accordingly, for the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Compel the Discovery Responses of Defendants Titan Trailer Repair and Sales, LLC, Billy Maples, and Amanda Maples [**Doc. 170**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge