UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KNOX TRAILERS, INC., and POST ) 
TRAILER REPAIRS, INC., )
)
Plaintiffs, )
)
v. )    No. 3:20-CV-137-TRM-DCP
)
JEFF CLARK, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Compel [Doc. 244], filed by Billy Maples ("Defendant"). Plaintiffs have responded in opposition [Doc. 268] to the motion, and Defendant has filed a reply [Doc. 280]. Accordingly, for the reasons stated below, the Court **DENIES** Defendant's Motion [**Doc. 244**].

## I.    ANALYSIS

As an initial matter, the Court notes that Defendant's motion was filed on February 14, 2022, the day of the discovery deadline. "Motions to compel filed within days of the close of discovery are untimely." *Cont'l Cas. Co. v. Tyson Foods, Inc.*, No. 1:15-CV-20-HSM-SKL, 2017 WL 11180629, at *2 (E.D. Tenn. June 15, 2017) (collecting cases). Accordingly, the Court finds that Defendant's motion is untimely.

Despite its untimeliness, the Court has reviewed the merits of the dispute, especially in light of Defendant's accusation that Plaintiffs did not comply with the Court's previous Memorandum and Order [Doc. 224]. The instant dispute involves Plaintiffs' response to

Defendant's Request for Production ("RFP"). Specifically, the RFPs and responses thereto state as follows:

**RFP No. 40 to Knox Trailers, Inc., and No. 35 to Post Trailer Repairs**: Produce all documents constituting receipts for all charges by Steve Fultz to any credit card held by the Plaintiffs from January 1, 2014 to present.

**Response**: Plaintiffs object to these requests as irrelevant, overbroad, and not proportional to the needs of the case. Steve Fultz's purchases are not relevant to whether the Defendants made improper credit card purchases. Moreover, the time frame is overly broad as it encompasses time both before and after the relevant dates. Subject to these objections, Plaintiffs have made a search for the requested documents between 2017 to March 2020. Please see the documents labeled Knox/Post007063 to Knox/Post007186. These documents are produced as they are kept in the ordinary course of Plaintiffs' businesses. Plaintiffs have not withheld documents within their custody, control, or possession.

**RFP No. 41 to Knox Trailers, Inc., and No. 36 Post Trailer Repairs, Inc.**: Produce all documents constituting statements from any bank or financial institution showing charges by Steve Fultz to any credit card held by the Plaintiffs from January 1, 2014, to present.

**Response**: Plaintiffs incorporate their response and objections from the immediately preceding requests. Additionally, Plaintiffs have requested complete statements from the appropriate financial institutions and will produce those once received.

Defendant states that the above requests seek relevant documents and that the temporal parameters that he provided mirror those of Plaintiffs' claims and discovery requests. Defendant states that he needs to evaluate whether the current practice is consistent with the measure by which Plaintiffs determined that his and other Defendants' card usage was unauthorized. In addition, Defendant states that on January 11, 2022, the Court ordered Plaintiffs to produce complete copies of other credit card statements that were previously produced, which date back to at least January 2015. Defendant claims that Plaintiffs failed to produce those statements and have now refused to

produce certain statements reflecting charges by Steve Fultz ("Fultz") from 2014-2016 and from 2020-2021. Defendant contends that the credit card statements and receipts for Fultz's company card will show that he used his company credit card in the same way Plaintiffs allege was wrongful use by Defendants.

Plaintiffs state that they produced 3,500 pages of organized credit card documents, including Fultz's credit card filings and statements from financial institutions. Plaintiffs submit that the one exception is that they did not produce Fultz's credit card documents post-March 2020 because the spending patterns of Fultz, the owner of Plaintiffs, is not at issue. Plaintiffs state that they produced the documents from 2018 to March 2020. Plaintiffs argue that the requested credit card files are only relevant because Plaintiffs sued Defendant (and others) for improper and unauthorized credit card usage while they were employed by Plaintiffs. Plaintiffs assert that Defendant did not have any ownership rights in Plaintiffs, meaning that someone had to authorize Defendant's credit card expenditures. Plaintiffs argue that Defendant has repeatedly testified that he was given blanket authority by one of Plaintiffs' prior owners, Ray Jones, to make all of the purchases on his company-issued credit cards. Plaintiffs submit that as such, it is not clear how Fultz's spending patterns are relevant to Defendant's expenditures because Fultz owns Plaintiffs. In a good-faith attempt to avoid additional disputes, Plaintiffs produced some of Fultz's credit card records despite the irrelevancy of the documents.

Finally, Plaintiffs state that they did comply with the Court's previous Memorandum and Order [Doc. 224] to produce the missing credit card statements by seeking those documents directly from the financial institutions and producing them. Plaintiffs explain that at the time the Court ordered the supplemental production, Fultz had not even responded to the initial discovery requests, so the Court's Memorandum and Order did not encompass credit card documents related

to Fultz.  Plaintiffs argue that, in any event, Plaintiffs also produced statements from the financial institutions related to Fultz's credit card and that Plaintiffs fully complied with the Court's previous Memorandum and Order [Doc. 224].

In addition to finding the motion untimely as explained above, the Court finds the RFPs seek irrelevant information that is not proportional to the needs of this case.  Fed. R. Civ. P. 26(b).  The Court finds that the current spending pattern of Plaintiffs' owner is not at issue.  Further, Plaintiffs produced Fultz's credit card documents from 2018 to March 2020, and the Court finds that additional documentation is not proportional to the needs of this case.  Fed. R. Civ. P. 26(b).  Accordingly, the Court finds Defendant's request is not well taken.

With respect to the Court's Memorandum and Order [Doc. 224], the Court ordered Plaintiffs to produce the missing credit card statements.  As Plaintiffs stated, "At the time the Court ordered the supplemental production, Fultz had not even responded to the initial discovery request, so the Court's Order did not encompass credit card documents related to Fultz." [Doc. 268 at 5].  Regardless, Plaintiffs submit that they produced the statements that they received from the financial institutions relating to Fulz's credit cards.  Accordingly, the Court does not find additional documentation warranted.

## II.     CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** the Motion to Compel [**Doc. 244**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

4