UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KNOX TRAILERS, INC., and POST TRAILER REPAIRS., INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:20-CV-137-TRM-DCP ) |
| JEFF CLARK, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Compel RFP No. 8 to Titan—Post Meet and Confer as Ordered Per Doc. 310 [Doc. 339]. Defendant Titan Trailer Repair & Sales, Inc., has opposed the motion [Doc. 352], and Plaintiffs have replied [Doc. 354]. Accordingly, for the reasons explained below, the Court **GRANTS** Plaintiffs' Motion [**Doc. 339**].

**I.    ANALYSIS**

The parties' dispute relates to the Court's previous Memorandum and Order [Doc. 310], filed on March 18, 2022, with respect to Plaintiffs' Request for Production ("RFP") No. 8 to Titan Trailer Repair & Sales, Inc. ("Titan"). Specifically, RFP No. 8 provides as follows:

> Please produce the records for any and all financial accounts for Titan Trailer[] Repairs and Sales, LLC, from its inception to date. This is to include any former names associated with Titan Trailer[].

In the underlying discovery dispute, Plaintiffs sought to compel Titan to respond to RFP No. 8, stating they seek information necessary in addressing a punitive damages award [*Id.* at 12].[1] In response, Titan argued that it had provided Plaintiffs' expert with full administrative user access to its system on April 15, 2021, and that Plaintiffs' expert gathered the detailed financial information [*Id.*]. In their reply, Plaintiffs asserted that Titan essentially conceded that its financial information is relevant for punitive damages by failing to address this issue [*Id.* at 13].

The Court found that net worth and general financial circumstances are relevant when assessing punitive damages [*Id.*]. The Court, however, noted that RFP No. 8 as written (*i.e.*, records for any and all financial accounts) seemed rather broad and that the parties did not brief the specifics on what such a request would encompass [*Id.*]. The Court ordered as follows:

> Accordingly, the Court orders the parties to engage in a meaningful meet and confer, by video conferencing or in person, to determine the proper scope of this request as it pertains to punitive damages. The parties **SHALL** conduct their meet and confer **within fourteen (14) days** of this Memorandum and Order. If the parties cannot agree following their meet and confer, they may bring this matter to the attention of the Court.

[*Id.* at 14].

In the present filings, the parties state that they met and conferred and were not able to agree. Plaintiffs state that they have limited RFP No. 8 as follows: (1) Titan's bank statements from November 2021 to the present, and (2) Titan's monthly profit and loss statements from April 2021 to the present. Plaintiffs explain that April 21 is the day that Titan ceased using Plaintiffs' databases following the Court's injunction. Plaintiffs state that their request has been narrowed to shed light of Titan's current financial condition.

---

[1] Plaintiffs also argued that the information was relevant because it would establish when Titan's tortious activity began and would identify all tortfeasors [Doc. 310 at 11]. In their instant motion, Plaintiffs state that they have now limited RFP No. 8, rendering this argument moot [Doc. 339 at 2 n.1].

Titan responds that it provided Plaintiffs with the administrative level login credentials to its SouthWare account where all its financial information was stored and that it also offered to produce its bank statements from the first month of operation and other banking documents, including the agreement Titan executed to open a bank account and its initial deposit slip. In addition, Titan argues that it has already granted Plaintiffs unfettered access to its accounting records from which Plaintiffs' expert created his report, making further discovery into Titan's financials unnecessary. Further, Titan argues that the Court has now ruled on its partial motion for summary judgment that eliminated almost every basis for punitive damages against it.

Third, Titan asserts that Plaintiffs' argument that one bank statement does not allow them to assess Titan's financial condition is based on a false premise because Titan has provided approximately a year's worth of detailed financial records. Finally, Titan argues that Plaintiffs did not properly request current information in RFP No. 8 as the discovery request seeks financial information "to date." Titan states that Plaintiffs cannot force it to produce documents because the discovery rules impose no obligation to continuously produce newly created documents. Titan states that in essence, Plaintiffs' motion is a request for Titan to supplement all the way through a date beyond the discovery deadline based on a misunderstanding of the duty to supplement that Federal Rule of Civil Procedure 26(e) imposes.

