UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KNOX TRAILERS, INC., and POST TRAILER REPAIRS, INC., | ) ) ) Case No. 3:20-cv-137 |
| *Plaintiffs*, | ) ) Judge Travis R. McDonough |
| v. | ) ) Magistrate Judge Debra C. Poplin |
| BILLY MAPLES, individually and d/b/a TITAN TRAILER REPAIR & SALES, LLC, AMANDA MAPLES, JEFF CLARK, AMY CLARK, ROY BAILEY, PAUL HENEGAR, and TITAN TRAILER REPAIR & SALES, LLC, | ) ) ) ) ) ) ) |
| *Defendants*. | ) |

**MEMORANDUM AND ORDER**

Before the Court are two objections to Magistrate Judge Poplin's discovery opinions, filed by Defendants Billy Maples and Titan Trailer Repair & Sales, LLC ("Titan") (Docs. 365, 368). In their first objection, Titan and Maples object to the memorandum and order dated May 13, 2022, in which Magistrate Judge Poplin granted Plaintiffs' motion to compel Titan to respond to Plaintiffs' request for production number eight. (*See* Doc. 365.) In their second objection, Titan and Maples object to Magistrate Judge Poplin's May 17, 2022 memorandum and order, in which she granted in part and denied in part their motion for protective order. (*See* Doc. 368.) Both objections are accompanied by requests for expedited ruling. (*See* Docs. 365, 368.) For the following reasons, the Court will **OVERRULE** both objections to Magistrate Judge Poplin's orders.

## I. STANDARD OF REVIEW

"Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending trial matter only if it is clearly erroneous or contrary to law." *Bisig v. Time Warner Cable, Inc.*, 840 F.3d 205, 219 (6th Cir. 2019) (citation and internal quotation marks omitted). The Court must conduct a de novo review of the portions of the magistrate judge's decision to which objections have been made. Fed. R. Civ. P. 72(b)(3). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.*

## II. OBJECTION TO MAY 13, 2022 MEMORANDUM AND ORDER

On November 30, 2021, Plaintiffs filed a motion to compel the discovery responses of Titan, Billy Maples, and Amanda Maples (Doc. 170). In that motion, Plaintiffs sought to compel more complete responses to certain interrogatories and requests for production. (*See id.*) One such request for production ("RFP"), RFP No. 8 to Titan, stated:

> Please produce the records for any and all financial accounts to Titan Trailer[] Repairs and Sales, LLC, from its inception to date. This is to include any former names associated with Titan Trailer[].

(Doc. 170-1, at 9.) Titan objected to this request on the grounds that it was "vague, ambiguous, overbroad, not calculated to lead to the discovery of admissible evidence in this action and [was] solely for purposes of harassment and oppression." (*Id.*)

After the motion was fully briefed, Magistrate Judge Poplin granted in part and denied in part the motion to compel. (*See* Doc. 310.) With regard to RFP No. 8 to Titan, she concluded that the information sought could be relevant to punitive damages but that the phrasing was

2

Case 3:20-cv-00137-TRM-DCP   Document 386   Filed 05/27/22   Page 2 of 8   PageID #: 12729

overly broad. (*Id.* at 13–14.) She ordered Plaintiffs and Titan to meet and confer "to determine the proper scope of this request as it pertains to punitive damages." (*Id.* at 14.) The parties' attempt to meet and confer to resolve the issue was unsuccessful (*see* Doc. 339-1), and Plaintiffs subsequently filed a renewed motion to compel as to RFP No. 8 to Titan (Doc. 339). In their more recent motion, Plaintiffs narrowed the request to Titan's bank statements from November 2021 to present and Titan's monthly profit and loss statements from April 2021 to present. (*Id.* at 2.) Titan wished only to provide bank statements from its first month of operation to relate to Plaintiffs' original goal of obtaining information concerning the start of Titan's operation. (*See* Doc. 352.)

On May 13, 2022, Magistrate Judge Poplin granted the second motion to compel, finding the narrowed requests relevant to punitive damages. (*See* Doc. 357, at 5.) Titan now objects to Magistrate Judge Poplin's order on the grounds that this Court's rulings have restricted the claims for which punitive damages are available, rendering the sought-after financial information irrelevant. (*See* Doc. 365.)

Titan first argues that punitive damages under the Tennessee Uniform Trade Secret Act ("TUTSA") and the Defend Trade Secret Act ("DTSA") only permit enhanced penalties based on willful conduct, not on Defendant's financial condition. (*Id.* at 3.) Tennessee Code Annotated § 47-25-1704 governs the award of damages under TUTSA. Subsection (a) provides for compensatory damages, which "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing the actual loss." Tenn. Code Ann. § 47-25-1704(a). Subsection (b) provides that, "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount

not exceeding twice any award made under subsection (a)."[1] *Id.* § 47-25-1704(b). The federal DTSA also provides for exemplary damages, limited to twice the amount of compensatory damages awarded, "if the trade secret is willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(C). The Court agrees that Titan's financial information from April 2021 to present is not particularly relevant to the determination of exemplary damages on Plaintiffs' trade-secret claims.

Titan argues that Plaintiffs are not entitled to punitive damages on their common-law claims either, because the only remaining common-law claims against it "are not factually aimed at Titan Trailer," but concern conduct by other Defendants. (Doc. 365, at 3–5.) Titan makes substantive arguments as to why these claims cannot support punitive damages against Titan. But an objection to the Magistrate Judge's ruling on a discovery motion is not the correct vehicle to seek the effective dismissal of substantive claims. The Court has taken the pending motions for summary judgment under advisement. To the extent there are claims for which judgment as a matter of law is warranted, the Court will resolve such issues on summary judgment. Magistrate Judge Poplin's refusal to do so in her discovery order was wholly appropriate. As it stands, there are claims against Titan for which Plaintiffs could be entitled to punitive damages, and Titan does not dispute that the information sought could be relevant to punitive damages on those claims. Moreover, at the time these discovery requests were made, Titan did not rely on and could not have relied on any of the arguments it attempts to rely on now. Titan should not

---

[1] Tennessee courts have treated exemplary damages under Tennessee Code Annotated § 47-25-1704(b) differently than traditional punitive damages. *See Hamilton-Ryker Grp., LLC v. Keymon*, No. W2008-00936-COA-R3-CV, 2010 WL 323057, at *16–17 (Tenn. Ct. App. Jan. 28, 2010). However, the parties appear to use "punitive damages" throughout their briefs to collectively refer to exemplary damages for trade-secrets claims as well as traditional punitive damages for common-law tort claims.

obtain a windfall for refusing to provide documents that Plaintiffs lawfully requested because it hopes the Court will now resolve substantive issues in its favor. Titan has not demonstrated that Magistrate Judge Poplin's findings in the May 13, 2022 order were clearly erroneous, and the Court will **OVERRULE** Titan's objection to that order (Doc. 365).

### III. OBJECTION TO MAY 17, 2022 MEMORANDUM AND ORDER

Titan and Maples also object to Magistrate Judge Poplin's May 17, 2022 order resolving their motion for protective order. (*See* Doc. 368.) In their motion for protective order, Titan and Maples sought to preclude Plaintiffs from taking additional discovery requested on January 14, 2022, on the grounds that it would be redundant. (*See* Doc. 246.) Titan and Maples represent that Plaintiffs served 151 discovery requests on the last day to timely serve discovery, bringing Plaintiffs' total number of requests to 828. (Doc. 247, at 1–2.) According to these Defendants, the requests were excessive, Plaintiffs had or could have obtained the information sought earlier in the discovery process, and some of the requests were irrelevant. (*Id.* at 3–7.)

Magistrate Judge Poplin granted in part and denied in part Titan and Maples' motion. (*See* Doc. 362.) She denied the motion as to the two RFPs served on Titan, finding that it had not established good cause for a protective order because the RFPs did not seek a significant number of documents. (*Id.* at 5.) With regard to the four requests for admission ("RFAs") to Titan, which largely sought to authenticate and establish admissibility of documents that could be used at trial, Magistrate Judge Poplin ruled that Titan need only respond to the RFAs to the extent the documents at issue were to be used as exhibits. (*Id.*) Magistrate Judge Poplin also found that the RFPs and most of the RFAs to Maples were reasonable and not overly cumulative but granted the motion for protective order as to RFAs Nos. 71 to 79 on the basis that these particular RFAs were cumulative. (*Id.* at 6–8.)

5

Case 3:20-cv-00137-TRM-DCP   Document 386   Filed 05/27/22   Page 5 of 8   PageID #: 12732

Titan now objects to this ruling on the grounds that responding to the discovery requests within the time remaining will seriously impede its trial preparation efforts, given that Plaintiffs have filed an exhibit list containing more than 500 exhibits. (Doc. 368, at 2–3.) Titan argues that Magistrate Judge Poplin's order as to the RFPs and RFAs was clearly erroneous because she did not address the proportionality requirement in Federal Rule of Civil Procedure 26. (*Id.* at 5.) The Court rejects this argument because Titan did not raise proportionality as a basis for granting its motion. (*See* Doc. 247.) Magistrate Judge Poplin considered each of the arguments raised by the parties in rendering her decision. She specifically considered Titan's argument concerning redundancy and irrelevance before denying in part the motion. (*See* Doc. 362, at 2–4.) Titan also argues that Magistrate Judge Poplin's order was contrary to law because much of the information sought could have been obtained by specifically questioning Maples as to those issues during his deposition. (Doc. 368, at 6–7.) But, as Magistrate Judge Poplin astutely noted, "[w]hile Plaintiffs could have inquired as to these topics during the depositions, they could not have received the documents via the depositions." (Doc. 362, at 6.) This, too, is not a basis for rejecting Magistrate Judge Poplin's conclusions. Maples and Titan have not demonstrated that the order was clearly erroneous, and the Court will therefore **OVERRULE** their objections to the May 17, 2022 discovery order (Doc. 368). Nevertheless, the Court understands the time constraints that the parties face in preparing for the trial in this case, especially given the lengthy exhibit lists filed. The Court will address these concerns via the amended schedule below.

IV. **CONCLUSION AND AMENDED SCHEDULE**

For the above reasons, both objections (Docs. 365, 368) are **OVERRULED**. Responses to pending discovery requests shall be served in accordance with the following amended schedule:

6

Case 3:20-cv-00137-TRM-DCP   Document 386   Filed 05/27/22   Page 6 of 8   PageID #: 12733

1. ***Alternative Dispute Resolution***:  The parties will discuss the possibility of utilizing the Federal Court Mediation Program on the former trial date of **June 27, 2022**. They will notify the Court on or before **June 3, 2022**, as to whether they think the Federal Court Mediation Program can aid in resolving the case.

2. ***Responses to Outstanding RFPs***:  Defendants Titan and Billy Maples shall submit their responses to the outstanding RFPs on or before **June 6, 2022**.

3. ***Responses to Motions in Limine***: Reponses to the pending motions in limine shall be filed on or before **June 13, 2022**.

4. ***Amended Exhibit Lists***:  The parties shall submit amended exhibit lists that list each exhibit individually.  The parties are not permitted to use "catch-all" categories or other broad categories that encompass several exhibits in one numbered "exhibit."  Any party wishing to use voluminous discovery to establish a single point must submit a summary of the documents, in accordance with Federal Rule of Procedure 1006, in connection with the exhibit list that includes the documents to be summarized.  The parties shall produce the amended exhibit lists as follows:

    (a) ***Will Definitely Use***:  The parties shall submit a list of no more than 40 exhibits they will definitely use during trial on or before **June 13, 2022**.

    (b) ***Will Likely Use***:  The parties shall submit a list of no more than 40 exhibits they will likely use during trial on or before **June 27, 2022**.

    (c) ***May Use***:  The parties shall submit a list of any other exhibits they may wish to use at trial on or before **July 11, 2022**.

    The Court urges the parties to take their decisions about categorization of documents seriously.  The Court may, if appropriate, consider the parties' categorization of documents when assessing their probative value and other factors informing admissibility at trial.

5. ***Objections to Amended Exhibit Lists***:

    (a) ***Will Definitely Use***:  The parties shall submit objections to exhibits other parties will definitely use during trial on or before **June 27, 2022**.

    (b) ***Will Likely Use***:  The parties shall submit objections to exhibits other parties will likely use during trial on or before **July 11, 2022**.

    (c) ***May Use***:  The parties shall submit objections to exhibits other parties may use during trial on or before **July 25, 2022**.

6. ***Responses to RFAs***: Defendants Titan and Billy Maples shall submit their responses to the outstanding RFAs on or before **July 25, 2022**.

7. ***Damages Summary***: On or before **August 1, 2022**, the parties shall submit a summary of their proposed damages calculations.

8. ***Electronic Copies of Exhibits***: The parties shall submit electronic copies of all exhibits on their amended exhibit lists to the Court on or before **August 1, 2022**.

9. ***Special Requests to Instruct for Jury Trial***: The parties shall confer and submit a joint proposal for jury instructions on or before **August 1, 2022**. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority pursuant to Local Rule 7.4. A copy of the proposed jury instructions should be sent to **mcdonough_chambers@tned.uscourts.gov**.

10. ***Pretrial Order Containing Factual Stipulations***: The parties shall prepare and submit a final pretrial order to the Court on or before **August 8, 2022**. A sample copy of the final pretrial order is located at **http://www.tned.uscourts.gov**.

11. ***Trial Briefs***: The parties shall file trial briefs on anticipated evidentiary and legal issues no later than **August 8, 2022**.

12. ***Final Pretrial Conference***: A final pretrial conference will be held in Courtroom 3 on **August 15, 2022**, at **3:00 p.m.** at the U. S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. The parties shall be prepared to discuss objections to the admissibility of exhibits at the final pretrial conference.

13. ***Trial***: The trial of this case will be held in Chattanooga before the United States District Judge **and a jury** beginning on **September 26, 2022**, at **9:00 a.m.** If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date. If the trial is not completed by September 30, 2022, the parties will resume the trial of this case on **October 17, 2022**, at **9:00 a.m.**

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**