```
 1              IN THE UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF TENNESSEE

 3                      KNOXVILLE DIVISION

 4   ------------------------------------------------------------
                                    :
 5   KNOX TRAILERS, INC., et al.,   :
                                    :
 6                  Plaintiffs,     :
                                    :
 7   v.                             :        3:20-CV-137
                                    :
 8   BILLY MAPLES, et al.,          :
                                    :
 9                  Defendants.     :
     ------------------------------------------------------------
10                                Chattanooga, Tennessee
                                  November 1, 2022
11

12           BEFORE:  THE HONORABLE TRAVIS R. MCDONOUGH
                      CHIEF UNITED STATES DISTRICT JUDGE
13

14

15   APPEARANCES:

16           FOR THE PLAINTIFFS:

17           JAMES G. CARTER, JR.
             SHELLEY S. BREEDING
18           EMILY GRACE HARRELL
             Breeding Olinzock Carter Crippen PC
19           800 S. Gay Street
             Suite 1200
20           Knoxville, Tennessee  37902

21

22

23

24                      JURY TRIAL
                  EXCERPT OF PROCEEDINGS
25                      JURY CHARGE
```

```
 1   APPEARANCES:  (Continuing)

 2

 3            FOR THE DEFENDANTS:

 4            WESLEY EDWARD SHIPE
              AVERY C. LOVINGFOSS
 5            ROBERT CUYLER HASKINS
              Brock Shipe Klenk PLC
 6            265 Brookview Centre Way
              Suite 604
 7            Knoxville, Tennessee  37932

 8            CHRIS W. MCCARTY
              Lewis, Thomason, King, Krieg & Waldrop, P.C.
 9            One Centre Square
              620 Market Street, 5th Floor
10            Knoxville, Tennessee  37901

11

12                                    - - -

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  Members of the jury, now it is the time

2   for me to instruct you about the law that you must follow in

3   deciding this case.  At the start of the case I gave you some

4   guidelines on the applicable law.  I will now instruct you on

5   the law that you should use in reaching your verdict.

6          I will start by explaining the duties and the

7   general rules that apply in every civil case.  Then I will

8   explain some rules that you must use in evaluating particular

9   testimony and evidence.  And last I will explain the law

10  relating to the claims made in this case.  Please listen to

11  everything -- please listen carefully to -- very carefully to

12  everything that I say.

13         All of the instructions you are about to be given

14  are equally important.  The order in which these instructions

15  are given has no significance.  You must follow all of the

16  instructions and not single out some and ignore others.

17         There is more than one defendant in this lawsuit.

18  If you find that one defendant is liable, you are not required

19  to return a verdict against all.  You will decide each

20  defendant's case separately.  Each defendant is entitled to a

21  fair and separate consideration.  Unless you are instructed to

22  the contrary, the instructions apply to the facts of each

23  defendant's case.

24         Some of you may have taken notes during the trial.

25  Once you retire to the jury room you may refer to your notes,

but only to refresh your own memory of the witnesses'
testimony. You are free to discuss the testimony of the
witnesses with your fellow jurors, but each of you must rely
upon your own individual memory as to what a witness did or
did not say. If your memory should different -- should differ
from your notes, then you should rely on your memory and not
on your notes. In discussing the testimony, you may not read
your notes to your fellow jurors or otherwise tell them what
you have written. You should never use your notes to persuade
or influence other jurors. Your notes are not evidence. Your
notes should carry no more weight than the unrecorded
recollection of another juror.

You are to decide this case only from the evidence
which was presented at trial. The evidence consists of
(1) the sworn testimony of the witnesses who have testified,
(2) the exhibits that were received and marked as evidence,
and (3) any other matters that I have instructed you to
consider as evidence. If I sustained an objection to any
evidence or if I ordered evidence stricken, that evidence must
be entirely ignored.

You will have to make your decision based on what
you recall of the evidence. You will not have a written
transcript to consult, and it is difficult and time-consuming
for the reporter to read back lengthy testimony.

There are two kinds of evidence, direct and

circumstantial.  Direct evidence is proof of a fact, such as
testimony of a witness about what the witness personally
observed.  Circumstantial evidence is indirect evidence that
gives you clues about what happened.  Circumstantial evidence
is proof of a fact or a group of facts that causes you to
conclude that another fact exists.  It is for you to decide
whether a fact has been proved by circumstantial evidence.  If
you base your decision upon circumstantial evidence, you must
be convinced that the conclusion you reach is more probable
than any other explanation.

For example, if a witness testified that the witness
saw it raining outside, that would be direct evidence that it
was raining.  If a witness testified that the witness saw
someone enter a room wearing a raincoat covered with drops of
water and carrying a wet umbrella, that would be
circumstantial evidence from which you could conclude that it
was raining.  You are to consider both direct and
circumstantial evidence.  The law permits you to give equal
weight to both, but it is for you to decide how much weight to
give to any evidence.  In making your decision you must
consider all the evidence in light of reason, experience, and
common sense.

Although you must consider all of the evidence, you
are not required to accept all of the evidence as true or
accurate.  You should not decide an issue by the simple

process of counting the number of witnesses who have testified

on each side.  You must consider all the evidence in the case.

You may decide that the testimony of fewer witnesses on one

side is more convincing than the testimony of more witnesses

on the other side.

Under certain circumstances you may consider the

absence of evidence or a witness.  You may conclude that the

evidence or testimony of the witness would be adverse to that

party who failed to offer it only if you find all of the

following elements: (1) that it was within the power of a

party to offer evidence or produce a witness on an issue in

this case but that party has failed to offer the evidence or

produce the witness, and (2) the evidence or witness was

uniquely under the control of the party and could have been

produced by the exercise of reasonable diligence, and (3) the

evidence or witness was not equally available to an adverse

party or the witness was likely to be biased against an

adverse party because of the relationship to the party who

would be expected to produce the witness, and (4) the evidence

or witness's testimony would not be merely cumulative, and

(5) a reasonable person under the same or similar

circumstances would have offered the evidence or produced the

witness if the evidence of testimony would be favorable, and

(6) no reasonable excuse for the failure has been shown.  You

must find all of these elements before you can conclude that

the evidence or testimony of a witness would be adverse to a party.

During the course of the trial you may have heard reference made to the word <u>interrogatory</u>.  An interrogatory is a written question that must be answered under oath in writing.  You are to consider interrogatories and their answers as if the questions had been asked and answered here in court.

The parties have introduced evidence of certain requests for admissions.  If these facts were admitted or not answered, you are to consider the facts to be true since the other party had the opportunity to deny the admission request but did not do so.  Additionally you may have heard references to requests for production.  In litigation the parties can request production of documents, and the opposing party must respond in writing and must produce responsive documents.

Certain testimony has been presented by deposition. A deposition is testimony taken under oath before the trial and preserved in writing or on a videotape.  You are to consider that testimony as if it had been given in court.

A stipulation is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

1       The parties have stipulated to the following facts

2  that are to be treated by you as proven:

3           (1) Titan Trailers Repair and Sales, LLC, engages in

4  business activities that are competitive with Knox Trailers,

5  Inc.

6           (2) Billy Maples was previously employed by Knox

7  Trailers, Inc., and Post Trailers -- excuse me -- and Post

8  Trailer Repairs, Inc.

9           (3) Amanda Maples was previously employed by Post

10  Trailer Repairs, Inc.

11           (4) There was a typographical error in the original

12  Exhibit Number 22 showing Steve Fultz's company credit card

13  expenses.  El Sazon Mexicano showed $2588.  It should have

14  been $25.88, and has been corrected.  This changed the total

15  charges to $14,663.69.

16           The fact that a corporation is a party must not

17  influence you in your deliberations or in your verdict.

18  Corporations and persons are equal in the eyes of the law.

19  Both are entitled to the same fair and impartial treatment and

20  to justice by the same legal standards.

21           You are the sole and exclusive judges of the

22  credibility or believability of the witnesses who have

23  testified in this case.  You must decide which witnesses you

24  believe and how important you think their testimony is.  You

25  are not required to accept or reject everything a witness

says.  You are free to believe all, none, or part of any
person's testimony.

In deciding which testimony you believe, you should
rely on your own common sense and everyday experience.  There
is no fixed set of rules to use in deciding whether you
believe a witness, but it may help you to think about the
following questions:

(1) Was the witness able to see, hear, or be aware
of the things about which the witness testified?

(2) How well was the witness able to recall and
describe those things?

(3) How long was the witness watching or listening?

(4) Was the witness distracted in some way?

(5) Did the witness have a good memory?

(6) How did the witness look and act while
testifying?

(7) Was the witness making an honest effort to tell
the truth, or did the witness evade questions?

(8) Did the witness have any interest in the outcome
of the case?

(9) Did the witness have any motive, bias, or
prejudice that would influence the witness's testimony?

(10) How reasonable was the witness's testimony when
you consider all of the evidence in the case?

(11) Was the witness's testimony contradicted by

what that witness has said or done at another time, by the
testimony of other witnesses, or by other evidence?

The lawyers for both sides objected to some of the
things that were said or done during the trial.  Do not hold
that against either side.  The lawyers have a duty to object
whenever they think that something is not permitted by the
rules of evidence.  Those rules are designed to make sure that
both sides receive a fair trial.  And do not interpret my
rulings on their objections as any indication of how I think
the case should be decided.  My rulings were based on the
rules of evidence, not on how I feel about the case.  Remember
that your decision must be based only on the evidence that you
saw and heard here in court.  Remember, nothing I have said or
done during this trial was meant to influence your decision in
any way.

Throughout the trial you heard references to a
preliminary injunction I issued on May 21, 2021.  You are to
make your own decisions on the merits of Knox Trailers' and
Post Trailer's claims.  You are not to rely on my prior
decision.  The purpose of a preliminary injunction is simply
to preserve the status quo until the parties can have a trial
on the merits.  The standards used in a preliminary injunction
are less demanding and the evidence heard is less complete
than at trial.  A party is not required to prove its case in
full at a preliminary injunction hearing, and the findings

made by a court granting the preliminary injunction are not binding at trial on the merits. The Court's prior decision to issue a preliminary injunction should not influence your decision in this case. You should consider all of the evidence presented at trial and come to your own conclusions on the merits of the plaintiffs' claims.

An expert witness was asked to assume that certain facts were true and to give an opinion based on that assumption. This is called a hypothetical question. You must determine if any fact assumed by the witness has not been established by the evidence and the effect of that omission, if any, upon the value of the opinion.

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case. If so, you may reject everything that witness said. On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

There may be discrepancies or differences within a witness's testimony or between the testimony of different witnesses. This does not necessarily mean that a witness should be disbelieved. Sometimes when two people observe an event they will see or hear it differently. Sometimes a witness may have an innocent lapse of memory. Witnesses may testify honestly but simply may be wrong about what they

thought they saw or remembered.  You should consider whether a discrepancy relates to an important fact or only to an unimportant detail.

Sometimes silence may be an admission.  Under certain circumstances you may conclude that a party admitted or agreed with something that was said in that party's presence.  Such evidence should be received with caution.  For you to draw the conclusion that a party adopted another statement or believed it to be true, you must find all of the following elements: (1) that the party heard and understood the statement, and (2) that there was a reasonable opportunity to reply, and (3) that the party was in such physical and mental condition that the party reasonably could be expected to reply, and (4) that the statement was made under such circumstances that it would normally call for an answer, and (5) that the party failed to respond or made an evasive response to the statement.  You must find all of these elements before you can consider the party's silence or evasive answer to be an admission.

Usually witnesses are not permitted to testify as to opinions or conclusions.  However, a witness who has scientific, technical, or other specialized knowledge, skill, experience, training, or education may be permitted to give testimony in the form of an opinion.  Those witnesses are often referred to as expert witnesses.  You should determine

the weight that should be given to each expert's opinion and
resolve conflicts in the testimony of different expert
witnesses. You should consider: (1) the education,
qualifications, and experience of the witnesses, and (2) the
credibility of the witnesses, and (3) the facts relied upon by
the witness -- the witnesses to support the opinions, and
(4) the reason -- the reasoning used by the witnesses to
arrive at the opinion. You should consider each expert
opinion and give it the weight, if any, that you think it
deserves. You are not required to accept the opinion of any
expert.

       In reaching your verdict you may consider only the
evidence that was admitted. Remember that any questions,
objections, statements, or arguments made by the attorneys
during trial are not evidence. Testimony that you have been
instructed to disregard is not evidence and must not be
considered. If evidence has been received only for a limited
purpose, you must follow the limiting instructions I have
given you.

       You are free to decide the case -- excuse me. You
are to decide the case solely on the evidence received at
trial. Although you must only consider the evidence in this
case in reaching your verdict, you are not required to set
aside your common knowledge. You are permitted to weigh the
evidence in the light of your common sense, observations, and

1    experience.

2           In this action Knox Trailers and Post Trailer have

3    the burden of establishing by a preponderance of the evidence

4    the following issues:

5           (1) Billy Maples breached his fiduciary duties to

6    Knox Trailers.

7           (2) Billy Maples and Amanda Maples breached their

8    fiduciary duties to Post Trailer.

9           (3) Titan Trailers and Billy Maples unfairly

10   competed with Knox Trailers.

11          (4) Titan Trailers and Billy Maples misappropriated

12   Knox Trailers' trade secrets.

13          (5) Titan Trailers and Billy Maples misappropriated

14   Post Trailer's trade secrets.

15          (6) Titan Trailers and Billy Maples converted Knox

16   Trailers' property.

17          (7) Titan Trailers and Billy Maples converted Post

18   Trailer's property.

19          (8) Titan Trailers and Billy Maples engaged in a

20   conspiracy against Knox Trailers.

21          And (9) Titan Trailers and Billy Maples engaged in a

22   conspiracy against Post Trailer.

23          The term preponderance of the evidence means that

24   amount of evidence that causes you to conclude that an

25   allegation is probably true.  To prove an allegation by a

preponderance of the evidence, a party must convince you that the allegation is more likely true than not true. If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence and the party having the burden of proving that issue has failed. You must consider all the evidence on each issue.

A principal can be held responsible for the acts or omissions of the principal's agent. A person who is authorized to act for another person or in place of another person is an agent of that person. A person may be an agent whether or not payment was received for services of the authorized act. For purposes of this case, the term agent includes an employee. The person who authorizes the agent to act is called a principal. For the purposes of this case, the term principal includes an employer.

In order to be considered the act of the principal, the act of the agent must be within the scope of the agent's authority or employment. It is not necessary that a particular act or failure to act be expressly authorized by the principal to bring it within the scope of the agent's authority or employment. Conduct is within the scope of the agent's authority or employment if it occurs while the agent is engaged in the duties that the agent was authorized or employed to perform and if the conduct relates to those duties. Conduct for the benefit of the principal that is

incidental to, customarily connected with, or reasonably

necessary to perform an authorized act is within the scope of

the agent's authority or employment.

You are to decide whether the employee was acting

within the scope of employment.  To determine whether an act

or omission occurred within the scope of employment you must

weigh and balance the facts and circumstances of this case.

Conduct of an employee is within the scope of employment if

(a) it is of the kind the employee is employed to perform,

(b) it occurs substantially within the authorized time and

place limits, and (c) it is motivated at least in part by a

purpose to serve the employer.  An employee's act is not

within the scope of employment if it is different in kind from

that authorized, far beyond the authorized time and place

limits, or too little motivated by a purpose to serve the

employer.

In some circumstances an employer may be liable

although the employee's act is not expressly authorized.  To

determine whether an employee's authorized and unauthorized --

let me start over, excuse me.  To determine whether an

employee's unauthorized conduct is nevertheless so similar to

or incidental to the authorized conduct as to be within the

scope of employment, you may consider the following matters of

fact: (a) whether the act is one commonly done by such

employees, (b) the time, place, and purposes of the act,

(c) the previous dealings between the employer and the employee, (d) the extent to which the business of the employer is apportioned between different employees, (e) whether the act is outside the enterprise of the employer or, if within the enterprise, has not been entrusted to any employee, (f) whether the employer has reason to expect such an act will be done, (g) the similarity in quality of the act done to the act authorized, (h) whether the employer has furnished the employee with the instrumentality by which the harm is done, (i) the extent of departure from the normal method of accomplishing an authorized result, and (j) whether the act is seriously criminal.

Knox Trailers and Post Trailer claim that Billy Maples and Titan Trailers misappropriated a trade secret owned by Knox Trailers and Post Trailer under both the federal Defend Trade Secrets Act and the Tennessee Uniform Trade Secrets Act. The elements of these claims are substantially the same. To prove each claim, Knox Trailers or Post Trailer must prove the following acts by a preponderance of the evidence: (1) the existence of a trade secret, (2) defendant misappropriated the trade secret, and (3) the misappropriation resulted in detriment to Knox Trailers or Post Trailer.

Let me talk to you about the first element, the existence of a trade secret. A trade secret means all forms and types of financial, business, scientific, technical,

economic, or engineering information that the owner thereof

has taken reasonable measures to keep secret if the

information derives independent economic value, actual or

potential, from not being generally known to and not being

readily ascertainable through proper means by another person

who can obtain economic value from the disclosure or use of

the information.  A trade secret may include patterns, plans,

compilations, program devices, formulas, designs, prototypes,

methods, techniques, processes, procedures, programs, or

codes.  A trade secret may be tangible or intangible.  A trade

secret does not have to be stored, compiled, or memorialized;

but, if it is, it does not have to be stored, compiled, or

memorialized in any particular manner, such as physically,

electronically, graphically, photographically, or in writing.

To prove a trade secret, Knox Trailers or Post

Trailer must establish the following by a preponderance of the

evidence:

(1) The compilation of information stored in the

SouthWare databases is not generally known to another person

who can obtain economic value from the disclosure or use of

the information.

(2) Another person cannot readily discover the

compilation of information stored in the SouthWare databases

through proper means.

(3) The compilation of information stored in the

SouthWare databases derives independent economic value, actual
or potential, from not being known to and not being readily
ascertainable through proper means by another person who can
obtain economic value from the disclosure or use of the
information.

And (4) Knox Trailers or Post Trailer has taken
reasonable steps to protect the secrecy of the compilation of
information stored in the SouthWare databases.

All right. The second element, misappropriation.
Knox Trailers and Post Trailer claim that the defendants
acquired, disclosed, or used the compilation of information
stored in the SouthWare databases without the right to do so.
This is called misappropriation.

For Knox Trailers or Post Trailer to prove that
defendants misappropriated the compilation of information
stored in the SouthWare databases, Knox Trailers or Post
Trailer must prove the following by a preponderance of the
evidence:

(1) Defendants acquired, disclosed, or used the
compilation of information stored in the SouthWare databases
without Knox Trailers's or Post Trailer's express or implied
consent.

(2) Defendant knew or should have known that the
compilation of information stored in the SouthWare databases
(a) was derived from or through a third person who used

improper means to acquire the trade secret, (b) was acquired
under circumstances giving rise to a duty to maintain the
secrecy of the compilation of information stored in the
SouthWare databases or limit the use of the compilation of
information stored in the SouthWare databases, or (c) was
derived from or through a third person who was under a duty to
maintain secrecy of or limit the use of compilation of
information stored in the SouthWare databases.

Improper means may include theft, bribery,
misrepresentation, breach or inducement of a breach of duty to
maintain secrecy, and espionage through electronic or other
means. Each act of acquiring, disclosing, or using
compilation of the information stored in the SouthWare
databases may constitute a separate act of misappropriation.

Expressed consent -- express consent, excuse me, is
consent that is clearly and unmistakably stated.

Implied consent is consent that is inferred from
one's conduct rather than from one's direct expression.

And the third element, detriment to Knox Trailers or
Post Trailer. Knox Trailers or Post Trailer must show that
the misappropriation resulted in its detriment. Post Trailer
does not seek monetary damages for this claim; however, you
still must decide whether Post Trailer has met its burden to
prove the three elements listed above.

Before this case reached trial, the Court found

Titan Trailers and Billy Maples engaged in the following
inappropriate discovery-related conduct:  Maples and Titan
concealed the USB drive containing the databases, Maples and
Titan made misleading statements to the Court, and Maples and
Titan made misleading statements to the plaintiffs.  You may
consider these findings in deciding whether Maples and Titan
misappropriated the alleged trade secrets.  To the extent
plaintiffs can show that the databases are trade secrets, you
may infer but are not required to infer that Titan and Maples
misappropriated such trade secrets.

Knox Trailers claims that Billy Maples breached his
fiduciary duty of loyalty.  Post Trailer claims that Billy
Maples and Amanda Maples each breached their fiduciary duty of
loyalty.  The duty of loyalty requires an employee to act
solely for the benefit of the employer in matters within the
scope of his or her employment.  The employee must not engage
in conduct that is adverse to the employer's interests.  This
includes a duty not to compete with the employer during the
employment relationship.  The law allows an employee to make
preparations to compete if those preparations do not violate
this duty of loyalty.  An employee may announce his future
departure to a competitor but may not solicit customers for
the benefit of the competitor.

In order to prevail on its claim against defendants
for breach of their fiduciary duty and loyalty as an employee,

plaintiffs must prove each of the following elements by a preponderance of the evidence: (1) an employment relationship existed between a plaintiff and a defendant, (2) a defendant breached his or her duty of loyalty, and (3) a plaintiff was harmed or a defendant benefited because of this breach. You may not consider the alleged misappropriation of the SouthWare database or materials or information from it or other documents from Knox Trailers or Post Trailer in deciding this claim. This claim only involves other alleged acts.

Knox Trailers brings a claim for unfair competition against Billy Maples and Titan Trailers. To succeed on a claim for unfair competition Knox Trailers must prove by a preponderance of the evidence that: (1) a defendant engaged in conduct that amounts to a recognized tort and (2) that the tort deprived the plaintiff of customers or other prospects. In this case the possible recognized torts that may give rise to a claim for unfair competition are the breach of the fiduciary duty of loyalty or conversion. You may not consider the alleged misappropriation of the SouthWare database or materials or information from it or other documents from Knox Trailers or Post Trailer in deciding this claim. This claim only involves other alleged acts.

Knox Trailers and Post Trailer assert conversion claims against Billy Maples and Titan Trailers. A conversion is any assumption of control over property that is

inconsistent with the rights of the owner.  To prove a

conversion claim, Knox Trailers or Post Trailer must show by a

preponderance of the evidence that a defendant either (1) used

or enjoyed the personal property of a plaintiff without the

plaintiff's consent or (2) destroyed or intentionally

exercised dominion over the property of a plaintiff by

excluding or defying the plaintiff's right, or (3) withheld

the personal property from a plaintiff under a claim of title

inconsistent with the plaintiff's claim of title.

        If personal property that has been entrusted to

another is used in a different manner or for a different

purpose or for a longer time than was agreed upon by the

parties, the person who received the personal property is

guilty of conversion.  In that case the person to whom the

property is entrusted is answerable for all damages, including

a loss that due care could not have prevented.  You may not

consider the alleged misappropriation of the SouthWare

database or materials or information from it or other

documents from Knox Trailers or Post Trailer in deciding this

claim.  This claim only involves other alleged acts.

        Knox Trailers and Post Trailer assert claims for

civil conspiracy against Billy Maples and Titan Trailers.  If

you have found that breach of fiduciary duty of loyalty,

unfair competition, or conversion was committed by these

defendants, then you are to consider whether these defendants

1    engaged in a civil conspiracy to commit breach of fiduciary

2    duty of loyalty, unfair competition, or conversion.

3           For you to find that these defendants engaged in a

4    civil conspiracy, Knox Trailers and Post Trailer must prove by

5    a preponderance of the evidence all of the following: (1) a

6    common design between a defendant and another person, each

7    having the intent and knowledge of the other's intent, (2) to

8    accomplish, by a concerted action, an unlawful purpose or a

9    lawful purpose by an unlawful means, (3) an overt act in

10   furtherance of the conspiracy, and (4) resulting injury.

11          A conspiracy cannot exist between a corporation and

12   its officer, director, employee, or other agent when the

13   conduct is a single act by a corporation acting through its

14   officer, director, employee, or -- and other agent, each

15   acting within the scope of his or her employment.  Conduct of

16   a person is within the scope of employment if (a) it is the

17   kind the person is employed to perform, (b) it occurs

18   substantially within the authorized time and place limits, and

19   (c) it is motivated, at least in part, by a purpose to serve

20   the employer.  You may not consider the alleged

21   misappropriation of the SouthWare database or materials or

22   information from it or other documents from Knox Trailers or

23   Post Trailer in deciding this claim.  This claim only involves

24   other alleged acts.

25          If under the Court's instructions you find that the

1   plaintiffs are entitled to damages as a result of defendants'

2   breach of fiduciary duty, unfair competition, conversion, or

3   civil conspiracy, then you must award plaintiffs damages that

4   will reasonably compensate the plaintiffs for claimed loss or

5   harm which has been proven by a preponderance of the evidence,

6   provided you also find it was or will be suffered by the

7   plaintiffs and was legally caused by the act or omission or

8   condition upon which you base your finding of liability.

9   Compensatory damages do not include Titan Trailers' profit,

10  only the damage suffered by Knox Trailers and Post Trailer.

11  Further, these damages do not include Knox Trailers' or Post

12  Trailer's lost profit or loss of the business's value.

13  Rather, these damages include the plaintiffs's lost revenue

14  and extra costs.

15       You may not consider the alleged misappropriation of

16  the SouthWare database or materials or information from it or

17  other documents from Knox Trailers or Post Trailer in deciding

18  the breach of fiduciary duty, unfair competition, conversion,

19  and civil conspiracy claims. Rather, the Court has provided

20  categories of damages claimed by plaintiffs for each cause of

21  action in order to direct your consideration of damages.

22       If under the Court's instructions you find that the

23  defendants misappropriated plaintiffs' trade secrets and you

24  find by a preponderance of the evidence that the plaintiffs

25  were harmed as a result of that misappropriation, you must

award plaintiffs damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss.

Plaintiffs will not be entitled to duplicative damages and will later elect which damages to recover to avoid double recovery. If you find plaintiffs are entitled to damages on a claim, you should award full damages on that claim. Do not limit your damages amount on one claim due to the same or similar damages awarded on other claims.

In determining an appropriate amount of compensatory damages, you are not to assess an amount reflecting interest. The law allows the plaintiffs to recover prejudgment interest on a compensatory damages award in certain circumstances. Assuming you find the defendants liable to the plaintiffs, the Court will determine whether to award prejudgment interest at a later date, therefore you should be careful not to make any award for such interest.

The verdict you return to the Court must represent the considered judgment of each juror. In order to return a verdict it is necessary that each juror agree to that verdict. Your verdict must be unanimous. It is your duty to consult with one another and to reach an agreement if you can do so without violence to the -- to individual judgment. Each of you must decide the case for yourself but do so only after an impartial consideration of the evidence with your fellow

jurors.  In the course of your deliberations do not hesitate to reexamine your own views and to change your opinion if you are convinced that it is not correct.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

I have prepared a verdict form for you to use to record your verdict.  Finally, ladies and gentlemen, we come to the point where we will discuss the form of your verdict and the process of your deliberations.  You will be taking with you to the jury room a verdict form that will reflect your findings.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

You will be selecting a foreperson after you retire to the jury room.  That person will preside over your deliberations and be your spokesperson here in court.  When you have completed your deliberations, your foreperson will fill in and sign the verdict form.  Your verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each of you agree to that verdict; that is, your verdict must be unanimous.  It is your duty as jurors to consult with one another and to

deliberate with a view to reaching an agreement if you can do
so without violence to individual judgment. Each of you must
decide the case for yourself but only after an impartial
consideration of the evidence in the case with your fellow
jurors.

In the course of your deliberations do not hesitate
to reexamine your own views and change your opinion if
convinced it is erroneous. But do not surrender your honest
conviction as to the weight or effect of the evidence solely
because of the opinion of your fellow jurors or for the mere
purpose of returning a verdict. Remember at all times that
you are not partisans, you are judges, judges of the facts.
Your sole interest is to seek the truth from the evidence in
this case.

You have heard the testimony of many witnesses. No
transcript of witness testimony is readily available. In your
deliberations you must rely on your individual and collective
recollection as to all the proof, including the testimony of
witnesses.

We will be sending with you to the jury room all of
the exhibits in the case. You may have not seen all of these
previously, and they will be there for your review and
consideration.

You may take a break before you begin the case;
however, you may not deliberate at any time unless all of you

1    are present together in the jury room.

2           Some of you have taken notes.  I remind you that

3    these are for your own individual use only and are to be used

4    by you only to refresh your recollection about the case.  They

5    are not to be shown to others or otherwise used as a basis for

6    your discussion about the case.

7           You will take the verdict form to the jury room, and

8    when you have reached a unanimous agreement as to your verdict

9    you will have your foreperson fill it in, date and sign it,

10   and then return to the courtroom.

11          If during your deliberations you should desire to

12   communicate with the Court, please reduce your message or

13   question to writing signed by the foreperson and pass the note

14   to the clerk, who will bring it to my attention.  No member of

15   the jury shall ever attempt to communicate with me by any

16   means other than a signed writing.  I will never communicate

17   with any member of the jury on any subject touching on the

18   merits of the case otherwise than in writing or orally here in

19   open court.  I will then respond as promptly as possible,

20   either in writing or by having you return to the courtroom so

21   that I can address you orally.

22          I caution you, however, with regard to any message

23   or question you might send, that you are never to reveal to

24   any person, not even to me, how the jury stands, numerically

25   or otherwise, on the questions before you until you have

1   reached a unanimous verdict.

2          You will now retire and select one of you to be the

3   presiding juror for your deliberations.  As soon as all of you

4   have agreed upon a verdict, you will return to this room to

5   report your verdict.

6          You may deliberate only when all of you are present

7   in the jury room.  You may not resume your deliberations after

8   any breaks until all of you have returned to the jury room.

9          All right, Counsel, are there any objections to my

10  reading of those instructions?

11         MS. BREEDING:  No objections from plaintiffs.

12         MR. SHIPE:  No, Your Honor.

13         THE COURT:  Okay.

14         All right, Ms. Camp, will you show the first six

15  jurors to the jury room and our two alternates to the other

16  room.

17         To those who will serve as alternates, be patient.

18  If we need you, we will tell you.  But don't -- don't

19  deliberate or discuss the case while you're in the jury room.

20         All right.  Ms. Camp.  Thank you.

21         (The jury exited the courtroom, and the proceedings

22         continued as follows:)

23         THE COURT:  All right.  Is there any -- I caught

24  one -- I caught -- just we failed to take out some footnote

25  numbers on Page 19.  I'm going to take those out.  Did anybody

```
 1   else see any typos as we went through it?
 2           MS. BREEDING:  There was one typo I thought you had
 3   caught that you --
 4           THE COURT:  I thought it was a typo, and then
 5   Mr. Goodman here has convinced me that it -- that there's not a
 6   typo.
 7           MS. BREEDING:  Okay.  I don't remember.  I thought it
 8   was a typo, but --
 9           THE COURT:  Yeah.
10           MS. BREEDING:  -- I trust Mr. Goodman.
11           THE COURT:  Okay.  We'll take out those footnote
12   numbers.  Okay.
13           All right.  Everybody stay close.  You don't have to
14   stay in the courthouse, but be within five or ten minutes,
15   please.  Make sure Ms. Camp has your cell phones, and we'll
16   call you if we hear from the jury.  They will, you know, take
17   lunch, for example, whenever they want to.  So we'll just let
18   them pilot the ship until they need us.  Okay?  Anything else?
19           MS. BREEDING:  Your Honor, I --
20           THE COURT:  Yes.
21           MS. BREEDING:  My only question is, I don't know when
22   you want to take up the motion to quash.  I know I told Wayne
23   Ritchie I would be in touch with him.
24           THE COURT:  Yeah.  Well, let's -- give me -- not yet.
25   That's the answer right now.
```

1      MS. BREEDING:  No, that's fine.  I just wanted to

2 give him an update.  I just wanted to make sure I was in touch

3 with him.

4      THE COURT:  Let me say one thing.  I'm sure you've

5 talked to Ms. Camp about the JERS system for the exhibits.  I

6 want to remind you it's the lawyers' responsibility to ensure

7 that the correct exhibits are loaded into the JERS system.

8 I know we agreed to have some redactions done.  So if what's in

9 the JERS system is not the record, okay, I want everybody to

10 understand that, it's what -- it's the copy that the jury sees.

11 So if we send back into JERS the wrong exhibit or an exhibit

12 that's not redacted appropriately, that's what they're going to

13 see.  And we're not going to redo this trial because somebody

14 missed something.  So look at all -- everything that Ms. Camp

15 is about to send back and make sure it's the right version.  If

16 there's disagreement, call me back, and we'll talk about it.

17 Okay?  But it's your responsibility to make sure that's right.

18      All right.  We're in recess.

19      MR. SHIPE:  Thank you, Your Honor.

20      MS. BREEDING:  Thank you.

21      (Recess for deliberations.)

22                    END OF EXCERPT

23

24

25

I, Elizabeth B. Coffey, do hereby certify that I reported by mechanical stenography the proceedings held on this date in the above-styled cause, and that this transcript, produced by computer, is an accurate record of said proceedings.

s/Elizabeth B. Coffey

Elizabeth B. Coffey,
Official Court Reporter
United States District Court
Eastern District of Tennessee