The Court finds that, generally, Titan's arguments are a rehash of what it previously argued to the Court or should have argued before the Court at the time of the underlying discovery dispute. For instance, Titan argued in the underlying dispute that it provided Plaintiffs access to its SouthWare databases, where all its financial information is stored. The Court considered this argument in its Memorandum and Order, *see* [Doc. 310 at 13], and the Court declines to reconsider

it.[2]  Further, Titan now argues that information relating to punitive damages is irrelevant because the Chief District Judge entered a partial motion for summary judgment eliminating "almost" every basis for punitive damages against Titan [Doc. 325 at 2].  During the underlying discovery dispute, Titan did not make any arguments regarding the relevancy of punitive damage information [Doc. 310 at 13] (noting that Plaintiffs argued in their reply brief that Titan conceded that its financial information is relevant for punitive damages by failing to address the issue).  While the Court notes that the Chief District Judge ruled on the dispositive motion after Defendants responded to the underlying discovery dispute, Titan never requested leave to file a supplemental brief raising relevancy objections.  In any event, however, Plaintiffs have stated in their brief that they have asserted other claims against Titan for which punitive damages may be assessed.  Whether these claims have merit is not a decision for the undersigned.

Titan also argues that RFP No. 8 did not originally request current records and now Plaintiffs seek to use a motion to compel to expand their discovery requests.  Titan states that it is only required to produce documents "to date," meaning the date that Plaintiffs served the RFP No. 8, or May 28, 2020.  Titan states that by giving Plaintiffs administrative level login access to all its accounting records on SouthWare in April 2021, Titan has provided all responsive data for the requested time period and beyond.  Titan states that it is under no duty to supplement under Rule 26(e).

The Court finds Titan's argument neglects the procedural history of this dispute.  As noted above, in the underlying discovery dispute, Plaintiffs argued that they needed Titan's financial information in relation to their punitive damages request.  The Court determined that Plaintiffs'

---

[2]  The Court notes, however, that it is still not clear whether Titan's database includes current information.  In addition, Plaintiffs argued in the underlying dispute that the database did not include profits [Doc. 310 at 12].

4

RFP No. 8 was too broad as written and explained that only the current financial information is relevant. The Court also cited to the parties a case that is instructive on this issue [Doc. 310 at 13] (citing *In re Heparin Prod. Liab. Litig.*, 273 F.R.D. 399, 409 (N.D. Ohio 2011)).

The Court thereafter ordered the parties to meet and confer to determine the appropriate scope of the RFP No. 8, and if they could not agree on the appropriate scope, to bring the matter to the Court's attention. This was not an invitation to argue against making any productions but instead a direction that the parties work together to limit the RFP No. 8 in scope and to relevant information. Accordingly, the Court finds Titan's argument not well taken.

Turning to Plaintiffs' proposal, they state that they have agreed to limit their request to (1) Titan's bank statements from November 2021 to the present, and (2) all of Titan's monthly profit and loss statements from April 2021 to present. The Court finds these requests are narrowly tailored and seek relevant information as to punitive damages. *In re Heparin Prod. Liab. Litig.*, 273 F.R.D. 399, 409 (N.D. Ohio 2011) ("Most courts addressing the proper scope of financial discovery have limited such discovery to the period providing a picture of the defendant's current financial condition and net worth, usually the most recent year or two."); see also *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 5:17-CV-35-TBR-LLK, 2017 WL 7693390, at *4 (W.D. Ky. Dec. 12, 2017) (stating the same and collecting cases).

## II.  CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Compel RFP No. 8 to Titan—Post Meet and Confer as Ordered Per Doc. 310 [**Doc. 339**] and **ORDERS** Titan to respond to RFP No. 8, as limited, **within fourteen (14) days** of entry of this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge